IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF MONTGOMERY
NORTHERN DIVISION


DOCKET NUMBER
02-05CR-215


Timothy Williams

v.

UNITED STATES OF AMERICA

---

MOTION OF AMENDMENT

IN ACCORDANCE WITH RULE 15 (A)

FEDERAL RULE CIVIL PROCEDURE

---


Timothy Williams - 11778-002
Federal Correctional Institute
P.O. Box 5000
Oakdale, LA. 71463-5000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Timothy Williams, | § | |
| Defendant/Movant, | § | |
| | § | |
| VS. | § | CASE NO.:2:07CV742-MEF-SRW |
| | § | (CR-05-216-F) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |
| | § | |

**MOTION TO AMENDMENT DEFENDANTS
28 U.S.C. 2255 PURSUANT TO RULE 15(A)
OF FEDERAL RULE OF CIVIL PROCEDURE**

COMES NOW, Timothy Williams hereinafter referred to as Movant on the above-captioned case files this said brief pursuant to Rule 15 (A) of the Federal Rule of Civil Procedure, Amending his 28 U.S.C. 2255 presently filed in this Honorable COurt, Movant would present the following memorandum of law in support of grievances Movant is presently litigating.

Movant further respectfully request that this Honorable Court would grant Movant's request and allow this amendment to be attached in accordance with Rule 15(A) of the Federal Rules of Civil Procedure.

### ARGUMENT
#### Ineffective-Assistance of Counsel
#### Jennifer Hart

In Count II of the indictment was charged commitiably in violation of the U.S.C. Title § 924 (C)(1)(A).
  1.  In violation of an drug trafficking offense.
  2.  In use of a firearm in furtherance of a drug trafficking offense.
  3.  May be prosecuted in a court of the United States.

Page 1 of 7

Attorney Hart admits in her affidavit that she represented Movant from his initial arrest through his change of plea hearing. The essential elements of a 924(C)(1)(A) charge is that the drug trafficking offense be one that **may** be prosecuted in a court of the United States, in other words the government would have had to prove beyond a reasonable doubt that (subject-matter) Federal jurisdiction existed over the underlying drug traffic offense. Since Movant was intionally arrested by the Montgomery City Police this warranted, at the very minimum a cursory review of U.S.C. Titles 21 § 841(A)(1) and 18 § 924(C)(1)(A) for counsel investigate whether Federal jurisdiction existed or whether or not the government would have been able to prove Federal jurisdiction over subject-matter beyond a reasonable doubt.

As such Counsel's failure to investigate the facts and circumstances surrounding Movants case professionably unreasonable satisfying **Strickland deficient performance prong** and because that failure resulted in the subsequent violation of Movant's Sixth Amendment right to effective-assistance of counsel at every stage of a criminal prosecution, Movant has pled guilty and was sentenced to 68 months in federal prison for a crime over which federal jurisdiction was not proven by the government or admitted to by Defendant, **therefore, Strickland's prejudice prong is likewise violated.**

### INEFFECTIVE ASSISTANCE OF COUNSEL
### Christine Freedman

Attorney Christine Freeman admits and conceeds in her affidavit she did not raise challenges to federal subject-matter jurisdiction, failed to challenge or research the legality of any warrants or the unlawfulness of Movant's arrest, and that she failed to file a direct appeal on Movant's behalf. Attorney Freeman allowed the defendant to plead (without any representation) guilty to federal felonies offense and does not allege that these were frivolous issues, and that Movants allegations are without merit, thus admitting her performance was professionally deficient under the standards established by "Strickland".

Attorney Freeman's deficient performance violated Movant's Sixth Amendment right to effective assistance of counsel and **subsequently rendered Movants guilty plea invalid because it was not knowing and intelligent and voluntary guilty plea, which renders the plea a violation of the Fifth Amendments due process clause,** thus clearly establishing and satisfying the "**prejudice prong of Strickland.**"

"Strickland" and the American Bar Association's standards for defense counsel establish the minimum requirements for defense counsel in criminal proceedings which are that: 1) the adversary nature of the criminal justice system requires that "<u>all available defense be raised</u> so that the government is put to it proof. **This means that in most cases witness should be interviewed, adequate legal research, familiriazation with all investigation reports and statements, and being satisfied there is a factual basis for a guilty plea is both legally sufficient and accurate.**

Attorney C. Freeman and Attorney J. Hart performances, by their own admission, fall far below these standards when they assume the role of a prosecutor. Additionally, Attorney C. Freeman established the factual basis for Movants guilty plea, rather than allowing the court or the government to do so and when the court asked the defendant whether or not he agreed that the underlying controlled substance offense may be tried before a court of the United States, (an element of 924 (C)(1)(A) required to be proven beyond a reasonable doubt) Attorney Freeman answered for the Movant in clear violation of Federal Rule of Criminal Procedure Rule 11 and <u>Boykin v. Alabama</u>.

Which require a defendant to personally respond to the Judge's inquiries during boykinazation and that the government is required to furnish the court with a factual basis for Movant's guilty plea. In Movants case, Attorney Freeman abandoned her committment of loyalty and what's in the best interest of her client and became an assistance United States Attorney, which was a total adjudication of her obligation to her client in violation of his right to counsel and due process of law, **thereby rendering his guilty**

**plea and subsequent sentence Constitutionaly defective and invalid.**

## INEFFECTIVE ASSISTANCE OF COUNSEL
### Tiffany McCord
### (failed to appeal issues that were obvious from the record)

Ineffective assistance of appellate counsel may constitute cause and prejudice to overcome a procedural default. A defendant would have to establish that his "counsel's assistance fell below an objective standard of reasonableness in that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would use under like circumstances, and second, that the deficient performance prejudice his defense.

In her affidavit Attorney Tiffany McCord acknowledges she discussed filing a direct appeal on Movant's behalf and that **her** review of the facts and circumstances of Movant's case, she could not identify any meritorious issues to appeal.

In her affidavit Attorney McCord admits her ineffectiveness because is she **had** read the transcript from the defendant's change of plea hearing she would have seen that the defendant was not properly **boykinized** and that the government had failed to provide a factual basis for Movant's guilty plea in violation of the due process clause, Rule 11 of the Federal Rule of Criminal Procedure. These are very meritorious and there is more than a reasonable probability that, but for counsel's unprofessional errors, the defendants conviction could have been overturned on appeal.

A plea of guilty is Constitutionally valid only to the intent it is "voluntary" and "intelligent", Brady v. United States, 397 U.S. 742, 748, 25 L.Ed.2d 747, 90 S.Ct. 1463 (1970). The Supreme Court has long held that a plea does not qualify as intelligent unless a criminal defendant receives "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process. Smith v. Grady, 312 U.S. 329, 334, 85 L.Ed. 859, 61 S.Ct. 572 (1941).

In the above case, Movant was provided with a copy of his indictment which charged him with a violation of U.S.C. Title 18 §

924 (c)(1)(A) and the court read the elements of 924 (C)(1)(A) offense. Such circumstances standing alone, give rise to a presumption that the defendant was informed of the nature of the charge against him. Henderson v. Morgan, 426 U.S. 637, 647, 49 L.Ed.2d 108, 96 S.Ct. 2253 (1976).

Movant nonetheless maintains that his guilty plea was unintelligent because the district court subsequently attempted to inform the defendant of the elements of a 924 (c)(1) offense. Movant, nor apparently did Movant's counsel understand that the court could only have jurisdiction of this offense "**if**" the underlying 841 (A)(1) possession of a controlled substance offense was one that government would have to prove beyond a reasonable doubt could be tried in a court of the United States. In the change of plea hearings, when the district court asked the defendant this question the defendant did not respond but rather the defense counsel, Attorney Freeman responded for him that **she** had no disagreement with this element. Movant never believed or understood how his marijuana charge was a Federal offense and in violation of Rule 11 of the Federal Rule Criminal Procedure, **the defendants guilty plea was accepted by the district court without a personal acknowlegement of the factual basis by the defendant** therefore, **defendants guilty plea is Constitutionally invalid** (See guilty plea transcripts pg. 5)

Furthermore, if Attorney McCord would have read the guilty plea records she would have also seen that the government did not establish that Movant 18 924(C)(1)(A) conviction was a 924 and not a lesser possession charge as proof required for the government to show "active employment of the firearm" in which the Supreme Court rule in Bailey v. United States, 516 U.S. 137, 144, 133 L.Ed.2d 472, 116 S.Ct. 501: Section 924 (C)(1)(A) requires evidence sufficient to show an **active employment** of the fire-arm by the defendant, a use that makes the firearm an operating factor in relation to the predicate offense. Evidence of the proximity and accessibility of the fire-arm to drugs or drugs proceeds is not alone sufficient to support a conviction for "use" under the statute.

**A)** Although the **court of appeals correctly ruled that "use" must connote more than mere possession of a firearm by a person who commits a drug offense,** the Court's accessibility and proximity standard renders "use" virtually synonymous with "possession" and makes any role for the statutory word "carries" superfluous.

Section 924 (C)(1) language instead indicates that Congress intended "use" in the active sense of "to avail oneself of." Smith v. United States, 508 U.S. 223, 228-229, 124 L.Ed.2d 138, 113 S.Ct. 2050 (1993). This reading receives further support from 924 (C)(1)'s context within the statutory scheme, and neither the section's amendment history nor Smith, Supra, is to the contrary. **Thus, to sustain a conviction under the "use" prong of 924 (C)(1), the government must show that the defendant actively employed the firearm during and in relation to the predicate crime.** Under this reading, "use" includes the act of **brandishing, displaying, bartering, striking with , and firing or attempting to fire a firearm, as well as making of a reference to a firearm in a defendants possession.**

It does not include mere placement of a firearm for protection at or near the site of a drug crime or its proceeds or paraphanalia, nor the nearby concealment of a gun to be at the ready for an imminent confrontation.

Therefore, the indictment itself of a 924 (C)(1) was improper for the government to charge Movant, it was for Movant's attorneys, Hart, Freeman, and Butler to research Movant's case and the elements of each charge, such as the arrest report that would have shown that Movant merely possessed the firearms and that the government would have to prove **"active employment"** to sustain its conviction.

Therefore, Movant is actually and factually innocent of violating U.S.C. Title 18 924 (C)(1)(A) and the government is in violation of Movant's due process rights under the Amendment of the Constitution of the United States, when the government had Movant to plead guilty to an offense he did not commit.

A deficiency of counsel can be established by showing that counsel failed to investigate and to raise issues on appeal that

was obvious from the trial record. <u>Barnett v. Hargett, 174 F.3d 1128, 1135 (10th Cir. 1999)</u>.

Additionally, attorney McCord's failure to file an appeal to raise obvious and potentially successful issues. Movant's Sixth Amendment rights to counsel and Fifth Amendment due process of law claims amount to a clear case of ineffective assistance of counsel. See <u>United States v. Headley, 923 F.2d. 1079, 1084 (3rd Cir. 1991)</u>.

In accordance with Rule 15(A) of Federal Rules of Civil Procedure Movant moves for leave of court to amend his timely filed 2255 on the grounds that violations of my Constitutional rights provided under the Fifth and Sixth Amendment were newly discovered by me when I received my change of plea hearing transcript on 10/04/07.

Respectfully Submitted,

_____
Timothy Williams Movant

Dated: 10/10/07 , 2007.

Page 7 of 7

## -CERTIFICATE OF SERVICE-

I hereby certify that a true and correct copy of the above Motion and documents have been provided to the following parties via first class mail postage prepaid on October /C, 2007.

Clerk of the Court
Middle District of Alabama
1 Church Street, Suite B-100
Montgomery, Alabama 36104

Governor Bob Riley
State Capitol
600 Dextor Avenue
Montgomery, Alabama 36103

Susan Redmond
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

Attorney General for the
United States of America
U.S. Department of Justice
950 Pennsylvania Avenue
Washington, D.C. 20515

Respectfully Submitted,

_____
Timothy Williams Movant
F.C.I. Oakdale# 11778-002
P.O. Box 5000
Oakdale, LA. 71463-5000

CERTIFIED MAIL

7007 1490 0004 0553 8427

Timothy Williams Reg. No. 11778-002
Federal Correctional Institution
P.O. Box 5000
Oakdale, LA. 71463-5000

Clerk of the Court
1 Church Street ste. B-100
Montgomery, Alabama 36101



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Timothy Williams, | § |
| Defendant/Movant, | § |
| | § Case No.: <u>2:07CV742-MEF-SRW</u> |
| VS. | § (CR-05-216-F) |
| | § |
| | § |
| UNITED STATES OF AMERICA, | § |
| Respondent. | § |

## INEFFECTIVE ASSISTANCE CLAIMS ARE NOT
## PROCEDURAL DEFAULT IF NOT FIRST RAISED ON DIRECT APPEAL

In <u>Massaro v. United States, 538 U.S. 500, 155 L.Ed.2d 714, 123 S.Ct. 1690 (2003)</u>.

The general rule that claims not raised on direct appeal may not be raised on collateral review unless the Movant shows cause and prejudice. See <u>United States v. Frady, 456 U.S. 152, 167-168, 71 L.Ed.2d. 816, 102 S.Ct. 1584 (1982); Bousley v. United States, 523 U.S. 614, 621, 622, 140 L.Ed.2d 828, 118 S.Ct. 1604 (1998)</u>. **The procedural-default rule is neither a statutory nor a constitutional requirement,** but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgment. The **Supreme Court conclude that requiring a criminal defendant to bring ineffective-assistance-of counsel claim on direct appeal does not promote these objectives.**

When an ineffective assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose under <u>Strickland v. Washington, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984)</u>, a defendant claiming ineffective counsel must show that counsel's actions were not supported by reasonable strategy and that the error was prejudicial. The evidence introduced at trial, however, will be devoted to issues of guilt or innocence, and the resulting records in many cases will not disclose the facts necessary to decide either prong of the **Strickland** analysis. If the

alleged error is one of commission, the record may reflect the action taken by counsel but not the reason for it. The appellate court may have no way of knowing whatever a seemingly unusual or misguided action by counsel had a sound strategic motive or was taken because the counsel's alternatives were even worse.

The United States Supreme Court adopt today, ineffective-assistance claims ordinarily will be litigated in the first instance in the district court, the forum best suited to developing the fact necessary to determining the adequacy of representation curing an entire trial. The court may take testimony from witnesses for the defendant and the prosecution and from counsel alleged to have rendered the deficient performance.

See, e.g. Griffin, 699 F.2d.at 1109 (in a § 2255 proceedings, the defendant "has the full opportunity to prove facts establishing ineffectiveness of council, the government has a full opportunity to present evidence to the contrary, the district court hears spoken words we can see only in print and sees expressions we will never see, and factual records bearing precisely on the issues is created"); Beaulieu v. United States, 930 F.2d 805 (CA10 1991)(partially rev'd on other grounds, United States v. Galloway, 56 F.3d 1239 (CA10 1995) in addition, the § 2255 motion often will be ruled upon by the same district judge who presided at trial. The judge, having observed the earlier trial, should have an adventageous perspective of counsel's conduct and whether any deficiencies were prejudicial.

Subjecting ineffective-assistance claims to the usual cause-and-prejudice rule also would create preverse incentives for counsel on direct appeal to ensure that a potential ineffective-assistance claim is not waived-and to avoid incurring a claim of ineffective counsel at the appellate stage—counsel would be ~~preserved~~ pressured to bring claims of ineffective trial counsel, regardless of merit.

Even meritorious claims would ~~fall~~ fail when brought on direct appeal if the trial records were inadequate to support them. Apellate Court would waste time and resources attempting to address some claims that were meritless and other claims that, though colorable, would be handled more efficiently if addressed in the first instance by the district court on collateral review.

In Lynn v. United States, 365 F.3d. 1225 (11th Cir. 2004): In procedural default cases, the question is not whether legal developments or new evidence has made a claim easier or better, but whether at the time of the direct appeal the claim was available at all. See Smith v. Murray, 477 U.S. 527, 534, 106 S.Ct. 2661,

2666, 91 L.Ed.2d 434 (1986); McCoy v. Newsome, 953 F.2d 1252, 1258, (11th Cir. 1992); Lomelo v. United States, 891 F.2d. 1512, 1515 (11th Cir. 1990).

Preceived futility of a claim does not constitute cause for procedural default. Smith, 477 U.S. at 535-36, 106 S.Ct. at 2667. "Omission of the claim willl not be excused merely because evidence discovered later might also have supported or strengthened the claim" McClesky v. Zant, 499 U.S. 467, 498, 111 S.Ct. 1454, 1472, 113 L.Ed.2d 517.

The Supreme Court has adopted the ineffective-assistance claim not to be in procedural default if not first filed on direct appeal, therefore, Movants § 2255 motion cannot be dismissed under procedural default. This new standard of the Supreme Court has been applied to many cases in many ineffective-assistance claims. The Massaro v. United States, has set the standard for all such claims.