IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

Timothy Williams,
    Movant/Petitioner,

VS.

UNITED STATES OF AMERICA,
            Respondent.

Case No.: 2:07CV742-MEF-SRW

(CR-05-216-F)

## MOVANT'S RESPONSE TO GOVERNMENT RESPONSE

## OF MOVANT'S 2255 MOTION

**COMES NOW**, I, Timothy Williams, (Movant), a private citizen of the United States of America, herein pro per (in his proper person not pro se (on behalf of)), presents this Motion to respond to the United State's response to Movants 2255 Motion to vacate, set aside, or correct sentence.

Pursuant to the orders of this court, the Petitioner/Movant will enter his motion into the records in response to the United State's response to Movant's 2255 Motion. See United States v. Cotton, 533 U.S. 625, 630, 2002 Lexis 3565 (2002)(the term "jurisdiction" means the courts' statutory or constitutional power to adjudicate the case. This concept of subject-matter jurisdiction, because it involes a court's power to hear a case, can **never be forfeited or waived**. Consequently, **defects in subject mater jurisdiction require correction regardless of whether the error was raised in district court);**See also **United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002)**(jurisdictional error has historically been recognized as fundamental, and for which collateral relief has accordingly been available. Habeas corpus has long been available to attack convictions and sentences entered by a court without jurisdiction. Since jurisdictional error implicates a

1

court's power to adjudicate the matter before it, such error can never be waived by parties to litigation. **The doctrine of procedureal default does not apply**).

The Government states in it's response to: **District Court's Jurisdictional Authority** (Page 9) that the State of Alabama had become the 22nd State of the United States of America on Dec. 14, 1819.

Then the Government further states that: "**Williams** claim that the district court lacked jurisdiction and that Titles 18 and 21 of the United States Code somehow do not apply to him are without merit as shown above."

The government gave its assertion of justification of jurisdiction when they stated: "**the State of Alabama is a part of the territory of the United States of America,** because Congress is empowered to create the laws of the United States...and because Federal courts are empowered to address any person **within** the United States for commission of any offense **against the United States,** the **District Court properly had jurisdiction over Williams and the charges upon which he was arrested.** This claim is groundless and should be dismissed as without merit (United States Attorney, Middle District of Alabama - (p.10) in its response to Williams/Movant 2255 Motion, on jurisdiction claim)

The government also states Movant's ineffective assistance of counsel claim should be rejected because they are without merit. Movant now addresses this response in which the Federal government (United States) has put into the records as their evidence of jurisdiction over subject matter, court jurisdiction, territorial and persona jurisdiction, to hear and render and sustain judgement in this case.

It is a fact and undisputable that the United States assertion of its jurisdiction is without merit, **The United States has not supported its assertion with any Constitutional Authority, without any case law or without any legal documentation from the State of Alabama given cession to the United States for Jurisdiction over territory in which the alleged act of Congress**

2

(offense) occured. See People v. Godfrey, 17 Johns 225, 233 (N.Y. 1819) that court held that the fort was subject to the jurisdiction of the state since the land therefore had not been ceded to to the United States".)

The United States has not proved with **constitutional** or Congressional **authority**, that it has **jurisdiction in this case, (court, persona, territorial or subject matter jurisidcition)** its assertion are without merit and movant is entitled to relief based on his 2255 motion, as he (movant) continues to give factual and legal evidence of his innocence of violating the United States codes and statutes.

See Pollard v. Haean, 44 U.S. (3 HOW) 212 (1845). The court stated:**"We think a proper examinination of this subject will show that the United States never held any municipal sovereignty, jurisdiction, or right of soil in and to the territory, of which Alabama or any of the new states were formed. "Because, the United States has no Constitutional capacity to exercise municipal jurisdiction, sovereignty, or eminent domain, within the limits of a state or elsewhere, except in the cases in which it is expressly granted, Alabama, is therefore entitled to the sovereignty and jurisdiction over all the territory within her limits, subject to common law."**

Furthermore, the United States in its assertion that Alabama is a territory of the United States of America is misleading, because the United States of America is merely the name of the states that's United that form North America, it's not the same as the United States as used in Hooven & Allison Co. v. Evatt, 324 U.S. 652, 672 (1945) "The term 'United States' may be used in any one of several senses. It may be merely the name of a sovereign occupying the position analogous to that **of other sovereigns in the family nations.** It may designate the **territory** over which the sovereignty of the United States extends, or it may be collective name of the **states which are united** by and under the Constitution."

Congress, when writing laws and faced with using a term of commonly known usage and meaning, if a different meaning is intended

it is careful to defind the term and it's intended meaning within the law; **and according to a supreme court decision**, the term "United States" being clarified in 1945 by the Supreme Court in Hooven, as set forth above, Congress incorporated, the **territorial usage of the term to define the <u>limits</u>** (places and waters) of <u>Federal Jurisdiction</u> in the Federal Criminal Code, of June 25, 1948, Title 18 United States Code (U.S.C.).

18 U.S.C. § 5 United States defined "The term 'United States' as used in this title in a **territorial** sense, includes **<u>all</u> <u>places</u>** and **<u>waters</u>**, **<u>continental</u>** or **<u>insular</u>**, **subject** to the **Jurisdiction** of the United States except the Canal Zone" Also in the Controlled Substance Act of October 27, 1970, Title 21 U.S.C. § 802 as used in this sub-chapter: (28) the Term "United States," when used in a **geographic sense**, means all places and waters, continental or insular, subject to the jurisdiction of the United States.

18 U.S.C. § 7; Special Maritime and **territorial jurisdiction** of the United States, defined; (3) any lands **reserved** or **acquired** for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any **place purchased** or other-wise **<u>acquired</u>** by the United States by **consent of the legislative of the <u>state</u> in which the same shall** be for the erection of a fort, magazine, arsenal, dock-yard, or other needful building." (emphasis added)

Therefore, when the Federal government have made the claim that Alabama is under the jurisdiction of the United States it is not supported by the Constitution of these United States, in which the government is empowered by. See <u>Kansas v. Colorado</u>, 206 U.S. 46, 51 L.Ed. 956 (1907): The United States Supreme Court stated as follows:

"The Government of the United States is one of **enumerated powers**, and the **enumeration of the powers granted is to be found in the Constitution, and in that <u>ALONE</u>**

### JURISDICTION
### DECLARATION OF INDEPENDENCE

It is a fact, that in October 1775, and the middle of 1776,

each of the colonies separately severed their ties and relation-
ship with England, and several adopted Constitutions for the new-
ly formed states. By July 1776, the exercise of British Authority
in all of the colonies was not recognized in any degree. The cap-
stone of this actual separation of the colonies from England was
the more formal Declaration of Independence.

The legal effect of the Declaration of Independence was to
make each new state a **separate** and **independent sovereign over
which there was no other government of Superior power or juris-
diction**. This was clearly shown in M'llvaine V. CoxesLessee, 8
U.S. (4 Cranch) 209, 212 (1808), where it was held:

> "This opinion is predicated upon a principle which is
> believed to be **undeniable that the several states which comp-
> osed this union,** so far at least as regarded their municipal
> regulations, became entitled, **from the time when they declared
> themselves independent, to all the rights and powers of a
> sovereign state,** and they did not derive them from concessions
> made by the British King. **The treaty of peace contains a recog-
> nition of their independence, not a grant of it. From hence it
> results, that the laws of the several states governements were
> the laws of the sovereign states,** and, such obligatory upon
> the people of such state, from the time they were enacted.
> (Alabama Dec. 14, 1819).

The consequences of independence was again explained in
Harcourt v. Gaillard, 25 U.S. (12 Wheat) 523, 526, 527 (1827),
where the Supreme Court stated:

> "There was **no territory within United States** that was claim-
> ed in any other right than that of some of the confederated states:
> therefore, **there could be no acquisition of territory made by the
> United States distinct from or independent of some one of the
> States.**
>
>    **"Each declared itself sovereign and independent, according
> to the limits of its territory.**
>    **"The soil and sovereignty within their acknowledged limits were
> as much theirs at the Declaration of Independence as at this hour."**

Thus, unequivicollay, **in July 1776, the new states possessed
all sovereignty, power and jurisdiction over all the soil and
persons in their respective territorial limits.**

The representatives which assembled in Philadelphia in May,
1787, to attend the Constitutional Convention met for the primary
purpose of improving the commercial relations among the States,
although the product of the convention was more than this. But,

no intention was demonstrated for the States to surrender in any degree the Jurisdiction so possessed by them, at that time, and ndeed the Constitution finally drafted continued the same territorial jurisdiction of the States as existed under the Articles of the Confederation. The essence of this retention of States Jurisdiction was embodied in Article I §8, CL. 17 of the U.S. Constitution, which defined Federal Jurisdiction as follows:

"To exercise exclusive Legislation in all cases whatsoever, over such districts (not exceeding ten miles square) as may, by cession of particular states, and the acceptance of Congress, become the seat of Government of the United States, and to exercise like **authority over all places purchased** by the consent of the legistive of the state in which the same shall be, for the erection of forts, magazines, arsenals, dock-yards, and other needful buildings.

It is abundantly clear that the Federal Government only has jurisdictin over Federal Property, i.e., **Washington, D.C., territories, insular possessions and enclvaes within** the States as coming under Articles I, § 8, CL. 17 of the Constitution of the United States; **and on all other land massess, the Federal government has no lawful legislative or Judicial Jurisdiction.**

See New Orleans v. United States, 35 U.S. (10 Pet.) 622, 737 (1836), the Courts addressed the question of Federal jurisdiction:

**"Special provision is made in the constitution for the cession of jurisdiction from the states over places where the Federal government shall establish forts or other military works. and its only in these places or in the territories of the United States, where it can exercise a general jurisdiction.**

The above cases from the U.S. Supreme Court and Federal appellate courts set forth the rule that in criminal prosecutions, the government, as the party seeking to establish the existence of the Federal jurisdiciton, must prove U.S. ownership of the property in question and a State cession of Jurisdiction.

Therefore, without such proof of ownership it is a fact the Federal government lacks jurisdiction in all jurisdictional grievances claimed by Movant in his 2255 motion, the government was ordered to answer each claim, and had enough time to prove jurisdiction with the proper legal documentation, such as a legal copy of the **session** from the State ceding the territory in which alleged Federal Offense occured, and proper documentation of proof of

6

the Congress <u>establishing</u> and <u>ordaining</u> the district court in the
middle district of Alabama An Article III Court, as prescribed in
Article III Section I:

> "**The Judicial power** of the United States, **shall be vest-**
> **ed in one supreme court**, and in such <u>inferrior courts</u> as <u>the</u>
> **Congress may** from **time** to **time** <u>**ordain**</u> and <u>**establish.**</u>"

Movant, has not been provided with any proof from the United
States that this process in fact truely happened. Therefore, when
the Federal government asserted that Alabama was a territory of
the United States and the District Court properly had jurisdiction
over Movant is un-disputably without Constitutional authority and
therefore without merit.

The District Court can not obtain jurisdiction of an offense
that is not <u>within</u> the Jurisdiction of the United States, whether
they are an Article III Court oꞧ not.

To enforce federal law <u>within</u> a union state violates a citi-
zen's rights under the Fourth and Fifth Amendments to the Consti-
tution: right to be secure in person, house, papers and effects
against unreasonable search and seizure: and due process. A
United States District Court is not authorized by the Constitution
to issue a arrest warrant <u>unless</u> offense is to be found **within**
federal property.

It is fundamental principle of law that there are <u>two</u> elem-
ents to every offense which **must be established in order to det-**
**ermine venue** (Court with territorial jurisdiction to try the case);
<u>**where**</u> (place) the offense was allegedly committed and <u>**what**</u> offense
is allegedly committed. The "what" is the statutory law prohibit-
ing the conduct alleged, enacted by the legislature of the forum,
State or Federal. **The** <u>"Where"</u>**is the determining factor for juris-**
**diction of the Court and Forum.**

The first Congress met in 1789 and passed into law the judi-
ciary act, September 24, 1789, **confirming this principle of law:**
**It is the place of seizure, and not the committing of the offense,**
**that under the act of September 24, 1789, gives jurisdiction to**
**the Court;** 4 Cranch, 443, 5 Cranch 304; **For until there has been**
**a seizure, the Forum cannot be ascertained**, 9 Cranch, 289.

"It is the locus of the offense and not the offense committed which determine Jurisdiction." People V. Godfrey,(Cir. 1880) 17 Johns 235, 243 (NY. 1819)

Movant has intentionally touched on legal evidence that has been previously mentioned in his 2255 motion to re-establish these very important principles of law to give the Courts a clear and un-disputable view of Movant alleged federal  offenses are in fact no Federal offenses at all.

The United States has no Constitutional or Congressional authority to establish jurisdiction over Movant, territory and subject matter, therefore, the United States to demand the Courts to dismiss Movants jurisdiction claim is undisputably without merit.

Furthermore, for an offense against the laws of the United States committed on State, County, City or Private Property, the United States District Court lacks authority, (jurisdiction and venue) **and the case must be dismissed when this fact is made known.**

### JURISDICTION-DUE PROCESS-PRESUMPTION

A violation of Movants Constitutional rights (as mentioned Supra and mentioned in his 2255 (pg. 7) of due process was also demonstrated when the United States intentionally use the term "United States of America" in its assertion of Alabama being a **territory of the United States."** Presumption which prevent const-itutionally guaranted rights are unconstitutional and may not be employed." Vlands v. Kline, 412 U.S. 441, 449, 93 S.Ct. 2230, 2235 (1973); Cleveland Bed of ed v. LaFleur, 414 U.S. 632, 639, 640, 94 S.Ct. 1208, 1215 (1974)

**The purpose of Due Process is to completely eliminate all presumption from any legal proceedings which might impair or injure Constitutionally guaranteed rights.**

See Black's Law Dictionary definition of "due process" which says : "If any question of **fact** or liability **be conclusively be presumed (rather than proven) against him, this is not due process of law** (Blacks Law Dictionary Sixth Edition Page 500)

A court is abusing its discretion **if** it employs, reward, or encourages presumption to relieve either party of a grievance from having to actually prove the truth of the facts being presumed.

It is undisputable that the United States **presumed** jurisdiction in this case, and in their **presumption**they did not prove to the courts and to Movant any Constitutional and Congressional author- ity to issue a summon, arrest, indict, sentence and imprison out- side the United States. Therefore, Movant has established the **fact that he was not in the United States on the date of offense** (June 13, 2005) Movant also has established that 3349 BuckBoard Road, Montgomery Alabama 36116 **place of offense is not within the Juris- diction of the United States**, Movant has also **established that the State of Alabama is not a territory of the United States** but is one of the **several states** (50) that are **united** to form this **union of North America** See Pollard v. Haean, supra: **"Alabama is therefore entitled to the sovereignty and jurisdiction over all the territory within her limits, subject to the Common Law".**

Understand that the term, "United States" as used in the Federal Civil and Criminal Codes means **"Federal government"** and that the authority of the Federal government is limited to specific physical geographical locations. (Places purchased or otherwise acquired by the United States).

## UNITED STATE'S FAILURE TO
## COMPLY WITH COURT ORDERS

Upon the **failure of the United States** in the filing its response to **identify and produce all documents** and court records **relevant to the issues in this cause of action,** as ordered by the court.

Movant states that the government did in fact provide as ordered, **(1)** detailed procedural history **(2)** Grand Jury indict- ment (citation) **(3)** Case law from concerning Movant Limitation period of his 2255 Motion. Movant further states to the court that the government **did not** produce **all documents that's** rele- **vant to the issues in this** cause of action, the government failed to produce : **(1)** a copy of the **cession** from the **State Attorney General of Alabama that would have provided authenti- cated evidence that the United States did have jurisdiction**

over territory where the alleged offense occurred (2) The govern-
ment did not **provide (or)** produce any document of Congressional
**authority to charge Movant with offenses that's not found in the
enumerations of the United States Constitution.** See <u>Kansas v.
Colorado</u>, 206 U.S. 46, 51 L.Ed. 956 (1907); which stated: The
government of the united states is one of **enumerated powers,** and
the **enumeration of the powers granted is to be found in the
Constitution and in that ALONE (3) The government did not produce
any document of authentication showing the District Court of
Middle District of Alabama** being **ordained** and **establish** as an
**Article III Court** (4) The government **did not produce any docu-
mentation stating that Title 21 and Title 18 are positive laws,**
the government merely mentioned that Title 18 Section 924 was
**allegitly enacted** as part of the **unconstitutional Gun Control**
(Amendment II, **the right of the people to keep and bear arms,
shall not be <u>infringed</u>)** act of 1968. And Title 21 Section 841 (A)
allegedly was enacted as part of the Uniform Controlled Substances
Act, but produced no legal documents of evidence of Titles 21
and 18 being positive laws. **The government only produced case law
to defend Movant ineffective assistance of counsel claim,** no
other issue was provided for in that manner.

Therefore, Movant can only conclude that the government
could not produce these documents because there was no Congress-
ional or Constitutional Authority authorized (or) granted to the
government for such authority. Therefore, without **authenticated
evidence** established and provided by the Federal government,
the court must constitute this totally disregard of the court
orders as a non-response to the said issues.

Therefore, according to the Federal Rules of Civil Procedure
Rule 8 (d) indicates that anything not specifically denied in
any pleading requiring a response is automatically admitted:
**Rule 8 General Rules of Pleading; (d) Effect of Failure to Deny.;**

"Averment in a pleading to which a responsive pleading is required
other than those as to the amount of damage, are admitted when not

10

denied in the responsive pleading. Averment in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided."

It is a fact that **the government bore the burden of proof** and **to rebut these facts Movant claims, and they did not**, therefore, the government have admitted to them, according to the Congressional Authority provided in F.R.Civ.Procedure Rule 8(d).

## CONGRESSIONAL STANDARD FOR FEDERAL AUTHORITY, FEDERAL CODES

It is un-disputed that Congress was faced with creating Congressional Standards        concerning Federal Authority. Therefore, **Congress has enacted rules, laws,** and **statutes limiting** the **courts** and **federal prosecutor of their jurisdiction in union states:**

In almost all but a few rare cases, the United States District Courts (**inferior court, territory courts**) **within a state** lack venue for several reasons: **(1)** The offense was not committed <u>within</u> the "**territorial jurisdiction of the United States**"**(2)** The Federal criminal codes **does not apply outside of the territorial jurisdiction of the United States** (<u>18 U.S.C. §§ 5, 7</u> (c), <u>Article 1§ 8, Cl. 17 U.S. Constitution</u> (3) The Federal Rules of Criminal Procedure upon which the Federal Criminal Laws depend (18 U.S.C. § 3001) do not authorize the United States District Court to use the rules or to effect arrest or serve summons outside of the jurisdiction of the United States (F.R.Cr.P. 4 (c)(2). **(4)** The United States District Court, **can only imprison a person pursuant to an Act of Congress,** 18 U.S.C. § 4001 (a): **no citizen shall be imprisoned or otherwise detained by the United States except pursuant to Act of Congress."**

**An Act of Congress is applicable only within "The United States"** as the term is defined in the Federal Criminal Code <u>18 U.S.C. § 5, U.S.C. § 802 (28)</u> and evidences in <u>F.R.CR.P. Rule 54 (c)</u>.

F.R.Cr.P. 54(c). **Acts of Congress are only locally applicable** and **enforceable in the** District of Columbia, Puerto Rico, **territories and insular possession.** As mandated by the Supreme Court in Kokk-onen, **Authority of federal courts is limited by the Constitution and Congress:**

> "Federal courts, as courts of limited jurisdiction, possess only such authority as is conferred to them by the Constitution and Acts of Congress and this authority cannot be expanded by judicial decree." Kokkonen v. Guardian Life Ins., 511 U.S. 375, 377 (1994).

**Jurisdiction is fundamental-**without it, courts cannot proceed at all in any case. Ruhrgas v. Marathon Oil, 526 U.S. 574 (1999).

## JURISDICTION CASE LAW — LEGAL EVIDENCE
## GOVERNMENT MUST PROVE JURISDICTION

**1)** United States v. Baker, 609 F.2d. 134, 139 (5th Cir. 1980).
Where courts stated: That U.S.C. Title 21 841 (A)(1) does not apply to **possession outside United States territory** unless the possessor intends to distribute the contraband within the United States.

2). United States v. Townsend, 474 F.2d. 209 (5th Cir. 1973)
A conviction for the receiving stolen property was **reversed** when the court reviewed the record and learned that there was absolutely **no evidence disclosing that the Defendant had committed this offense within the jurisdiction of the United States.**

3). People v. Mouse, 203 Cal. 782, 265 P.944 (1928) In Montana, **the states has jurisdiction over property** if **it is** not proved **there is a** state cession **of jurisdiction of the United States.**

4). United States v. Benson, 495 F.2d. 475, 481 (5th Cir. 1974)
"It is axiomatic that the prosecution must always prove territorial jurisdiction over a crime in order to sustain a conviction.

5). Joyce v. United States, 474 F.2d 215 (1973): at head-note (5)
"Where there is no jurisdiction over subject-matter, there is no discretion to ignore that lack of jurisdiction (**Federal Rule Civil Proc. Rule 12 (H)(3)**).

6). Melo v. United States, 505 F.2d. 1026 (1974); At Headnote (7);
"When it clearly appears that the court lacks jurisdiction, court
has no authority to reach merits, but rather should dismiss the
action."

7). Ex-Parte McCardle, 74 U.S. 506, 19 L.Ed. 264 (1869); **Without
jurisdiction the courts cannot proceed at all in any cause. Juris-
diction is power to declare the law, and when it cease to exist,
the only function remaining to the court is to announce the facts
and dismiss the case."**

8). Chisholm v. Georgia, 2 Dall. 419, 01 L.Ed. 440; **"The Federal
courts can possess only that jurisdiction delegated to them by
Congress.**

9). Lantana v. Hopper, 102 F.2d. 188 and Chicago v. New York, 37
F.Supp, 150; **"Court's must prove on the record all jurisdictional
facts related to jurisdiction asserted".**

10) California v. Larue, 400 U.S. 109, 112, 34 L.Ed. 342, 93 S.Ct.
390 (1972); The validity of an order on sentencing of a Federal
court depends upon that court having jurisdiction over both the
subject-matter and defendant.

11). Stoll v. Gottlieb, 305 U.S. 171, 172, 83 L.Ed. 104, 59 S.Ct.
134 (1938); **any plea    agreement could not have been knowing and
voluntary if the court never had jurisdiction over defendant.**

12). Hayes v. United States, 367 F.2d 216 (10th Cir. 1966); land
that was part of territory acquired by United States from France in
1803, the United States exercised jurisdiction over land until
Kansas became a State in 1860.

13). New York v. United States, 120 L.Ed. 120, 112 S.Ct. 2408;
     **States are not mere political subdivision of the United States,
and State government are neither regional offices nor administra-
tive agencies of the Federal government; the Federal Constitution
instead leaves to the several states a residuary and inviolable
sovereignty, reserved explicitly to the States by the Constitution's
Tenth Amendment.**

13

14). <u>Paul v. United States</u>, 371 U.S. 245, 83 S.Ct. 426 (1963) Also
<u>United States v. State Tax Commission of Mississippi</u>, 412 U.S. 363,
93 Ct. 2183 (1973); "**What was definately decided in the beginning
days of this republic regarding the intent, scope, and reach out of
each of these two distinct jurisdictions remain unchanged** and form
the foundation and basis for the smooth working of state government-
al systems in conjuntion with the Federal government. **Without such
jurisdictional principles which form a** <u>clear</u> **boundry between the
jurisdiction of the** <u>states</u> **and the** <u>United States</u> **the Federal gover-
nmental system would have surely met its demise long before now**".

It is a fact and undisputable that all the above cases affirm
that jurisdiction <u>is</u> needed by the Federal government to sustain
conviction. <u>The</u> <u>rulings</u> in <u>**Supreme Courts**</u>, **and appellete courts and
Federal Rules of Criminal and Civil Procedure demand this principle
be upheld by the Federal government as well as the United States
District Courts.**

Furthermore, Movant remind the Court that **it is a fact that
all court officers take an oath to protect and uphold the Constit-
ution and all Congressional Rules and Statutes,** Therefore, staying
in view of the foregoing, **the fundamental rights, which were secured
by the Constitution, and its Amendments,** <u>cannot</u> be <u>construed</u>, or
<u>interpreted</u> **to add words of which cannot be found in the enumerat-
ions, or imports of the Constitution of these United States.**

**The Constitution for these United States of America, was written
with such** <u>clarity</u> **it was to be** <u>obeyed</u> **by** <u>all,</u> **and to be** <u>interpret-
ed by none</u> See <u>Carter v. Carter Coal</u>, 298 U.S. 738, 80 L.Ed. 1160
(1936) At page 1186. The court stated: "**The Constitution speaks
for itself in terms so plain that to misunderstand their import is
not rationally possible.**"

Movant further states that in response to the court orders to
show cause for relief, Movant asserts that in his response is un-
disputable **facts** and **evidence providing cause for release of his
unconstitutional imprisonment.**

14

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

NORTHERN DIVISION

Timothy Williams, 2007 OCT 16  A 9:58  §

Defendent/Movant, JEBRA P. HACKET. . §
                  U.S. DISTRICT COURT §
                  MIDDLE DISTRICT ALA      CASE NO.:2:07CV742-MEF-SRW
VS.                                  §
                                     (CR-05-216-F)
                                     §

                                     §
UNITED STATES OF AMERICA,            §

           Respondent.               §

                                     §

## INEFFECTIVE ASSISTANCE OF COUNSEL

(according to Standard or **Strickland v. Washington**, 466 U.S.
688 (1984))

The government states in its response for Movant to "succeed on
a claim of ineffective assistance of counsel, Movant must prove both,
that his counsel's performance was deficient, and that deficient
performance prejudiced his case." Strickland v. Washington, 466 U.S.
668 (1984) ("Strickland" from this point further).

### DEFICIENT PERFORMANCE

The only way for an attorney to properly handle a case such as
Movant's was for her, (Attorney Hart), first not to take the govern-
ment's version of what happened, such as only viewing their discovery
materials, but to also to **investigate herself,** or have her **investiga-
tor** (Carmichael) fully **investigate** and research the facts of the case.
("Strickland")

In that way, **counsel knows** <u>what</u> **really did happen and** <u>where</u> **it
happened at in the case. (The** <u>where</u> **is the determining factor for
jurisdiction of the Court and form, "It's the** <u>place</u> **of seizure,
and not the committing of the offense, that under the** <u>act of
September 24, 1789</u>**, gives jurisdiction to the court"**) See also

People v. Godfry, 17 John 235, 243 (NY 1819). And, after adding her
own research to the material the government has provided from their
"**disclosed**" discovery, she would then have "**true picture of what hap-
pened** _verses_ what the government "alleges" actually happened.

That basic and standard investigation is **required by Attorney
Hart and her investigator** to **determine if Movant have a valid defense**
_before_ **allowing movant to accept a plea agreement.**

An investigation is a basic and **mandatory requirement for any
Attorney to be effective in defending their client.** Before strategic
choices can be made by defense counsel, an **thorough investigation of
law** and **facts must be performed.** (Strickland) **Counsel has a duty to
make reasonable investigations** _or_ **to make a reasonable decision that
makes particular** _investigation_ **_unnecessary_, and a particular decision
not to investigate must be** _directly_ **_assessed for reasonableness in_
_all circumstances_, applying a heavy** measure of deference to counsel's
judgment.

It is a fact that jurisdiction not only determines Federal auth-
ority to prosecute, but it gives the district court authority to
hear and render a judgment in the case. See U.S. v. Cotton, 533 U.S.
625, **The absolute importants** of counsel **to investigate** _all_ elements
of Movant's case was the **totality of the defense.**

Therefore, when Attorney Hart and her investigator Carmichael
**failed (or) Refused to invesitage, they failed to defend Movant,**
and **violated his Constitutional rights to an effective counsel.** See
Spreitzer v. Peters, 114 F.3d. 1435 (7th Cir. 1997) **"Criminal Defen-
dents are entitled to counsel whose undivided loyalties lie with
client."** Also See United States v. Cirrincione, 780 F.2d. 620, 624
(7th Cir. 1997). "It is well settled that a criminal defendant is
entitled to counsel whose **undivided loyalties lie with the client.**"

It is a fact that Movant's defense counsel **did not give their
undivided loyalties** when they **denied** movant **effective assistance** in
defending his case.

**It is a fact that jurisdiction is a threshold matter,** and any
attorney that ever practice law knows that their first duty is to

investigate jurisdiction, especially after the government picked up Movant's case from a State (Alabama) arrest.

   The first **reasonable** and **effective duty of the defense attorney was to ensure that the federal government have federal (Authority, Especially) jurisdiction** over both the offense and defendant, knowing that the case itself originated in State court, See California v. Larue, 400 U.S. 109, 112, 34 L.Ed. 342 (1972) Joyce v. United States, 474 F.2d. 215 (1973). Movant states that defense counsel did "abandon" him when failing to make the government, and the court provide proof of jurisdiction over subject matter and defendant, (United States v. Benson, Supra - Joyce v. U.S. Supra).

   It is a fact that all Attorneys take an **oath to uphold and protect the Constitution of the United States,** and the Constitution's of each state. The attorney is said by the Court's to be **"officers of the Court." Therefore**, it is undisputable that the **defense counsel**, had a **duty to protect all fundamental rights**, of Movant **prior** to **arraigment, defense counsel** had an **absolute duty** to obey the **oath of which she had taken to support and defend the Constitution**: see United States v. Murdock, 290 U.S. 389, 78 L.Ed (1933); "Officers who violate it (The Constitution) must **act in intentional disregard to individual rights and cannot be ignorant that they do so great wrong**. This being true, **they must be taken to act at peril of incurring the penalty placed upon such conduct by the Federal law, as they do that the State impose."**

   Movant was not, knowlegable, of the foregoing prior to trial, the school of which Movant attended, did not teach law, an very rarely ever mentioned the Constitution; **However**, the Defense counsel, did graduate college, and did attend a law university, therefore, the defense counsel, had a duty to know the following: 1) **Full and complete knowledge of the Constitution's and laws of the United States.** 2) Defense Counsel, **well knew or had a absolute duty to know that all laws passed by the United States Legislature does not apply to the citizens or the several States.** 3) Defense Counsel well knew, or had a absolute duty to know that a jurisdictional element must be charged in the Statutes, and proved beyond

a reasonable doubt. 4) Defense counsel, well knew that **"no laws
made in compliance with Article I, § XVII, of the United States
Constitution can be applied to the citizens of the several States
"unless,"** the citizens of the several States have committed a
violation of the said act of the United States Legislature **with-
in** the **exclusive territorial jurisdiction** of the United States,
and **"OUTSIDE" the jurisdiction of any State.** Therefore, Attorney
Hart should have known <u>In United States v. Baker, Supra</u>; Where
the court stated: Title 21:841 (A)(1) does not apply to possession
outside United States to provide an **alibi defense for their client,**
protecting their Constitutional rights. **When Counsel fails to protect their client
from an** conviction    from **their own lack of investigating the case, providing
any defense and putting   the** <u>burden</u> **of** <u>proof of Authority (jurisdiction) on the
government, their performance is below the standard of Strickland</u>. Moant's
defense counsel failed to perform in accordance with professional standards in
numerous respects. Their performance was therefore **"deficient"** within the
meaning of **"Strickland"** as shown above, **counsel deficiencies severly prejudiced
Movant.**

The **failure** of defense counsel to protect the <u>"fundamental rights"</u> which
areboth **secured and protected** by the Constitution of the United States are
without question **"ineffective assistance of counsel."**

<u>PREJUDICES</u>

Movant will now show defense counsel **deficient performance actually had
a adverse effect on the defense,** Movant will factually establish his claim of
**ineffective assistance of counsel.** It is a fact that the Federal government have
**limited jurisdiction in the union states,** such jurisdiction or authority is
only **within** the **territory** or **property** that's not just **purchase** but **ceded** to the
United States from the States Legislature, <u>Article I Section 8 Clause 17 of the
Constitution of the United States</u>. Therefore, with defense counsel knowing this
well established **fact** by them (defense counsel) not investigating if the Federal
government actually having jurisdiction to prosecute Movants case prevented an
alibi defense for Movant. In which it shows **"Prejudice".**

**"It is well established principle of law that all Federal Legislation
applies only within the territorial jurisdiction of the United States** unless a
contrary intent appears," <u>Caha v. United States, 152 U.S. 211, 215, 14 S.Ct. 513
(1894).</u>

As a general rule, the power of the **United States** **to criminally prosecute**
**is for** the most part, **confi**   **ed** to **offenses committed within "its jurisdiction"**
**in the absents of treaties.** This is born out simply by examinations of **18 U.S.C**
§ 5 which defines the term "United States" in clear jurisdictional terms. 18
U.S.C. § 7 of that Federal Criminal Code contains the fullest statutory definit-
ion of the "Jurisdiction of the United States." The United States district
Courts have jurisdiction of offenses occurring **within** the "United States"
pursuant to **18 U.S.C. 3231.**

In <u>Curry v. State, 111 TexCr 264, 12 S.W. 2d 796 (1928)</u> It was held that,
**in absence of proof that the State had ceded jurisdiction of a place to the**
**United States , the State Court had jurisdiction over an offense.** Movant states
that this principle has long been established, and when Movants defense counsel
failed to make the government prove jurisdiction it showed "prejudice". In
<u>People v. Godfrey, 17 John 225, 233 (N.Y. 1819)</u> the Courts held that: **"the <u>fact</u>**
**was subjected to the jurisdiction of the state since the <u>land</u> therefore had not**
**been ceded to the United States."**

These principles has reversed the unconstitutional convictions since the
Constitution became the supreme law of the land. All the above cases provide
well established evidence that if counsel for Movant had made the government
prove jurisdiction Movant would not be in Federal prison for a offense against
the United States.

Movant's alleged Federal offense was in Montgomery Alabama, (3349 Buck-
Board Rd. 36116) on State, City, County and Private property, the Federal govern-
ment has no jurisdiction or Constitutional authority over that territory of Ala-
bama.  The government claim that Alabama is a part of the territory of the United
States, Movant has argued that issue in his jurisdiction section of this brief,
but only for the purpose of establishing "prejudice" See <u>Pollawd v. Haean</u> 444 U.S.
(3HOW) 212 (1845), **" We think a proper examination of this subject will show that**
**the United States never held any municple sovereignty, or jurisdiction or right**
**of soil in and to the <u>Territory</u>, of which <u>Alabama</u> or any of the new States were**
**formed.**

**"Because, the United States have no Constitutional capacity to exercise**
**municipal jurisdiction, sovereignty, or eminent domain, within the limits of a**
**State or eleswhere, except in the case in which it is <u>expressly granted</u>."**

"**Alabama is therefore entitled to the sovereignty and jurisdiction over all the territory within her limits**, subject to the common law."

The above cited case <u>Polland v. Haean</u>, confirm "prejudice" on the part of Movant defense counsels, they had a duty to make the government prove juris-diction, and we know Article I Section 8, Clause 17, of the Constitution of the United States make it abundantly clear that the **Federal government cannot enforce any laws** in State, City, County or Private Property **without it being first ceded to them by the State Legislature**, therefore, counsel whose duty is to protect their client (Movant) from violations of said Constitution, failed, when they refused to defend Movant by simply performing the very basic and Standard Attorney function "investigating."(Strickland)" In the above case, <u>Pollard v. Haean</u>, It's well established and confirms Movant's grievance, concerning **Federal authority in Alabama (Montgomery),** and in this case. Movant believes the district court of Middle District of Alabama will render exactly what the judges in <u>Polland v. Haean</u> tendered, for the principles and situations are exact.

Counsel had an duty to present everything Movant is presenting in his Motion. These facts Movant asserted, Supra, **Movant never attended law school, but all four counsel** on this case did, therefore, at **least one** out of the **four** should have **investigated at some point in this case.**

There are hundreds of cases Movant could have listed to establish that <u>if</u> counsel for the defendant would have investigated the facts of this case, more specifically "Jurisdiction" that the case would have turned out different. These cases that Movant has provided show that this case was "prejudice" from the day this case was put in the defense counsel's hand.

<u>CONFLICT</u>

Movant states that from the day this case touched the hand of Attorney Hart, there was a conflict, **counsel for the defendant interest was only on signing a profer with the government and a plea agreement.**

When Movant asked Federal Defender Attorney Hart about a defense concerning the Federal government and the State of Alabama both charging Movant with traff-icking marijuana, **Attorney Hart advised Movant that this was legal and that there was nothing she can do about it because both courts have "Jurisdiction,"**

her exact words was "you have violated both court, State and Federal, therefore, they both can prosecute you." Now at this Movant had very little understanding of the double jeopardy clause, but have heard about double jeopardy and did ask again "isn't this double jeopardy?" And Attorney Hart replied "No, double jeopardy means a court cannot charge you for the same crime twice, your offence is in two separate courts." Movant not knowing then, what he knows now, is that we (Movant and counsel) have a "conflict of interest," Movant wants to fight the drug charges and counsel wanting Movant only to sign a proffer with the government, to get less time at sentencing, and to make arraingment for a plea agreement.

Movant declares now and will do so in open court to the facts mentioned above, Movant now understands that Attorney Hart was working in concert with the government, her interest was not what the interest of the Movant was, naturally not to go to prison, but Attorney Hart handled the case as if Movant was already guilty and was going to prison, it's not all of what she said, but her performance fell far below what the Sixth Amendment guarantees.

Movant states that the only thing Federal Defender Hart has worked hard on is his case was have Movant sign a proffer and plea agreement. There was no attempt to defend Movant at any time, Movant did make it known to Counsel that he wanted to fight the Title 21 charge in this case and Counsel advised him to take a plea agreement was the best they can do in this case, so that's what Movant did, signed a plea agreement, truly unwillingly.

After signing a plea agreement, Attorney Hart removed herself from this case because another conflict came up. At this time Attorney Hart informs me that Attorney McCord will handle my sentencing hearing. Movant met with Attorney McCord while he was in the city jail awaiting his sentencing date. For which Movant was sentenced on Aug. 16th, 2006. Movant asked Attorney McCord to appeal the drug charges because he (Movant) still did not believe Attorney Hart, when she advised him that both courts can prosecute.

Movant had no reason to believe that Attorney McCord would tell Movant basically the same thing that Attorney Hart said, which was "no", Attorney McCord also stated that both courts did have a right to prosecute me, and Attorney McCord told Movant " don't worry the state (Alabama) will drop their

charges when they hear that Movant was charged and convicted by the Federal government, and that "I should be happy with the plea agreement" and that she, Attorney McCord, saw no reason for an appeal. And that Movant accepted a plea agreement and cannot appeal.

"The Constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate on behalf of their client, as opposed to that amicus curiae. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to their client and to the court. Their role as advocate requires that they support their client's appeal to the best of their ability. Of course, if counsel finds the case to be wholly frivolous, after a conscientious examination of it, they should advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished to the indigent and, at any time allowed for them to raise any argument that Movant chooses; the court not counsel, then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it is found to be so, they may grant counsel's request to withdraw and dismiss the appeal in so far as Federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to the decision, afford the idigent the assistance of counsel to argue the appeal, See Anders v. California, 386 U.S. 738, 18 L.Ed. 493, 87 S.Ct. 1396, Evitts v. Lucey, 83 L.Ed.2d 1112, Strickland.

Therefore, when Movant asked Attorney McCord to appeal, which he did on more than one occasion, his case, according to "Anders", is required to do so. Movant and Attorney McCord have had several confrontations concerning this issue, but Attorney McCord continued to disagree stating "she saw no reason for an appeal," and "you should be happy with the plea agreement." Attorney McCord received Movant's case from her former co-worker and friend, Attorney Hart; filing an appeal would have shown Attorney Hart's ineffective assistance.

Therefore, Attorney McCord seems to be protecting her former co-worker and friend Attorney Hart, in whom was hired and approved Attorney McCord's fee, Attorney McCord demonstrated a "conflict of interest" in their refusal to

in her refusing to appeal after they were asked to do so, ("Strickland", "Anders" also Gray v. United States 834, F2d 967 (11th Cir. 1987).

Attorney McCord has mentioned to Movant that she has reviewed the case and "saw no reason to appeal," Movant asserts that there was a reason to appeal, and **made it clear** to Attorney McCord that's what he wanted, Movant also discussed with Attorney McCord that Movant asked Attorney Hart to bring this issue up in the trial stage of this case and she refused to do so. Attorney Hart violated Movant's rights to appeal by not preserving the issues for appeal, See Davis v. Secretary for Department of Correction, 341 F.Sd. 1310 (11th Cir. 2003) Also United States v. Holland, 380 F. Supp. 2d 1264 (11th Cir. N.D.A. (2005).

"The Sixth Amendment assures a criminal defendant the right to effective assistance of counsel which includes the **right to counsel who is unimparred by conflicting loyalties.** "The Supreme Court has acknowledged that "Counsel owes the client a duty of loyalty, a duty to avoid "conflict of interest," which is perhaps the most basic of counsel's duties,** See Duncan v. Alabama, 881 F.2d, 1013, 1016 (11th Cir. 1989) "Strickland" Supra also Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173 also Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 68 (1942).

"When an attorney labors under actual conflict of interest, defendant need not show prejudice in order to obtain reversal of their conviction; U.S.C.A. Constitution Amendment Sixth. Movant asks the court to take notice of Attorney McCord's performance as counsel for Movant, Attorney McCord after their being asked on more than one occasion to file an appeal and their refusal to willingly persuade their own interest in not filing the appeal, instead of their client's interest, which was to file their appeal. It is without question that Attorney McCord has violated Movants right to effective counsel. And this conclusion is supported by the following: Criminal Justice Act of the Eleventh Circuit, Section (E)(2), "Anders", "Strickland""Gray v. United States Supra, "Evitts v. Lucey Supra and the United States Sixth Amendment.

The issue could not be raised on direct appeal for this reason: What attorney is going to file an ineffective assistance counsel on themselves?

Therefore, the Movant had no choice but to raise it on his 2255 Motion.

Respectfully Submitted,

Timothy Williams Movant
F.C.I. Oakdale # 11778-002
P.O. Box 5000
Oakdale, LA. 71463-5000

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE MIDDLE DISTRICT OF ALABAMA

NORHTERN DIVISION

Timothy Williams,                                          §
                    Movant,                                §
                                                           §          CASE NO.:2:07CV742-MEF-SRW
VS.                              U.S. DISTRICT COURT
                                 MIDDLE DISTRICT ALA          (CR-05-216-F)
                                                           §
UNITED STATES OF AMERICA,                                  §
                    Respondent,                            §
                                                           §

2007 OCT 16  A 9 57

CORA P. HACKETT, CLK

---

## AFFIDAVIT

**STATE OF: Louisiana**

**Parish of: Allen**

     I, Timothy Williams, state the following:

1.   I am the Defendant/Movant in the above referenced case.

2.   I was represented in this case by Attorney's Christine Freeman, Jennifer Hart, Kevin Butler, of the Federal Defender Office for the Middle District of Alabama. At sentencing I was represented by a private appointed Attorney, Tiffany McCord.

3.   These attornies provided me with ineffective assistance of counsel by:

    A. They failed to investigate the facts and circumstances to contest the Federal Jurisdiction of the 841(A) offense that I was originally arrested by the Montgomery City Police

    B. They failed to investigate and familarize themselves with the police reports and documents including but not limited to the arrest warrants and search warrants.

    C. They failed to interview any witnesses provided by or the government.

    D. They failed to explain to the Defendant/Movant that count 2 of the indictment, 924(C),required as an element of the offense that the government prove beyond a reasonable doubt that the underlying drug trafficking offense was one that could be tried by a court of the United States.

### AFFIDAVIT CONTINUED

**E.**   I never agreed with my Attorneys that marijuana trafficking charge was a Federal offense.

**F.**   I never conceded that the marijuana trafficking charge was a Federal offense.

**G.**   At my sentencing hearing my attorney Christine Freeman, answered for me when the District Court asked that question during plea colloqouy which is a blatant violation of Rule 11 of the Federal Code of Criminal Procedure.

**H.**   Attorney Tiffany McCord failed to read the transcript of my change a plea hearing and was not aware that I had not been properly **Boykin**ized and that the government's factual basis, which was provided my defense counsel, was deficient and that my guilty plea is Constitutionally invalid.

**I.**   I asked her several times to file an appeal in this but she steadfastly refused to do so and told me I had no appellate rights at all.

Dated this _10th_ Day of October, 2007.

Under F.R. CiviP Rule: 1746
I Timothy Williams do certify
Under penalty of perjury that
the foregoing is true and correct,
Executed on 10/10/07

T-y (Williams

**Sworn and subscribed** to me on this _____ Day of October, 2007.

Said Notary Public for the Parish of _Allen_.

NORTARY RUFUSE to SigN

Respectfully Submitted,

T— (Williams

Timothy Williams
F.C.I. Oakdale #11778-002
P.O. Box 5000
Oakdale, LA. 71463-5000

_____
Notary Public
My commission expires: _____

[stamp]

[seal]