IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Timothy Williams,
Defendant/Movant,

VS.

UNITED STATES OF AMERICA,
Respondent.

§
§
§
§
§
§
§

2007 OCT 30  A  9: 39

DEBRA P. HACKETT, CL
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

Case No. :2:07cv-MEF-SRW

(CR-05-216-MEF)

## MOVANT'S REQUEST TO FILE AFTER
## OCTOBER 12, 2007

Pursuant to the orders of the court, Movant request that this Honorable Court accept this portion of Movant's Reply and Argument After File Date of October 12, 2007. This Court has made it clear in its order that only upon showing of exceptional cricumstance, Movant may be allowed to send such documents after October 12, 2007. Movants circumstance for delay is as follows: Movant is indigent and could not afford the postal fees to send all of his response together.

Movant has sent an affidavit in support to request to proceed in forma pauperis for all consideration.  Movant also will states that the staff here at Oakdale F.C.I. who is the Notary Public was on leave (Mr. Larry, Movants Counselor) for a few weeks and Movant was having a difficult time obtaining some-one authorized to administer the assistance required.

Page 1

The court or U.S. Attorney is welcome to verify Movants account of his delays. Attached is a copy of Movant's request for discovery, request to proceed in forma pauperis and his Article III and Title 18 and 21 arguments. Movant prays this Court finds his circumstances exceptional.

Respectfully Submitted,

Timothy Williams Movant
F.C.I. Oakdale # 11778-002
P.O. Box 5000
Oakdale, LA. 71463-5000

7002 749O 0000 0550 9533

**CERTIFIED MAIL**

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

Timothy Williams-11778-002
Federal Correctional Facility
P.O. Box 5000
Oakdale LA 71463

Clerk of the Court
Middle District of Alabama
1 Church Street
Suite B-100
Montgomery AL 36101





UNITED STATES
POSTAL SERVICE

0000

36101

U.S. POSTAGE
PAID
OAKDALE, LA
71463
OCT 25, 07
AMOUNT

$0.00

**APPENDIX 9**

STATEMENT OF ACCOUNT
(Certified Institutional Equivalent)

*11778-002* I hereby certify that ___*Timothy Williams*___, inmate number ___, the plaintiff herein, has the following sums of money on account to his/her credit at ___*FCI OAKDALE*___, institution where he/she is confined:

Prison Drawing Account      $___ 0 ___

Prison Savings Account      $___ 0 ___

   A.   Cash      $___

   B.   Bonds      $___

I further certify that the average monthly deposits for the preceding six months is $___.

(The average monthly deposits are to be determined by adding the deposits made during a given month and diving that total by the number of deposits made during that month. This is repeated for each of the six months. The average from each of the six months are to be added together and the total is to be divided by six.)

I further certify that the average monthly balance for the prior six months is $___ *20.00* ___.

(The average monthly balance is to be determined by adding each day's balance for a given month and diving that total by the number of days in that month. This is to be repeated for each of the six months. The balance from each of the six months are to be added together and the total is to be divided by six.)

Date Certified: ___*10/24/07*___

___*UNit Counselor*___
Signature of Authorized Officer of
Institution and Title of Institution

IN THE UNITED STATES DISTRICT COURT
FOR THE  MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2007 OCT 30  A  9: 39

EDRA P. HACKETT, CL.
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | | |
|---|---|---|
| Timothy Williams, | § | |
| Defendant/Movant, | § | Case No. :2:07cv742-MEF-SRW |
| | § | |
| VS. | § | (CR-05-216-MEF) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |
| | § | |

## MOTION FOR DISCOVERY

Movant, Timothy Williams, herein named Movant, presents to this Honorable Court his Motion for "discovery," Movant requests a true copy of all of the records of the grand jury selection process in accordance with U.S.C. Title 28 § 1868. Within said records it shall provide all procedures including, and not excluding the procedures of sections 1863 (a)(b)(3)(7), 1864, 1865(a)(b)(1) and 1866 of this Title (U.S.C. 28).

Movant also requests from this Honorable Court all discovery that the prosecution has in this case. Movant requests that said information be certified by the U.S. Attorney. Movant requests that all relevant documents be sent to Movant, as directed by this Honorable Court and was not done according to this Court order on 08/21/07.

The documents Movant is requesting is his constitutional right as pro per, and not represented by an attorney, Movant has a right to inspect the authentication of any and all documents under the Federal Rule of Criminal Procedure Rule 901 (requirement of authentication or identification). Specifically Rule 901 - (7),(8)(A), (9)(10) is requested.

This requirement of showing authenticity or indentity falls
in the category of relevancy dependent upon fulfillment of a con-
dition set forth in Rule 104 (b) of the federal rule of Criminal
Procedure. When a writing of recorded statement or part thereof
is introduced by a party and adverse party may require the intro-
duction at that time of any other part or any other writing or
recorded statements which ought in fairness to be considered com-
temporaneously with it (Rule of Evidence - Federal Criminal Rule
of Procedure Rule 106).

This Motion will serve as my request to the provisions of
the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act
(5 U.S.C. 52a (d)(1), and the applicable State Statutes governing
Freedom of Information Requests if state agency request, for full
disclosure and release of all records and/or data contained in
the files of your agency, and specifically under my name and/or
an identifier assigned to my name. This request is sought specif-
ically for amendment, deletion and/or expungement ( 5 U.S.C. 552a
(d)(2)(a)) of records maintained by your Agency. The records sou-
ght but nor limited to, is the compiled file containing (1) arrest
records, (2) investigation and/or investigatory reports, (3)
reports or evidentiary and/or scientific information findings,
(4) want, warrants, and/or detainers, (5) final and closing inve-
stigation reports: and (6) any and/or all information, data, or
reports not otherwise exempt by statute (5 U.S.C: (66) (c)(b)(7)),
( 5 U.S.C. 52a (j)(2), (k)(2), or law, Tarlton v. Saxbe, 507, F2d.
1116, 165 U.S. App. D.C. 293 (1974), Menard v. Saxbe, 498 F.2d.
1017, 162 U.S. App. D.C. 284 (1974), Sullivan v. Murphy, 478 F.2d.
58, 156 U.S. App. D.C. 28 (1973). Your Agency is advised that the
investigation reports in toto are no longer accorded exempt status
unless under the specific exemption noted, and only with reference
to specific citation of authority, Paton v. La Prade, 524 F2d. 862,
868-69. (CA3 1975).

It is further requested that your agency in response to the
material requested specifically inform me if and to whom the file
and or any material contained has been released to any identifiable
individual or agency their name, title, purpose and need for such

information, the date of such release, the specific material that was released, the person within your Agency who released such information, and the specific reference of authority, statute or regulation governing such release (5 U.S.C. 52a (d)(1)), Paton v. La Parde, 524 F.2d. 862 (CA3 1975). Tarlton v. Saxbe, 507 F.2d. 1116, 165 U.S. App. D.C. 293 (1974), of Linda R.S. v. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed. 2d. 536 (1973).

It is further requested that your Agency provide me with a copy of specific regulations on your Department as provided by statute (5 U.S.C. 552), so that compliance with such regulations is adhered to except as otherwise provided by law (5 U.S.C. 701 et. seq.).

This request is made under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a)(together with the "alternate means of access"), to permit access to records on file with your Agency. If and for any reason it is determined that portions fo the material and records sought is exempt by statute 5 U.S.C. (6)(c)(b)(7), 522a (j)(2), (k)(2) or by regulation (Menard v. Mitchell, 430 F.2d. 486, 139 U.S. App. D.C. 113 (1970), Nemetz v. Department of Treasury, 446 F. Supp. 102) I request specific citation to authority for such deletion. If it should be determined that any material be deemed **CONFIDENTIAL** due to indentification of source, the permission is granted to Agency to delete source identification **ONLY** from the material for release. Paton v. La Parde, 524 F.2d. 862 (CA3 1975). Chastain v. Kelly, 510 F.2d. 1232. I further agree to pay any reasonable costs. Or file **IN FORMA PAUPERIS** if I am indigent, provided by statute or regulation of your agency, for search and copying of the material requested.

Pursuant to Title 5 U.S.C. 552 (6)(I)(1), it is noted that your Agency has ten (10) working days following receipt of this request to provide the information and material sought. Should any delay occur, it is requested that your Agency inform me of this delay as provided by Agency regulations and the date as to when your Agency will be able to act upon request.

Respectfully Submitted,

Timothy Williams

## -CERTIFICATE OF SERVICE-

I hereby certify that a true and correct copy of the above
Motion and documents have been provided to the following parties
via first class mail postage prepaid on October 24, 2007.

Clerk of the Court                      Susan Redmond
Middle District of Alabama              Assistant United States Attorney
1 Church Street, Suite B-100            One Court Square, Suite 201
Montgomery, Alabama 36104               Montgomery, Alabama 36104

Governor Bob Riley                      Attorney General for the
State Capitol                           United States of America
600 Dextor Avenue                       U.S. Department of Justice
Montgomery, Alabama 36103               950 Pennsylvania Avenue
                                        Washington, D.C. 20515

Respectfully Submitted,

Timothy Williams Movant
F.C.I. Oakdale# 11778-002
P.O. Box 5000
Oakdale, LA. 71463-5000

## TITLE 21 and 18 are Not
## Positive Laws of the United States

Evidence that is not <u>positive law</u>, becomes "prima facie" evidence, which means that it it "presumed" to be evidence unless challenged or rebutted.

Evidence based upon "Law" only becomes admissible when the law cited is "positive law" U.S.C. Title 1 Chapters 3 & 204-A)<u>UNITED STATES CODES</u>: **That whenever titles of such code shall have been enacted into positive law the text thereof shall be legal evidence of the law therein contained,** in all the courts of the United States, the several states, and the territories and insular possessions of the United States

The above statute, which is "positive law", established what is called a **"Statutory presumption"** that courts are obligated to observe. The Statute above creates <u>the notion</u> of "prima facie" evidence.

A **"statutory presumption"** is one that occurs in a court of law because it is mandated by a positive law or statute. <u>The U.S. Supreme Court</u> has ruled that **"statutory presumption"**, such as <u>1 U.S.C. 204</u> above, which **prejudice constitution rights are forbidden; as follows: 'a rebuttable presumption clearly is a rule of evidence which has the effect of shifting the burden of proof.** (<u>Mobile, Jek.C.Rco v. Turnspeed, 219 U.S. 35, 43 31 S.Ct.</u>) **and it is hartd to see how a statutory rebuttable presumption is turned from a rule of evidence into a rule of substantive law as the result of a later statute making it conclusive. In both cases it is a substitute for proof. In the one open to challenge and disproof, and in the other conclusive. However, <u>whether </u>the latter presumption to be treated as a rule of evidence or substative law, <u>it constitutes an attempt</u> by legislative fiat to enact into existance a fact which here does not and cannot be made to exist in actuality.** This court (U.S. Supreme) has held more than once that a statute creating a <u>presumption</u> which operates to deny a fair opportunity to rebut it <u>violates</u> the due process clause of the Fourteenth Amendment (<u>Bailey v. Alabama, 219 U.S. 219, 238,</u>

<u>et seq., 31 S.Ct. 145</u>)

We find the same type of "presumptions" in the 80th Congress, 2nd Session's enactment of U.S.C. Titles (3), (15), (18), (21), (28) and any other statute presumed to be enacted as **"positive law."** On **June 25, 1948,** the <u>Congressional Records</u> are facts. They first divide...into sequentially numbered volumes.Volume 94 is for the 80th Congress, 2nd session. Each volume is divided into parts. For volume 94, part 7 <u>ends</u> with proceedings from <u>June 19, 1948.</u> For volume 94, Part 8 <u>begins</u> with <u>July 26, 1948,</u> when Congress <u>reconvened</u>. **There were <u>no</u> Congressional proceedings on June 25, 1948. Therefore, it is a fact Title <u>18</u> and Title <u>21</u> undisputably cannot be "positive law."**

The <u>Congressional records</u>, itself confirms that there are no more than mere "**presumptions**". <u>Article I Section 5 Clause 4</u> of the Constitution states: that any time Congress adjourns for more than three days, it kills all pending legislation,(adjourned for more than 30 days) As it did in this instance, (June 25, 1948) never happened!

The law is well established that to sustain a crime, the statute alleged to have been violated <u>must</u> have been <u>duly enacted</u> by the legislature (see <u>Hotch v. United States, 212 F.2d 283, 284 (9th Cir. 1954)</u>. "A law which has not been <u>duly enacted</u> is not a law (but a mere presumption) and therefore a person who does not comply with its provision <u>cannot be guilty of any crime</u>. An act repugnant to the Constitution is <u>void</u>."

Again, by the Supreme Courts own assertion concerning "presumptions" of statute or laws that don't <u>exist</u> whether the <u>presumptions</u> be treated as a rule or evidence or of substantive law, <u>it constitutites an attempt</u> by <u>legislative fiat, to enact into existance a fact which here does not and cannot be made to exist in actuality.</u> (Title 18)(Title 21)

Movant claims are based on actual facts of law, backed by evidence, not <u>assumptions</u> or <u>presumption</u>. The Congressional records prove that <u>all alleged</u> enactments on June 25, 1948 do

not constitute positive law, and without a previous legal
enactment of law (no crime [may be committed], no punishment
[may be imposed]), Therefore, Movant has been indicted, sentenced
and imprisoned unconstitutionally and unlawfully.

   Longevity does not insure that a statute is Constitutional,
(Brennan v. U.S. Postal Service, per Marshall J. Circuit Justice,
58 L.E.D. 2d 51, 98 S.Ct. 22).

   The question is not how long the parties assumed a certain
state of law, but whether that state of law is merely an assumpt-
ion.

   Again, the government's own assertion before Congress and
the American People establish that they consider a statute void
when Congress adjourns for more than three (3) days.(Articles I
Section 5 Cl. 4 of the Constitution).

   "The bedrock of our system of jurisdiction is the fundamental
presumption of "Innocent until proven guilty beyond a reasonable
doubt." The presumption of innocense, although not articulated in
the Constitution, is a basic component of a fair trial under our
system or criminal justice. Long ago this court stated: the
principel that there is a presumption of innocense in favor of
the accused is the undobted law, axiomatic and elementary, and
its enforcement lies at foundation of the administration of our
criminal law. (Coffin v. United States, 156 U.S. 432, 453 (1895).

   The Fifth Amendment to the U.S. Constitution then guarantees
us a right of due process of law. Fundamental to motion of due
process of law the absence of presumption of fact or law. absolutely
everything that is offered as proof or evidence of guilt must be
demonstrated and revealed with evidence, and nothing can or should
be based on presumption, or especially false presumption. **The
Extent to which presumption is used to establish guilt absent
evidence or as a substitute for evidence is therefore the extent
to which our due process rights have been violated.**

   After further research concerning the enactment of law, Movant
confirm that Title 21 is with assertion of the United States, is

not positive law. 1 USCS 204 **History: Ancillary Laws and Directives-
United States Code Titles as positive law:** The following Titles
of the United States Code were enacted into positive law by the
acts enumerated below: Titles 1, 3, 4, 5, 6, 9, 10, 11, 13, 14,
17, 18, 23, 28, 28, 32, 31, 34, 35, 38, 39, 44, 46 and 49. Copy
attached. Under 1 U.S.C. 204, those titles of the U.S. Code
which are not enacted into positive law are considered "prima
facie evidence‖ of the enacted positive law. "prima facie" is
a fancy way to say that they are simply "presumed" to be law
until challenged or proven otherwise **its presumptuous, irrespon-
sible, and a violation of due process of law to cite a section
from a code that is not enacted into positive law [Title 21].**

A statute which imposes a "presumption" that prejudices con-
stitutionally guaranted rights is unconstitutional. More evidence
has been obtained by way of the United States, on March 1, 2000
the House of Representatives - laww office put out a letter in
response to the question concerning Title 21. It confirmed that
Title 21 and the legal effects of that Title not having been
enacted into positive law. The national archives (National Regis-
ter) also confirm that Title 21 of the United States Code (U.S.C.)
has at no time been published. In part or in its entireity, in
the Federal Register. Once again the House of Representatives now
confirm on June 28, 2000 that Title 18 was not voted on at time
stated, June 25, 1948. These are the very two titles in which the
government has charged movant with. Movant has put forth fact of
evidence, proving that Congress could not have passed any statute
or laws on June 25, 1948. If the government has Congressional proof
of the alleged enactment of all "positive laws" on June 25, 1948
and not just "presumption", U.S. bare the burden of that proof.

"If Congress does not give authority, the court cannot proc-
eed at all, if it's not in the book "No Authority". (Cheif Judge
Joe Fish - USDC- NDT Oct. 31m 2005)

Once again, evidence based upon "law" only becomes admissible
when the law cited is "positive law". It is a fact that Title 21
is not "positive law," Therefore, Title 21 charge against Movant

<u>is not</u> Constitutional and once movant has made the court aware of this violation, the Court <u>must dismiss</u> both <u>Title 21</u> and <u>Title 18</u> from the Movants record and unconditionally release Movant is in order. These rules shall be construed to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined. (Federal rule of evidence, Rule 102-Purpose of Construction).

## DISTRICT COURT JURISDICTIONAL AUTHORITY
### ARTICLE III

In order to invoke Article III Judicial power to create a court **the Congress must** follow the procedures prescribed by the Constitution of the United States within the legislation they pass. The language for doing this is found in the Constitution itself, as follows:

The judicial power of the United States, **shall** be vested in **one supreme Court,** and in such inferior court's as **the Congress** may from time to time **ordain** and **establish** (Article III Sec. I, United States Constitution).

Notice what it says: "one Supreme COurt" has judicial power (judicial power: able to try **criminal cases**) and such **inferior court** (court of the 49 states) as the **Congress may from time to time order and establish.** Only Congress can ordain and establish Article III courts, not judges or U.S. Prosecutors. This presumption has been going on far too long. The only way to prove that any court is an Article III court is for **that court to provide a copy of Congress ordaining and establishing that court as an Article III Court,** and therefore, if and when Congress do invoke a Article III court with judicial power of the Constitution, **it must** say the following because the Constitution says "shall" USSC **Middle District of Alabama** Court is hereby ordained and established pursuant to Article III of the United States Constitution.

If this process is not done, if the court that's **acting** like **an** Article III court, cannot provide proof they are an Article III court, then they are not an Article III court and have no

Page 1

judicial power. According to the rules of Statutory Construction, anything not included in an enactment of Congress must (by implication be presumed) be "excluded". The reason for this requirement originates from the Ninth and Tenth Amendments, **which reserve all power to the people and the states not explicitly granted by the Constitution.**

Congress therefore, has no authority to deliberately write a vague law that compels a **presumption** on the part of the reader about what they intended, such as whether a court was created under Article III of the Constitution. "A Constitutional prohibition cannot be transgressed indirectly by the creation of a statutory presumption any more than it can be violated by direct enactment. The power to create presumptions is not a means of escape from Constitutional restrictions." (Bailey v. Alabama, 219 U.S. 219, 239 (1911).

Likewise, **courts themselves may not engage in "presumptions" about their own authority or the authority conferred upon them by the enactment of Congress which might adversely affect protected Constitutional rights of the** litigants **appearing before them: Conclusive presumptions affecting protected interest:**

A conclusive presumption may be defeated where its application would impair a party's Constitutionally protected liberty or property interests. In such cases, conclusive presumptions have been held to violate a party's due process and equal protection rights. [Vlandis v. Kline (1973)**412 U.S. 441**].

Therefore, all United States district courts (territory courts) in the union states were never **ordained** and **established** by the Congress as Article III Court, with judicial power. We the People will no longer "presume" that district courts in the several states were created pursuant to Articles III of the Constitution of the United States, We need proof.

There is only one recorded occasion when Congress establish judicial power to a union state, Section 9(a) of Pub.L. 86-3 provided that: "The United States district court for the District of **Hawaii established** by and existing under Title 28 of the United States Code shall thenceforth be a court of the United States with judicial power derived from Article III Section I, of the Constitution of the United States."

All district courts other than Hawaii and the District of Columbia are by implication **Administrative Courts.** Which means that they are **territorial courts,** which may not rule on Constitutional rights. Even courts that are Article III Courts can only exercise that power when the judges are also Article III judges, which few judges are. Though the judicial system is set up in a territory of the United States is a part of **federal jurisdiction,** the phrase "court of the United States" when used in a federal statute is generally construed as not referring to "territorial courts" (See <u>Balzac v. Porto Rico</u>, 258 U.S. 298 at 312, <u>42 S.Ct. 343</u>, 66 L.Ed 627) in Balzac, the High Court stated:

> The United States District Court **is not** a **true** United
> States Court established under Article III of the Constitut-

ion, to administer the judicial power of the United States therein conveyed, it is created by virtue of the sovereign Congressional faculty granted under **Article IV, Section 3** of that instrument of making all needful rules and regulations respecting the **territory belonging to the United States.**

The **resemblence** of the jurisdiction to that of true United States courts in offering an opportunity to non-residents of resulting to a tribunal **not subject** to **local influence,** does not change its character as a **mere territorial court** (Cheif Justice Taft, Former President of the United States. **Balzac v. Porto Rico**).

The United States Supreme Court in two cases: (<u>Blazac v. Porto Rico</u>, U.S. 298 and <u>Mookini v. United States</u>, 303 U.S. 20)- Made it clear that a **"district court of the United States"** described a court created under **Article III** and a **"United States district court"** described a **territorial court.** The former indentified a Constitutional court of the United States exercising the judicial power of the United States and the latter merely identified a court for a district of the government of the United States.

All "United States district courts" are **territorial** and **legislative courts,** that may **only** operate as **administrative** rather than **Constitutional** or **Common Law Courts** that may **only** operate upon the **territory** and **other property of the United States** pursuant to **Articles I and IV of the Constitution.**

In **Miller v. French,** the Supreme Court Stated: under Article III of the Federal Constitution, **separation of power** principles

are primarily addressed to the structural concerns of protecting

the role of the Federal judiciary within the Constitutional designs;

such **principles are in contrast to due process**, which principally

serves to protect the personal rights of litigants to a fair hear-

ing.

The very structure of the Federal Constitution, which enume-

rates and separates the powers of the three branches of government

in Articles I, II, and III exemplifies the concept of **separation**

**of powers**; while the boundaries between the three (3) branches

are not hermetically sealed, the Constitution prohibits one branch

from encroaching on the central prerogatives of another. (**Miller v**

**French**, 147 L.Ed.2d. 326, S.Ct 2246)

Also in <u>Steel Co. v. Citizens for better environment</u>, The

Supreme Court stated: An approach denominated as the **"<u>doctrine of</u>**

**<u>hypothetical jurisdiction</u>"**—under which a Federal court making

the **assumption** that the court has jurisdiction under the Federal

Constitution's Article III for the purpose of deciding the merits

of a case, proceeds immediately to the merits question despite

jurisdiction objections, at least where (1) the merits question is

more readily resolved, and (2) the prevailing party on the merits

would be the same as the prevailing party if jurisdiction were

denied — carries the courts beyond the bound of authorized judicial

action and thus offend fundamental principles of separation of

powers, as (1) the proposition that the courts can reach merits a

question when there was no jurisdiction for the purposes of Articles

III open the door to all sorts of generalized grievances that the Constitution leaves for resolution through the political process (2) hypothetical jurisdiction produces nothing more than hypothetical judgment, which comes to the same thing as advisory opinions, and (3) the reason for allowing merits question to be decided before statutory standing questions do not support allowing merits questions to be decided before Article III question.

Article III Section (2) does not refer to "case and controversies" of criminal investigation by executive or Congressional legislation. **Without proper jurisdiction court cannot proceed at all**, but can only note jurisdiction defect and dismiss the suite- for a court to pronounce upon a law's meaning or Constitutionally when it has no jurisdiction, to do so by very definition an ultra vire act (Steel co. v. Citizens for a better envirnment, 140 L.Ed. 2d. 210, 523 U.S. 83, 118 S.Ct. 1003) The bottom line: The United States district courts now operating in a union state with the exeception of Hawaii 28 U.S.C. 91, are Articles I Administrative Court. The **F.R.Cr.P.** are **only applicable** in **Article III Courts**, Appellate courts, the Supreme Court and three Island Courts: District of Guam, Northern Mariana and the Virgin Islands. United States district courts are opperating without authorized Criminal Rules: Without COngressional authority, without jurisdiction.

Cheif Judge Joe Fish, U.S.D.C. N.D.T. admitted this to be **true and factual** on October 31, 2005: If Congress does not give authority, the court cannot proceed at all; if it is not in the

book "no authority".

The district Courts shall have original Jurisdiction of **all civil courts** arising under the Constitution, laws, or treaties of the United States (28 U.S.C.S. 1331 - federal question). In relation-ship to other departments, the federal courts must stay within their Constitutionally prescribed sphere of action. Regardless of whether exceeding that sphere will harm one of the other two bra-nches of government.

The requirement that a federal court's jurisdiction be established as a threshold matter (1) spring from the nature and limits of the judicial power of the United States, and (2) **is inflexible and without exception** (<u>Steel Co. v. Citizens for a Better Environment</u>, 118 S.Ct. 1003, 523 U.S. 83, 140 L.Ed.2d 210 1998). USDC Middle District of Alabama Northern Division has no Article III jurisdiction, and has confirmed its lack of juris-diction when they (USDC MDA) removed the Criminal Docket number and replaced it with a civil docket number, if the USDC, MDA do not have jurisdiction it must dismiss all charges, "**the clerk <u>must</u> file the motion**(§ 2255) **and enter it on the criminal docket of the case in which the challenged judgment was entered (F.R.Crim.P.Rule 3(B)** to come to the truth of what is really happening in the courts of the United States, one has to undertake a study of the three (3) articles **in the Constitution,** under which courts of the United States are created and may operate Articles I, III, IV, of the Constitution.

Articles I courts are **legislative courts** and are created by Congress and operate within **very special limited areas** of operation. **Article III** courts are of the third branch of government, the **judicial branch,** and are **supposed** to be **independent of the other two (2) branches of the government** with **no influence** or **coercion** from those **two branches of the government on the judicial branch.** Article IV courts are created by Congress for the **territories** and even though called **territorial Courts,** which they are, the said territorial courts are still under the the thumb of Congress **and not independent but serve their master, the Congress, and cannot prosecute criminal cases.**

28 U.S.C. § 1292 — note the difference between **district Court of the United** States verses **United States District Court:**

The words **"district court of the United States"** Commonly describe Constitution courts created under **Article III of the Constitution,** not the legislative courts which have long been the Courts of the territories (<u>Int'l Longshoreman's and Warehouseman's Union et. al. v. Juneau Spruce Corp,</u> 342 U.S. 237 (1952).

### <u>28 U.S.C. 1869 (f)</u>

**"United States District Court", "**district court, and **"court" shall mean** any district court **established by Chapter 5** of this Title, and any court which is created by Act of Congress in a **territory** and is invested with any jurisdiction of a district court established by chapter 5 of this title.

**28 U.S.C. 451 definitions-as used in this Title (28)**

The Term **"court of the United States"** includes the **Supreme Court** of **the United States, Courts of Appeals,** district Constituted by Chapter 5 of this Title, including **the courts of international trade** and any court **created by** Act of Congress. (**Article III Courts**).

The term **"district court"** and **"United States district court"** mean the courts constituted by Chapter 5 of this title (28)(territorial courts— Articles I, IV Courts).The term **"district"** and **"judicial district'** means the district **enumerated in Chapter 5 of this Title (28).** In sum, Constitution unambiguously enunciates a fundamental principle — **that the "judicial power of the United States" must be respond in a independant judiciary,** it **commands** that the independence of the judiciary be jealously guarded, and it provide clear instructional protection for that independence. (Northern Pipeline Co. v. Marathon Pipeline Co., 458 U.S. 50 1982).

**Congress has the only power to ordain and establish an Article III Court.—** It has from **time** to **time** established such courts:

> The Courts specifically identified as Article III Courts within Title 28, include the following. All those courts not mentioned are Article IV or Article I legislative courts;

1) **United States District Court of Hawaii:** See Legislative notes under 28 U.S.C. § 91, which says:

> "Section 9(a) of **Pub. L 86-3** provided that: The United States District court for the district of Hawaii **established** by and existing under Title 28 of the United States code **shall henceforth be a court of the United States with Judicial power derived from Article III, Section I, of the Constitution of the United States."**

2) **United States District Court of the District of Columbia:**

   "It is consonant with the ruling of the Supreme Court in O'Donoghue v. United States, 1933, 53 S.Ct. 740, 289 U.S. 516, 77 L.Ed. 1356, that the (then called) Supreme Court and court of appeals of the District of Columbia are Constitutional courts of the United States, **ordained** and **established under Article III of the Constitution, Congress** enacted that the court of appeals "Shall hereafter be known as the United States court of appeals for the District of Columbia. (28 U.S.C. § 88 Legislative Notes)

3) **United States Court of International Trade:** See 28 U.S.C. §

251 (A): **Appointment and number of judges: offices:** A) The President shall appoint, by and with the advice and consent of the Senate, nine judges who shall constitute a court of record to be known as the United States Court of International Trade. Not more than five of such judges shall be from the same political party. **The court is a court established under Article III of the Constitution of the United States.**

4) **"United States Custom Court:** "1956 — Act July 14, 1956, declared the customs court to be a court established under Article III of the Constitution of the United States (28 U.S.C. § 251 Legislative Notes). **NOICE:** United States **Middle District of Alabama was not mentioned or listed as an Article III Court, therefore confirming its lack of jurisdiction to render judgment in criminal cases and proceedings.**(On non-Federal employees and outside territory) in **Palmore v. United States,** 411 U.S. 389, 36 L.Ed.2d. 342, 93 S.Ct. 1670, the Court held that: "Article III describes the judicial power as extending to all cases, among others, arising under the laws of the United States: but, aside from this court, the power is vested "in such inferior courts as the Congress may from **time** to **time ordain** and **establish.**" The decision with respect to

inferior federal courts, as well as the task of defining their jurisdiction, was left to the **discretion of Congress.**

That body was not Constitutionally required to create inferior Article III courts to hear and decide cases within the judicial power of the United States, including those criminal cases arising under the laws of the United States. Nor, if inferior federal courts were created, was it required to invest themwith all the jurisdiction it was authorized to bestow under Article III. **"The judicial power of the United States ... is (except in enumerated instances, applicable exclusively to this court)** dependent for its distribution and organization, and for the modes of its exercise, **entirely upon the action of Congress, who possess the <u>sole</u> <u>power</u> of creating tribunals (inferior to the Supreme Court)...**

"It is also true throughout our history, Congress has exercised its power under Article IV to "make all needful rules and regulations respecting the territory or other property belonging to the United States." Creating territorial courts and manning them with judges appointed for a term of years. These courts have not been deemed subject to the strictures of Article III, even though they **characteristically** enforced not only the civil and criminal laws of Congress (on federal employees) applicable throughout the United States; but also the laws within the boundaries of the particular territory.

See **<u>Glidden co. v. 2 Danok</u>**, 8 L.Ed. 671, 82 S.Ct. 1459 "the

Acceptance of Jurisdiction of eith executive or legislative ref-
erences calling for advisory opinions has never been honored by
Article III Courts." "**The Judicial power of the United States
must be exercised by courts having the attributes prescribed in
Article III.**" "**The Federal Judiciary was therefore designed by the
framers to stand independent of the executive and legislative to
maintain the check and balances of the Constitutional structures,
and also guarantee that the process of adjudication itself remain-
ed impartial.**" (<u>**Northern Pipeline Co. v. Marathon Pipeline, Supra**</u>).

"Recognizing, that there is frequently no way to distinguish
between Articles I and Article III Courts on the basis of the work
they do, the only way to tell them apart is to examine the "**Estab-
lish Legislation**" to see if it complies with the requirements of
Article III (see <u>**Palmore v. United States, Supra**</u>).

What has been said should suffice to demonstrate that whether
a tribunal is to be recognized as one created under Article III
depends basically upon whether its "**Establishing legislation**"
complies with the limitations of that Article; Whether, in other
words, its business is the federal business there specified and
it's judges and judgments are allowed the **independance** there
expressly or implied made requiste, to ascertain whether the
courts now under inquiry can meet those tests. (<u>Glidden Co. v.
22Danok, Supra</u>).

The real question is not whether Congress was justified in
establishing specialized Article III Courts, but rather whether
it was justified in failing to create Article III courts in the

union states. In closing Mocant will attempt to answer the
question **"What is a territory?"** through legal definition.

Please take note of the following two very important facts
contained in the definition of "Territory.

1.    The states of the union are described as "foreign states"

2.    The word "territory" excludes any part of a state of the
union.

It is essential that we understand the legal significance of
the word "territory" within American jurisprudence. The corpus
juris secundum legal encyclopedia defines the word "territory" as
follows:

>  "The word 'territory', when used to designate a political
>  organization has a distinctive, fixed, and legal meaning under
>  the political institutions of the United States, and does not
>  necessarily include all territorial possessions of the United
>  States, but may include only the portions thereof which are organ-
>  ized and exercise governmental functions under act of Congress."

"Territories' or territory' as including 'State' or 'states."

While the term 'territories of the **united States** may, under
certain circumstances, include the states of the union, as used
in the federal Constitution and in ordinary Acts of Congress
"territory" does not include a **<u>foreign state</u>**.

"As used in this title, the term 'territories' generally
refers to the political subdivision created by Congress and not
within the boundaries of any of the several states."[86 C.J.S.
[Corpus, Juris, Secundum, Legal Encyclopedia], Territories, § 1].

"**Territory**: A part of a country separated from the rest, and subject to a particular jurisdiction. Geographical area under the jurisdiction of another country or sovereign power.

**A portion of the United States not within the limits of any state, which has not yet been admitted as a state of the union,** but is organized with a separate legislature, and with executive and judicial powers appointed by the President." [Black's Law Dictionary, Sixth Edition, Page 1473.]

All territorial "United States District Courts" are listed in Title 28, part 1, Chapter 5.

Alabama is first on the list.

The passage of time; the acquiscence of the parties, the assumption of officials, even taken together **cannot** enact a statute or ordain and establish an Article III Court.

## EXHIBITS

EXHIBIT A......................................... Page ia

EXHIBIT B......................................... Page ib

EXHIBIT C......................................... Page ii

EXHIBIT D......................................... Page iii

EXHIBIT E......................................... Page iv

EXHIBIT F......................................... Page v

# UNITED STATES
# STATUTES AT LARGE

CONTAINING THE

LAWS AND CONCURRENT RESOLUTIONS

ENACTED DURING THE SECOND SESSION OF THE
EIGHTIETH CONGRESS
OF THE UNITED STATES OF AMERICA

## 1948

AND

~~PROCLAMATIONS, TREATIES, AND INTERNATIONAL~~
~~AGREEMENTS OTHER THAN TREATIES~~

COMPILED, EDITED, INDEXED, AND PUBLISHED BY AUTHORITY OF STATE
UNDER THE DIRECTION OF THE SECRETARY OF STATE

## VOLUME 62

IN THREE PARTS

### PART 1

PUBLIC LAWS

UNITED STATES
GOVERNMENT PRINTING OFFICE
WASHINGTON : 1949

**EXHIBIT A**

Page ia

---

*National Archives and Records Administration*

700 Pennsylvania Avenue, NW
Washington, DC 20408-0001

April 26, 2006

William Boggs
USM #06968-084 Delta-A
F.C.I., Memphis
P.O. Box 34550
Memphis, TN 38184-0550

Dear Mr. Boggs:

This is in follow-up to the April 12, 2006, letter you received from John Clagett in response to your Freedom of Information Act request of April 3, 2006, regarding records of Congress. What Mr. Clagett did not mention was that records of Congress are exempt from the provisions of the Freedom of Information Act.

The *Congressional Record* and *United States Statutes at Large* are publicly available at a number of libraries around the nation that have been designated as Depository Libraries. If you had access to a computer, you could view the list for yourself by going to http://www.gpoaccess.gov and in the upper left click on locating a Depository Library. In general, the National Archives can make photocopies of its records at a charge of 50 cents per page.

Your second request was for c. 645, 62 Stat 683, et Seq., in other words the pages from volume 62 of *United States Statutes at Large* from page 683 to the end of the law on page 868. Enclosed is a gratis copy of the first page of the law in question. The total number of pages of the law is 186.

The *Congressional Record* is divided into sequentially numbered Volumes. Volume 94 is for the 80th Congress, 2nd session. Each volume is divided into Parts. For Volume 94, Part 7 ends with proceedings from June 19, 1948. For Volume 94, Part 8 begins with July 26, 1948, when Congress reconvened. Thus in answer to your first request, there are no *Congressional Proceedings* for June 25, 1948. Your third request is for all of Volume 94, Part 7 – pages 8229 to 9352. The total number of pages for Volume 94, Part 7 is 1,124.

Should you wish to purchase electrostatic copies of the 1,310 pages indicated above, the total charge would be $655.00.

Sincerely,

Rodney A. Ross

Rodney A. Ross
Center for Legislative Archives

**EXHIBIT B**

Page ib



*NARA's web site is http://www.archives.gov*

**1 USCS § 204**                                    GENERAL PROVISIONS

### HISTORY; ANCILLARY LAWS AND DIRECTIVES

**Other provisions:**

**United States Code titles as positive law.** The following titles of the United States Code were enacted into positive law by the acts enumerated below:

Title 1, General Provisions—Act July 30, 1947, ch 388, § 1, 61 Stat. 633.

Title 3, The President—Act June 25, 1948, ch 644, § 1, 62 Stat. 672.

Title 4, Flag and Seal, Seat of Government, and the States—Act July 30, 1947, ch 389, § 1, 61 Stat. 641.

Title 5, Government Organization and Employees—Act Sept. 6, 1966, P. L. 89-554, § 1, 80 Stat. 378.

Title 6, Surety Bonds—Act July 30, 1947, ch 390, § 1, 61 Stat. 646, June 6, 1972, Pub. L. 92-310, Title II, § 203(4), 86 Stat. 202, and repealed Sept. 13, 1982, 97-258,, § 5(b), 96 Stat. 1068, 1085. Similar provisions are now contained in 31 USCS §§ 101 et seq.

Title 9, Arbitration—Act July 30, 1947, ch 392, § 1, 61 Stat. 669.

Title 10, Armed Forces—Act Aug. 10, 1956, ch 1041, § 1, 70A Stat. 1.

Title 11, Bankruptcy—Act Nov. 6, 1978, P. L. 95-598, Title I, § 101, 92 Stat. 2549.

Title 13, Census—Act Aug. 31, 1954, ch 1158, 68 Stat. 1012.

Title 14, Coast Guard—Act Aug. 4, 1949, ch 393, § 1, 63 Stat. 495.

Title 17, Copyrights—Act July 30, 1947, ch 391, § 1, 61 Stat. 652; Oct. 19, 1976, Pub. L. 94-553, title I, § 101, 90 Stat. 2541.

Title 18, Crimes and Criminal Procedure—Act June 25, 1948, ch 645, § 1, 62 Stat. 683.

Title 23, Highways—Act Aug. 27, 1958, P. L. 85-767, § 1, 72 Stat. 885.

Title 28, Judiciary and Judicial Procedure—Act June 25, 1948, ch 646, § 1, 62 Stat. 869.

Title 32, National Guard—Act Aug. 10, 1956, ch 1041, § 2, 70A Stat. 596.

Title 31, Money and Finance—Act Sept. 13, 1982, P. L. 97-258, § 1, 96 Stat. 877.

Title 34, Navy—See Title 10, Armed Forces.

Title 35, Patents—Act July 19, 1952, ch 950, § 1, 66 Stat. 792.

Title 37, Pay and Allowances of the Uniformed Services—Act Sept. 7, 1962, P. L. 87-649, § 1, 76 Stat. 451.

Title 38, Veterans' Benefits—Act Sept. 2, 1958, P. L. 85-857, § 1, 72 Stat. 1105.

Title 39, Postal Service—Act Sept. 2, 1960, P. L. 86-682, § 1, 74 Stat. 578, as revised Aug. 12, 1970, P. L. 91-375, § 2, 84 Stat. 719..

Title 44, Public Printing and Documents—Act Oct. 22, 1968, P. L. 90-620, § 1, 82 Stat. 1238.

Title 46, Shipping—Act Aug. 26, 1983, P. L. 98-89, § 1, 97 Stat. 500; Oct. 21, 1986, P. L. 99-509, Title V, Subtitle B, § 5101, 100 Stat. 1913; Nov. 23, 1988, P. L. 100-710, Title I, § 102, 102 Stat. 4739.

Title 49, Transportation—Act Oct. 17, 1978, P. L. 95-473, § 1, 92 Stat. 1337; Jan. 12, 1983, P. L. 97-449, § 1, 96 Stat. 2413.

52

EXHIBIT C

NO TITLE 21



UNITED STATES    OF  AMERICA

# Congressional Record

PROCEEDINGS AND DEBATES OF THE 80*th* CONGRESS
SECOND SESSION

## VOLUME 94—PART 7

JUNE 15, 1948, TO JUNE 19, 1948
(PAGES 8229 TO 9352)

**EXHIBIT D**

UNITED STATES GOVERNMENT PRINTING OFFICE, WASHINGTON, 1948

**Page iii**



UNITED STATES · OF AMERICA

# Congressional Record

PROCEEDINGS AND DEBATES OF THE 80th CONGRESS
SECOND SESSION

## VOLUME 94—PART 8

JULY 26, 1948, TO DECEMBER 31, 1948
(PAGES 9353 TO 10316)

**EXHIBIT E**

UNITED STATES GOVERNMENT PRINTING OFFICE, WASHINGTON, 1948

ΓVΙΙΙΡΙΤ F



Congressional
Record

VOL. 94
PART 8
PAGES 9353 TO 10316

80TH CONGRESS
2D SESSION
JULY 26, 1948
TO
DECEMBER 31, 1948

EXHIBIT F

Page v