IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY WILLIAMS, ) | |
| ) | |
| Defendant/Movant, ) | |
| ) | |
| vs. ) | CASE NO. 2:07CV742-MEF-SRW |
| ) | (CR-05-216-F) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## GOVERNMENT'S SUPPLEMENTAL RESPONSE TO § 2255 MOTION

COMES NOW the United States of America (the Government), the Respondent in this case, and, responds to Defendant/Movant Timothy Williams' Supplemental Motion Under § 2255 to Vacate, Set Aside, Or Correct Sentence By a Person In Federal Custody, as follows:

The government hereby references and incorporates all arguments, citations of legal authority, and factual statements made in its initial response filed on or about September 20, 2007. The government further acknowledges that the jurisdictional issue(s) raised by Williams are not procedurally barred as said issue(s) cannot be waived.

## I. PROCEDURAL HISTORY AND RELEVANT FACTS

On September 8, 2005, a grand jury for the Northern District of Alabama returned a three-count indictment against Defendant/Movant Timothy Williams. *See* Attachment A, a copy of the indictment in this case. The indictment charged that, on or about June 13, 2005, in Montgomery, Alabama, in the Middle District of Alabama the defendant did knowingly and intentionally possess with intent to distribute marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1); that on or about June 13, 2005, in

Montgomery, Alabama in the Middle District of Alabama, the defendant did knowingly use and carry, during and in relation to, and did knowingly possess in furtherance of, a drug trafficking crime as set forth in Count 1 above, which allegation the Grand Jury realleges and incorporates by reference herein, for which the defendant may be prosecuted in a Court of the United States, a firearm, namely a Ruger, Model P89, 9mm pistol, serial # 311-98162; a Rossi, .38 caliber revolver, serial # W216081; a Strum Ruger,.223 caliber rifle, serial # 195-57105 and a Norinco, Model SKS, serial #01125 or 1701125. All in violation of Title 18, United States Code, Section 924(c)(1)(A); and, that on or about June 13, 2005, in Montgomery, Alabama in the Middle District of Alabama, the defendant, having been previously convicted in a court, of a crime punishable by imprisonment for a term in excess of one year, to-wit: Theft of Property, First Degree in the Circuit Court of Montgomery County (CC 98-282), did knowingly and willfully possess a firearm, in and affecting commerce, that is a Ruger, Model P89, 9mm pistol, serial # 311-98162; a Rossi, .38 caliber revolver, serial # W216081; a Strum Ruger,.223 caliber rifle, serial # 195-57105 and a Norinco, Model SKS, serial #01125 or 1701125, and ammunition, in violation of Title 18, United States Code, Section 922(g)(1). Williams initially entered a plea of not guilty at his arraignment on September 21, 2005.

  Subsequently, Williams entered into a plea agreement with the Government. *See* Attachment B, a copy of the plea agreement in this case. In return for a plea of guilty to the charge in the indictment, the Government agreed to recommend a sentence at the low end of the applicable advisory U.S. Sentencing Guidelines range as determined by the Court, including credit for accepting responsibility, and at least a three- level downward departure. Additionally, the Government agreed to dismiss Count 3 of the Indictment. *Id*. At 1. Williams, for his part,

agreed to plead guilty to Counts 1 and 2; to waive the right to appeal the conviction and sentence; and, to waive the right to attack the conviction and sentence in any post-conviction proceeding. The waiver excepted appeal on the grounds of ineffective assistance of counsel and prosecutorial misconduct. *Id.* At 3d.

On May 31, 2006, Williams changed his plea to guilty. *See* Attachment C, a copy of the May 31, 2006, guilty plea hearing in this case. After the Court ascertained the terms of the plea agreement, insured that Williams understood those terms (*id*. at 1- 4), and that the plea agreement contained all of the agreements between the parties (*id.* at 6), the Court outlined for Williams the maximum penalties for his charged crimes (*id.* at 7-8). Williams had previously informed the Court under oath that he was satisfied with his attorney's advice (*id.* at 6), and informed the Court that information about the U.S. Sentencing Guidelines and their impact on his plea were sufficiently discussed with his attorney (*id*. at 9). Next, the Court outlined the rights that Williams would be relinquishing by pleading guilty (*id.* at 9-11) and explained the charge in the indictment to him (*id.* at 12). The Court, with the aid of defense counsel, then elicited from the defendant the following factual basis for the plea:

    Counsel:    Mr. Williams, on June 13th, 2005, were you in Montgomery County?
    Williams:    Yes.
    Counsel:    And on that date, did you possess a quantity of marijuana?
    Williams:    Yes.
    Counsel:    And did you - were you aware that you possessed that quantity of marijuana?
    Williams:    Yes.
    Counsel:    Did you also at the same time and in the same place on that day,

|  |  |
|---|---|
|  | June 13th, 2005, possess the four firearms that are named in the indictment? |
| Williams: | Yes. |
| Counsel: | And do you agree with me that information provided to us by the government, to which we will stipulate, would establish that - excuse me. Your Honor I believe I've laid a factual basis... |
| Counsel: | One other question. Did you possess those firearms in furtherance of your intent to possess and distribute marijuana? |
| Williams: | Yes. |
| The Court: | Is there any disagreement that this offense may be prosecuted in a court of the United States; that is, the possession of controlled substance? |
| Counsel: | No, Your Honor. |

Williams then entered his plea of guilty to Counts 1 and 2 of the Indictment.

A presentence investigation report was ordered and prepared by the U.S. Probation Office in this case and a sentencing hearing was held on August 16, 2006.

Williams did not file a direct appeal of his conviction or sentence.

Williams filed his Motion to Vacate, And Or Correct Sentence on August 10, 2007. On August 21, 2007, this Court entered an order directing the Government to respond on or before September 20, 2007. The Government now files this response to the § 2255 motion.

## II.  CLAIMS RAISED IN THE SUPPLEMENTAL § 2255 MOTION

As far as the Government can discern, Williams raises the following jurisdictional issues in his § 2255 motion:

1. The Middle District of Alabama District Court is not a court ordained and, therefore, lacked authority and jurisdiction to hear any criminal case brought

    against him established by Congress as an Article III Court; and,

2. Title 21 and Title 18 of the United States Code are not "Positive" laws enacted by Congress and cannot, therefore, be enforced by the United States District Court for the Middle District of Alabama.

### III.  RESPONSE TO CLAIMS FOR RELIEF

**A.** **Williams Has Not Met The One-Year Statute Of Limitations Deadline For The Filing of Claims Under 28 U.S.C. § 2255**.

  As an initial matter, it should be noted that Williams has filed his original § 2255 motion in a timely manner under paragraph six of 28 U.S.C. § 2255, which provides a one-year period of time within which to file a motion under the rule.  The applicable provision in this case requires that a movant file his § 2255 motion within one year from "the date on which the judgment of conviction became final."

  Williams was sentenced on August 16, 2006, and did not file an appeal to the Eleventh Circuit Court of Appeals.  The Judgment in a Criminal Case was signed by United States District Court Judge Mark E. Fuller on August 23, 2006 and certified on August 24, 2006. Therefore, at the latest, Williams had three hundred and sixty-five days from entry of judgment to file his § 2255 motion. He filed his motion August 10, 2007.  It was, therefore, timely.

  Williams' supplemental § 2255 motion was filed on or about October 24, 2007 and is, therefore, outside the statute of limitations as described and defined above.

**B.** **This Court Should Dismiss Williams' Claims Because Those Claims Are Without Any Merit.**

  Williams alleges that the United States District Court for the Middle District of Alabama was without jurisdiction and authority to take up the criminal charges against him because it is

not an Article II court established by Congress under the authority granted It by the Constitution of the United States, and because the laws, themselves are not "positive" laws enacted by Congress. Williams claims must fail as they are founded on mistaken beliefs and understanding.

1. **The United States District Court for the Middle District of Alabama - an Article III Court.**

The Constitution of the United States, Article III, vests the judicial power of the United States in the Supreme Court and in the District Courts of the United States, as ordained and established by the Congress of the United States. Constitution of The United States, Article III, Section. 1.

The judicial power of the District Courts extends to all cases, in law and equity, arising under the Constitution and the laws of the United States. Further, trial for all crimes shall be held in the State where the crime is committed. *Id*. At Section. 2.

Congress has the power to make all needed rules and regulations with respect to the territory or other property belonging to the United States. United States Constitution, Article IV, Section. 3.

Congress established, by The Judiciary Act of 1789, 1 Stat. 73, Chapter XX, 13 districts of the United States, Id at § 2, each having a district court, Id. At § 3, key among them the South Carolina District and the Georgia District. In each of the thirteen districts a District Judge was to be appointed who would have the "... cognizance of all crimes and offences that shall be cognizable under the authority of the United States, committed within their respective districts, or upon the high seas..."Id. At § 4.

In 1801, Congress enacted The Judiciary Act of 1801, 2 Stat. 89. This Act reorganized the

6

judiciary, by the creation of six circuit courts, each consisting of districts, key among them the fifth circuit consisting of the districts of North Carolina, South Carolina, and Georgia. Id at § 4 and 6. The Circuit Courts were granted "... cognizance of all crimes and offences cognizable under the authority of the United States, and committed within their respective districts..."Id. At § 11.

Alabama became the 22nd state of the United States on December 14, 1819.

In April of 1820, Congress organized Alabama as one judicial district and authorized one judgeship for the United States District Court. The District Court in Alabama was granted the same jurisdiction as United States circuit courts, 3 Stat. 564.

In March of 1824, Alabama was divided into the Northern and Southern Districts, with one federal district judge serving both districts, 4 Stat. 9.

In March of 1837, Congress dissolved the circuit court jurisdiction or authority granted to the Northern and Southern District Courts of Alabama, established the Ninth Circuit and assigned Alabama to the Ninth Circuit, 5 Stat. 176. Notably, for this motion, the Act speaks to the transfer of any pending criminal action brought in either of the Alabama districts, to the respective circuit court established by the Act. Id. At § 4.

In February of 1839, Congress established the Middle District of Alabama and granted the United States District Court for the Middle District of Alabama the same jurisdiction as the United States Circuit Court, except in appeals and writs of errors, meaning the United States District Court for the Middle District of Alabama was empowered to take up any criminal action against the United States, committed within the district. 5 Stat. 315.

In August of 1842, Congress assigned Alabama to the Fifth Circuit. 5 Stat. 507.

In October of 1980, Congress assigned Alabama to the Eleventh Circuit. 94 Stat. 1994.

Because the United States District Court for the Middle District of Alabama was formed by Congress as an Article III Court, the District Court had the authority and jurisdiction to bring and dispose of the criminal case against the Petitioner. Because the Court had such authority and jurisdiction, trial and appellate counsel were not ineffective for failing to raise those jurisdictional issues in their representation of Petitioner. This claim is groundless and should be dismissed as without merit.

2.     **Title 21 and Title 18 of the United States Code are laws of the United States**

Title 18, Section 924 was enacted as part of the Gun Control Act of 1968 by Congress and amended, in part, by Congress pursuant to the Comprehensive Crime Control Act of 1984.

Title 21, Section 841(a) was enacted by Congress as part of the Uniform Controlled Substances Act and was specifically adopted by the State of Alabama and codified as Code of Alabama 1975, Section 20-2-1 to 20-2-190.

Because these are laws, specifically enacted and codified by the Congress of the United States, as such and pursuant to the United States Constitution, the United States District Court for the Middle District of Alabama, is empowered and mandated to take up said charges as against the Petitioner. This final claim is groundless and should be dismissed as without merit.

### IV.  MISCELLANEOUS

All facts not specifically admitted by the Government in this response are denied.

Furthermore, all arguments made by the Government in this response are made in the

8

alternative and should be considered separately and severally.

Also, should this Court determine that Williams has made any pro se arguments not addressed in this response, the Government would request the opportunity to further respond to those arguments.

Finally, Williams has not pleaded facts or presented sufficient evidence or argument demonstrating he is entitled to an evidentiary hearing, and his claims for relief should be denied without an evidentiary hearing. *See, Blacklidge v. Allison*, 431 U.S. 63, 73-74 (1977); *Tejada v. Dugger*, 941 U.S. 1551, 1559 (11th Cir. 1991); *United States v. Laetividal-Gonzalez*, 939 F. 2d 1455, 1465 (11th Cir. 1991).

## V.  CONCLUSION

For the above reasons, Defendant/Movant Timothy Williams has failed to demonstrate that he is entitled to any relief from this Court, and his § 2255 motion should be denied without an evidentiary hearing.

Respectfully submitted this 16th day of November, 2007.

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280     (334) 223-7138 fax
susan.redmond@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY WILLIAMS ) | |
| ) | |
| vs. ) | CASE NO. 2:07cv742-MEF-SRW |
| ) | (CR-05-216-F) |
| UNITED STATES OF AMERICA ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I certify that I placed a copy of same in the United States Mail, postage pre-paid and properly addressed to Movant/ Defendant Timothy Williams, #11778-002, FCI-Oakdale, P.O. Box 5000, Oakdale, LA 71463-5000.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7138 fax