UNITED STATES DISTRICT COURT
OF THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2008 JAN -8 A 11:57

Timothy Williams,          )
    Petitioner,          )
                                    )   Case No.: <u>2:07CV742-MEF</u>
VS.                       )
                                     )
UNITED STATES OF AMERICA, )
    Respondent.          )

## MOTION TO DEEM MATTERS ADMITTED

**COMES NOW**, Petitioner, <u>Timothy Williams</u>, pro se, moves this Honorable Court for an order granting his Motion To Deem Matters Admitted on the grounds that the government failed to raise, in their supplemental response, an answer or defense to Petitioner's new claims he asserted in the amendment to his § 2255 motion, thereby waiving any answer or defense they may have possessed, and in support thereof shows unto the court the following grounds:

### I

On or around Aug. 10, 2007 the Petitioner filed a pro se petition for a writ of habeas corpus pursuant to **28 U.S.C. § 2255**. On Sept. 20, 2007, the government filed their response and the Petitioner for the first time received a copy of his change of plea hearing. Upon Constitutionally defective errors in his transcripts and further evidence of ineffective assistance of counsel provided by his court appointed lawyers, Petitioner timely moved for leave of court to amend his 2255 motion and two additional grounds for relief based upon constitutional violations that occurred during his change of plea hearing and his sentencing:

-1-

1.) The court failed to establish a factual basis for the acceptance of his guilty plea.

2.) That his guilty plea to 924(c)(1) was constitutionally defective because the government failed to establish that the Petitioner actively employed the firearm during and in violation to the predicate crime.

## II

The district court reviewed Petitioner's Amendments on 10/18/07 and determined that an answer was required and gave the government thirty (30) days to respond to Petitioner's amended § 2255 motion. The government filed their response on November 16, 2007. The government's response addressed only the claims Petitioner made in his original § 2255 motion and made no attempt to and failed to even mention the claims Petitioner raised in his amended 2255 motion.

## III

By failing to answer or respond to Petitioner's amended § 2255 motion as required by the district court's order and the Federal Rule of Civil Procedure 8(b)(6), 8(c), the government waived their defense to claims in the amended § 2255 motion. Scott v. Collins, 286 F.3d 923, 928 (6th Cir. 2002); Nordi v. Stewart, 354 F.3d 11, (9th Cir. 2004)

## IV

The government's failure to respond deems Petitioner's allegations in his amendment true and Petitioner has established that his guilty plea was not knowing, voluntary, intelligent (as he was

not personally required to respond by the court) and the district court erroneously accepted his guilty plea to a violation of 924(C)(1) when the Petitioner did not admit and the government failed to establish through any evidence or testimony that the Petitioner "Actively Employed" a firearm within meaning of Bailey v. United States, 516 U.S. 137 (1995).

## V

Accepting the Petitioner's allegations as time, the Petitioner has established by clear and convincing evidence that the government failed to establish a factual basis for his guilty pleas in clear violation of Federal Rules of Criminal Procedure 11. Petitioner's guilty plea was unconstitutionally obtained in violation of the **Sixth Amendment** right to counsel and **Fifth Amendment** right to due process of law. Accordingly, his sentence must be vacated and his conviction set aside.

## VI

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") the courts have held that "while civil in nature, habeas corpus cases are different from ordinary civil cases where only the interests of the parties are involved. Long v. Wilson, 393 F.3d 390 (3rd Cir. 2004). The intent of Congress' 1996 habeas corpus reforms was to have statute of limitations and other procedural issues governed by the Federal Rules of Civil Procedure. See Calderon v. Thompson, 523 U.S. 538, 554 118 S.Ct. 1489, 1500, 140 L.Ed. 728 (1998) and Duncan v. Walker, 533 U.S. 167, 168, 121 S.Ct. 2120 (2001), and Williams v. Taylor, 529 U.S. 420, 436, 1205 S.Ct. 1479, 1490, 146 L.Ed. 2d. 435 (2000).

VII

Limitation periods protects the defendants and the courts. United States v. Kubrick, 444 U.S. 111, 117, 100 S.Ct. 352, 357, 62 L.Ed. 2d. 259 (1979), because they "free the courts from adjudicating stale claims," Sun Oil v. Worthman, 486 U.S. 717, 736, 108 S.Ct. 2117, 2129, 100 L.Ed. 2d. 743 (1988). They also support "the minimization of unneccessary litigation." Felder v. Casey, 487 U.S. 131, 154 108 S.Ct. 2302, 2315, 101 L.Ed. 2d. 123 (1988). The AEDPA's time limitations and court ordered time limitations protect the public and judicial interests and transcend the parties to a litigation.

VIII

The government in this case chose to ignore the mandates of Federal Rules of Civil Procedure 8(B)(6) and the Magistrate (30) thirty days requirement to file their response and therefore, their answer or defense is waived. U.S. v. Bendolph, 409 F.3d 155 (3rd Cir. 2005). The government, by their failure to respond, has conceeded that their is no factual basis for Petitioners guilty plea to count violation 841 and that the Petitioner did not "Actively Employ" the firearm as required by Bailey, Supra, rendering guilty plea to 924 constitutionally invalid. The government has conceeded the Court erroneously accepted Petitioner's guilty pleas to their two counts in the indictment and that his sentence imposed by the district court is unconstitutional.

Respectfully Submitted,

*[signature]*
Timothy Williams   pro se

Dec 19, 2007