IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Timothy Williams, § | |
| Defendant/Movant, § | |
| § | Case No.: 2:07CV-MEF-SRW |
| VS. § | |
| § | (CR-05-216-MEF) |
| § | |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

Fed. R. Civil. P. 15(a)
Response To Government's Time BAR Allegations

Pursuant to the order of this Court, ordering Movant, that on or before December 10, 2007, he may file a reply to the supplemental response filed by the government.

Movant has not been provided with the government's supplemental response in which he can respond to, therefore, Movant will respond to the order this Court has provided Movant with. In this order sent by the court, it says the government contends that (1) the petitioner's Amended motion was filed outside the applicable one year limitation period and that his new claim are therefore time-barred. (2) in addition the government argues that these new claims lack merit.

Under these conditions Movant cannot respond to the no-merit claim the government argues, but can only provide what the law allows concerning Rule 11 of the Federal Rules of Criminal Procedure and what the Supreme Court provided in "Bailey." And allows this Honorable Court to decide the merit thereof.

On 10/18/2007 - Document # 13, this court granted Movant's amendment for "good cause" under **Rule 15 (A) F.R.Civ.** Procedure. **"unless it is provided otherwise by a Rule or Statute, the court generally has the authority to allow an Amendment to pleading at any time in the proceeding, if doing so in the**

furtherance of justice (<u>Yavis V. Sullivan, 76 A.2d 99, A.L.R. 2d 206</u>). Rules of statutes, in fact, often provide that pleadings may by **leave of court be amended** at any time and at any stage of a proceedings. (<u>Carrol V. Gore, 89 A.L.R. 1495</u>) under **such rules the court has discretion** upon application, to permit either party to amend any defects in any pleadings when such an amendment is nesessary for the purpose of **determining the real question in controversy** (<u>Carrol V. Gore Supra</u>). F.R.Civ. P., **Rule 15 (A)**, which generally governs amendments to pleading in federal court, does not set any limit as to when in the proceedings and amendment with leave of court may be sought. (<u>Hirshhorn V. Mine Safety Appliances Co., 101 F. Supp. 549</u>)(<u>American Jurisprudence 2d 61A-N. 766- time of Amendments - Pleadings</u>)

An application for leave to amend is ordinarily addressed to the sound discretion of the trial court and this discretion will not be disturbed on appeal except in case of an abuse of discretion. Nonetheless, the general policy of the law is to permit amendments to pleadings, and a court should not unreasonably refuse to amend. (<u>American Jurisprudence 61 A N762 Discretion of Courts</u>) in <u>Whitmire v. Victus, 212 F.3d 885 (5th Cir. 2000)</u>. <u>Baez v. Banc One Leasing Corp., 348 F.3d 972 (11th Cir. 2003)</u>. The fifth and eleventh Circuit ruled that the district court abused its discretion by not allowing petitioner to amend by leave of court stating that: "**leave to file and Amendmended pleadings shall be freely given when justices so require.**"

In <u>Burger King Corp. V. Weaver, 169 F.3d 1310 (11th Cir. 1999)</u>. The 11th Cir. stated:" leave to amend should be liberally granted when necessary in the interest of justice. F.R.Civ.P. 15 (A). Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." (<u>Oussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598 (5th Cir. 1981), Allison v. McGhan Medical Corp., 184 F.3d 1300, 1308 (11th Cir. 1999)(Thomas v. Town of Davie, 847 F.2d, 771, 773 (11th Cir. 1988)</u> and <u>Moore v. Liberty Nat. Ins. Co., 108 F.s2d 1266 (N.D. Ala. 1988)</u> Stated: unless a substant-

ial reason exist to deny such a motion to amend, it should be freely granted. Also See <u>Harett v. Valley Federal Sav. Bank, 60 F.3d 754 (11th Cir. 1995)</u> The Court stated: **Fed.R.Civ.P. 15 (A)** provides the district court with **extensive** discretion to decide whether to grant leave to amend after the time for amendment as a matter of course has passed. (<u>6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, federal practice & procedure Civil 2d 81486 at 604</u>).

Fed.R.Civ.P. 15(A) provides that a party may amend its pleadings **by leave of court** "And leave shall be freely given when justice so requires." Courts generally view motion to amend pleading with liberality. Moreover, district courts have wide latitude in deciding motions to amend because the standard of review is clear abuse of discretion. (<u>Doe v. Board of County Com'rs, 783 F. Supp. 1379 (S.D. Fla. 1992)</u>.

Movant has provided federal law and case law that establish his motion by leave of court and the court's decision to grant such motion is proper and justified. In closing on this matter of the granting of Movants amendment by this Honorable Court, Movant would mention that **Doe v. Board of County, Supra** the court contends [Contends] that the **11th Circuit** teaches the **standard** for the district court is found in the supreme court's decision in <u>Forman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d. 222 (1962)</u> N5, N6 states:" The court of appeals also erred in affirming the district court's denial of petitioner's motion to vacate the judgment in order to allow amendment of the complaint as appears from the record, the amendment would have done no more than state an alternative theory for recovery. **Rule 15 (A)** declares that leave to amend "shall be freely given when justice so requires"; **this mandate is to be heeded**. See generally, 3 Moore, Federal Practice (2d ed 1948) 15.08, 15.10, **if the underlying facts or circumstances relied upon by a plaintiff may be proper subject of relief, he ought to be afforded an opportunity <u>to test his claim on the merits</u>. In absence of any apparent or declared reason— such as undue delay, bad faith or dilatory motive on the part of the Movant, repeated failure**

-3-

to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, e.t.c — the leave sought should, as the rules require, be "freely given," of course, the grant or denial of an opportunity to amend is within the discretion of the district court, <u>but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of federal rules.</u>"

Based on the standards the supreme court set forth in "**Forman v. Davis Supra**" Movant's proposed amendment is not the result of undue delay bad faith or dilatory motive. As previously mentioned in said request to amend, Movant moved for an amendment as soon as he received a copy of his transcript on 10/04/07 and requested leave of court by deadline 10/12/07. Therefore, Movant acted in a timely fashion to amend his 2255 in light of the newly discovered facts from the trial record. Moreover, because this is the first time Movant seeks to amend his 2255, Movant is not guilty of repeated failure to cure deficiencies in his motion or amendment. Movant's amendment cause no undue prejudice and the amendment is not subject to futility of amendment, for each claim is meritious.

Therefore, District Court of the Middle District of Alabama was justified by granting Movant's amendment in accordance with **Rule 15 (A)** and **Forman v. Davis Supra**.

### F.R.CIVIL PR. 15 (C)(2)
### RELATION BACK

The government contends that the amendment granted by this Honorable Court was filed outside the applicable one year limitation period. The relation back of Amendments provision of **Rule 15 (C)** of the Federal Rules of Civil Procedure ("**Fed.R.Civ.P.**") is consistent with **28 U.S.C. 2255** proceeding and rules governing 2255 proceedings, such that an amendment to a timely filed 2255 petition may relate back to the date of the petition after the

expiration of the one year period of limitations prescribed by **AEDPA Act of 1996.**

Under **Fed.R.Civ.P. 15 (c)**, an amendment which, by way of additional **facts clarifies** or **amplifies** a claim or theory in the petition may, in the District Court's discretion, relate back to the date of that petition if an only if the petition was timely filed and proposed amendment does not seek to add new claims or insert a new theory into the case. (<u>**United States v. Duffus**, 174 F.3d 333, 336 (3rd Cir. 1999 Cert. Denied</u>).

In Movant original 2255, Movant claims counsel was ineffective for **failure to file a direct appeal.** In Movant's amendment he has merely raised the **facts** from the case records to support his claim of ineffective assistance of counsel. Movant was providing factual proof that if counsel would have reviewed Movant's case as she (Tiffinay McCord) stated to Movant previously and to this court in her sworn affidavit. It was for Movant to show counsel **conduct** was deficient and that her deficient **conduct** has prejudiced Movant's case. Movant has at no time raised new claims, but did raise **facts** from the case record that **clarify Movant's claim**; that counsel was ineffective for failure to file a direct appeal. Certainly the court would permit Movant to clarify in his amendment a claim initially made in his original 2255 motion.

The purpose of **Rule 15** is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities. (<u>**U.S. v. Thomas, 221 F.3d 430 (3rd Cir. 2000)**</u>. The sole purpose for Movant's amendment is to provide factual clarification or amplification of a claim that attempted to be set forth in Movant's original **2255.**

"If the underlying facts or circumstances relied upon by a plaintiff may be proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits (**Forman v. Davis, 9 L.Ed.2d 222, 83 S.Ct. 227**) One of the underlying facts in Movant's amendment is counsel failed to file an direct appeal on the ground that the failure of the government, and the court to establish an factual basis for a court to accept

a guilty plea, has violated Movant's Fifth Amendment rights of due process. In McCarthy Vs. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed 2d. 418 (1969), the court held that rule 11 must be strickly construed, that strict compliance therewith is required, and that the failure of the judge to personally address the defendant to ascertain that the plea is being tendered voluntarily with understanding of the nature of the charge. And the consequences of the plea or to satisfy himself that there is a factual basis for the plea is not strict compliance (McCarthy Vs. United States Supra).

Movant contends that his plea was not voluntarily and knowing because the district court subsequently attempted to inform the defendant of the elements of the Title 18 U.S.C. 924 (c)(1)(A), if the district court would have successfully explained the elements of the offense as Rule 11 requires (active employment) Movant would not have pleaded guilty to a offense he's not guilty of. The Court read the elements of 924 (c)(1)(A), but such circumstance standing along, give rise to the presumption that Movant completely understood and was properly informed of the nature of the charge against him. "Henderson Vs. Morgan, 426 U.S. 637, 647, 49 L.Ed. 2d. 108, 96 S.Ct. 2253 (1973)." Because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an Understanding of the law in relation to the facts," under the provisions of Rule 11 of the Fed.R. Crim.P. that the judgment shall not be entered upon a plea of guilty nless the district court is satisfied that there is a factual basis for the plea, the judge must determine that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty; requiring such an examination of the rela-

-6-

tion between the law and the defendant's acts is designed to protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charges, U.S. Vs. Reasor, 418 F.3d 466 (5th Cir. 2005); United States Vs. Vera 514, F.2d (5th Cir. 1975); U.S. Vs. McCarty Supra; Also See, Santobello Vs. New York, (1971) 404 U.S. 257, 30 L.Ed 2d 427, 92 S.Ct. 495, in which the Supreme Court stated that with respect to guilty pleas in the federal courts, Rule 11 of the Federal Rules of Criminal Procedure made clear that the sentencing judge had to develop, on the record, the factual basis for the plea, as, for example, having the accused describe the conduct that gave rise to the charge.

In Santobello Supra, the Supreme Court "made clear that the sentencing judge had to develop, on the record the factual basis for the plea," but in this case we see from the records Movant's attorney (C. Freeman) establish the factual basis, this is an violation of Movant's Constitutional rights under the Fifth and Sixth Amendment, due process and effective counsel. (PS 12 Line 15 to PS 13 Line 14 of the change of Plea Hearing Transcripts) Furthermore, when the court addressed the defendant with the question; "is there any disagreement that this offense may be prosecuted in a Court of the United States; that is, the possession of controlled substance?" Movant's attorney (C. Freeman) answered and in violation of Rule 11, the court accepted counsel's answer that she didn't disagreewith this offense being prosecuted in a Court of the United States." Generalized admission of statement by defense counsel at arraignment do not meet Rule 11 requirement that court must be satisfied that there is a factual basis for a guilty plea, from

defendant's own admission that he engaged in conduct which constitutes charged offense." (United States Vs. Tucker, 425 F.2d 624 (4th Cir. 1970) "Statements by defendant's counsel do not satisfy Rule 11's mandate that the court personally address the defendant. (Phillips Vs. United States, 519 F.2d 483 1975) "Before entering judgment on a guilty plea, **the court must determine** that there is a factal basis for the plea. (Fed.R.Crim.P Rule 11 (B)(3)). In Reasor Supra the Fifth Circuit stated: "Notwithstanding an unconditional plea of guilty, **we would reverse** on direct appeal where the factual basis for the plea as shown of record **fails to establish an element of the offense of conviction**". If a defendants guilty plea is not voluntary and knowing, it has been obtained in violation of due process and therefore void. (Boykin Vs. Alabama, 395 U.S. 238, 23 L.Ed. 2d. 274, 89 S.Ct. 1709) The Supreme Court also stated in "McCarthy Supra" that: a defendant is entitled to plead anew if a United States District Court accepts his guilty plea without fully adhering to the procedure provided for in rule 11 of the Federal Rules of Procedure. **This decision is based soley upon our construction of Rule 11 and is made pursuant to our supervisory power over the lower federal courts."**

    The 11th Circuit has stated in U.S. Vs. Depace, 120 F.3d 233 (11th Cir. 1997), "Purpose of Rule requiring Court to satisfy itself that there is factal basis for guilty pleas is to protect defendant who mistakenly believes that his conduct constitutes criminal offense to which he is pleading (Fed.R.Crim.P. 11 (f)). Also in United States Vs. Hourihan, 936 F.2d 508, 511 (11th Cir. 1991) the 11th Circuit Judges stated "A court failure to address anyone of these three core concerns requires automatic reversal."

(1) The gulty plea must be free of coercion; (2) **the defendant must understand the nature of the chargss**; (3) the defendant must know the consequences of the plea. (<u>United States Vs. Bell, 776 F.2d 965, 968 (11th Cir. 1985</u>).

A review of the Rule 11 colloquy as a whole reveals that the district court of the United States did not conduct a factal basis according to the standard provided by the Supreme Court in McCarty, Supra Fed.R.Crim.P. Rule 11 <u>Boykin V. Alabama Supra</u>, and the 11th Circuit decision in "Depace", Supra, Hourihan" and Bell and Fifth Circuit in U.S. Vs. Reasor, therefore, violating Movants Constitutional rights of due process.

Counsels failure to file a direct appeal demonstrates the deficient conduct performed by counsel, and their deficient conduct prejudice Movant case. As the Fifth Circuit ruled in <u>Reasor Supra</u>, **"We would reverse on direct appeal** where the factual basis for a plea as shown of record fails to establish an element of the offense of conviction."

The Court's failure to determine factual basis for defendant's Title 18 U.S.C. 924 (C)(1)(A) "use' and carry" firearm in drug offense before accepting defendant's guilty plea, and to determine whether defendant understood nature of the elements of charge before pleading guilty, as required by Rule 11 of the Criminal Procedure governing pleas, Affected defendant's substantial rights and seriously affected the fairness, integrity or public reputation of the judicial proceedings, and thus, it was reversable plain error. (<u>United States Vs. McCreary-Redd, 475 F.3d 718 (6th Cir. 2007</u>).

A district court errs when it "fails to comply with the clear mandate of a federal rule of criminal procedure", and this error is plain. Rule 11 (b)(3) states that before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea.

It's Movant's contention that the District Court Middle District of Alabama failed to establish an factual basis and by ruling of the Supreme Court in "McCarty", this court must allow Movant to plea anew.

Movant now requests this Honorable Court to allow Movant to plea anew as the law requires. The second underlying fact Movant used to support his ineffective assistance of counsel — failure to file a direct appeal is that Movant is not guilty of the elements required to violate **Title 18 U.S.C. 924 (c)(1)(A)**" "use" and "carry" of a firearm in the furtherance of a drug trafficking offense."

Movant's contention is if counsel would have read the case file as she (Attorney McCord) previously mentioned to Movant and also to this court in a sworn affidavit. She would have seen the Rule 11 violation, and she would have seen that Movant was actually innocent of the 924 (c)(1)(A) offense. Counsels **failure to file an direct appeal** first render her ineffective in accordance with <u>Anders Vs. California, 18 L.Ed. 2d. 493, 87 S.Ct. 1396 (1967))</u>. For not filing after being requested to file by Movant. Secondly, if she would have read the case file she would have seen in the police report obvious facts necessary to file an direct appeal. The reading of the police report would have shown the Attorneys in Movant's case that Movant's firearms were in his bedroom closet and one in a vehicle on the property. At no time did Movant "use" (deploy) any firearm as a weapon or otherwise in

-10-

the furtherance of a drug trafficking offence as this offense requires such conduct see <u>Bailey Vs. United States, 133 L.Ed. 2d 472, 116 S.Ct. 501</u>. A conviction for use of a firearm for purpose of 924 (c)(1) requires evidence sufficient to show an active employment of the firearms by the accused, a **use** that makes the firearm an operative factor in relation to the predicate offense."

It is Movant's contention that Counsel's **failure to file a direct appeal** on the facts from the arrest report that would prove beyond a reasonable doubt that the 924 (c)(1)(A) conviction in question **were not supported by sufficient evidence that the firearms were actively employed in any way.**

Evidence of the proximity and accessibility of the firearms to drugs or drug proceeds is not alone sufficient to support a conviction for "use" under the statute (Bailey Supra) <u>United States Vs. Feliz-Cordero, 859 F.2d 250 (2nd Cir. 1988)</u>" Section 924 (c) requires more than mere possession of a firearm."

The Supreme Court made it clear in "Bailey" concerning charging of 924 (c)(1) "that the nonactive nature of this asserted "use" is clearer is a synonym is used: Storage. **A defendant cannot be charged under 924 (C)(1) merely for storing a weapon near drugs or drug proceeds.**

Movant have provided this Court with evidence that Movants Amendments in fact relate back to his original 2255, the two underlying facts movant presented <u>**clarify**</u> Movant's original claim of failure to file and direct appeal, ground three on Movant's original 2255, therefore, Movant's Amendment is not time-barred as the government argues.

In closing, Movant would request that this Honorable Court take

-11-

Judicial notice of these underlying facts (Rule 11 Fed.R.Crim.P. and not guilty of violating Title 18 U.S.C. 924 (c)(1)(A)). Supplied in Movant's Amendment and in this reply herein. Rule 201 (D) of the Federal Rule of evidence states is hereby requested.

Movant would also make the court aware that Movant prepared this response before December 7, 2007, the day Movant received the copy of the Government's supplemental response thus explaining the openning of this Motion.

## JURISDICTION

Movant has made his argument concerning his jurisdiction claims in prior motions. His claims have provided factal proof, such as Supreme Court decisions, and authenticated evidence such as what Congress provided in the Federal Rules of Civil Procedures (Chptr. 5). Each motion has been put in the record. Therefore, Movant will not argue what's been argued again, but will deny all allegations made by the United States in their supplement response.

The United States has not provided any evidence to their allegations concerning jurisdiction in this case. Their allegations are "unconstitutional judicial presumptions," The government bares the burden of proving jurisdiction in this case, **they have not done so. Presumption may not be used as evidence or as a substitute for evidence.** A corollary of this rule is that a **presumption may act only temporarily as a substitue evidence, until the party who is making it can introduce evidence that proves the point their presuming."** Presumptions which prejudice constitutionally guaranteed rights are unconstitutional and may not be employed." (Vlandis Vs. Kline, 412 U.S. 441, 449 S.Ct. 2230, 2235 (1973); Clevelant Bed of ed Vs. Lefleur, 414 U.S. 632, 639, 640, 94 S.Ct. 1208, 1215 (1974).

A court is abusing it's discretion if it employs, rewards, or encourages presumption to relieve either party from having to actually prove the truth of the facts being presumed.

1.)   Movant contends that the government cannot provide proof of something they never obtained, **"Jurisdiction"**. Movant now moves for dismissal with prejudice of all charges against Movant for lack of jurisdiction. This Honorable Court will be justified by that decision, for the United States has never proved beyond a reasonable doubt they in fact have jurisidiction.

2.)   **The purpose of due process is to completely eliminate all presumption from any legal proceeding which might impair or injure constitutionally guaranteed rights.**

3.)   "If any question of fact or liability be conclusively be presumed [rather than proven] against him, this is not due process (Blacks Law Dictionary, Sixth Edition P. 500).

4.)   "It is apparent that a constitutional prohibition cannot be transgressed indirectly by the creation of a statutoy presumption anymore than it can be violated by direct anactment. The power to create presumption is not a means of escape from constitutional resttrictions. (<u>Bailey Vs. Alabama, 219 U.S. 219 (1911)</u>).

5.)   Finally for all the above reasons, Movant has demonstrated that he is entitled to relief from this court and is entitled to an evidentiary hearing.

In the government's supplemental response they claim that "The United States District Court for the Middle District of Alabama — an Article III court, but provided no proof, in an evidentiary hearing, Movant and the United States will have an opportunity to bring all the necessary evidence to prove jurisdiction or the lack thereof.

An evidentiary hearing is requested, see Motion for Evidentiary Hearing, attached to these preceedings. (Notice) See attached Case, United States v. John Russell Williams, Civil Action No:02-0653-RV-S, cr. no. 01-0134, in support of Movant's claim for relief in the violations of Fed.R.Crim.P. Rule 11 (factual basis) and Title 18 U.S.C. 924 (c)(1)(A). Rule on 11-01-02, submitted October 31st, 2002.

Respectfully Submitted,

/s/ Timothy Williams

Timothy Williams 11778-002
F.C.I. Oakdale
P.O. Box 5000
Oakdale, LA. 71463-5000

Dated this 19 Day of December, 2007.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CIVIL ACTION NO. 02-0653-RV-S |
| | * | CR. NO. 01-0134 |
| v. | * | |
| | * | |
| JOHN RUSSELL WILLIAMS | * | |
| | * | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S PETITION PURSUANT TO 28 U.S.C. 2255

Comes now the United States and responds to defendant's petition for relief pursuant to Title 28, United States Code, Section 2255 and states that defendant's sentence as to Count Four of the Indictment is due to be vacated for the following reasons:

### Procedural Background

On August 21, 2001, the defendant entered a guilty plea to Counts One and Four of a pending indictment. Count One charged a violation of Title 21, United States Code, Section 846, that is, conspiracy to manufacture methamphetamine. Count Four charged a violation of Title 21, United States Code, Section 924(c), that is, carrying or using a firearm in relation to and in furtherance of the drug trafficking offense. On November 14, 2001, the defendant was sentenced to serve five years as to Count One, and a consecutive five year sentence as to Count Four. The defendant filed no direct appeal. On August 27, 2002, the defendant timely filed for relief pursuant to Title 28, United States Code, Section 2255.

### Argument and Memorandum of Law

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, prior to entering a guilty plea, a defendant must be advised of the nature of the charges against him and of the factual basis

**REFERRED TO JUDGE** _RWJ_
For Ruling or Appropriate Action

DATE _11-1-02_

supporting that charge. The defendant raises no issue as to Count One of the Indictment charging Conspiracy to Manufacture Methamphetamine. However, as to Count Four, the defendant argues ineffective assistance of counsel and the voluntariness of his plea. The United States does not address the issue of ineffective assistance. The United States addresses the issue of voluntariness. The United States has read the guilty plea colloquy and agrees that during the proceedings, the defendant was not adequately advised of the nature of the charges pending against him nor did the United States state an adequate factual basis to support the charge. The guilty plea colloquy reveals the following:

> THE COURT: All right. I will ask each attorney for the Government to inform the Defendant of the charges to which they are entering a guilty plea, the essential elements of the offense, what the Government would be required to prove; have counsel also advise what the Government would be prepared to prove, and any documents that the Defendants may have signed, proof of their guilt or admission of their guilt. [Guilty Plea Colloquy on pps. 21-22, beginning at line 22.

The Court then asked each prosecuting attorney, in turn, to answer.

> THE COURT: And for Mr. Williams? [Guilty Plea Colloquy on page. 24, line 21]

The undersigned prosecutor responded as follows:

> MS. DOW: Your honor, Mr. Williams is entering a guilty plea to two counts of the indictment, Count One and Count Four. Count One charges

conspiracy, and Count Four charges a gun charge, using or carrying a firearm in furtherance of a drug trafficking offense.

Like Mr. Rutherford, Mr. Williams has signed a written factual resume and plea agreement. The elements of the charges are outlined in the factual resume.[**In fact, inadvertently, the elements of Count Four were not contained in the Factual Resume.**] Again, Count One is a conspiracy, that the United States would have to prove that Mr. Williams entered into an agreement with at least one other person to commit an illegal act; that is, in this case, the manufacture of methamphetamine, that he knew the nature of the plan, but he knowingly entered the plan.

In addition, Count Four, your Honor, the Defendant - - the United States would have to prove that this Defendant used, carried, or possessed a firearm in furtherance of that drug trafficking offense.

The United States - - the facts in this case are the same as set forth for Mr. Rutherford; that is, that on June the 7th, these individuals went to purchase methamphetamine - - pills for making methamphetamine. However, on this occasion, they were driving a vehicle owned by John Russell Williams, and that in that truck known to Mr. Williams at the time that he was involved in purchasing the pills to make methamphetamine that there was a

>Taurus .357 handgun in that vehicle. And that is the basis for Count Four of the indictment. . . . [Guilty Plea Colloquy page 24, line 21, through page 25, line 22]

The United States continued to adequately explain that the defendant faced a mandatory minimum sentence of five years for Count Four which would run consecutive to the sentence for the drug offense charged in Count One.

In order for a plea to have been voluntarily made, the defendant must be informed of the nature of the charges against him as well as the factual basis supporting the offense. See *United States v. James*, 210 F.3d 1342 (11th Cir. 2000). The Eleventh Circuit has held that in some cases reading of the indictment may be sufficient. *James* at 1345. In other cases more explanation may be necessary. In the instant case, the court asked that the United States explain the nature of the charges. The United States did so by stating, " the United States would have to prove that this Defendant used, carried, or possessed a firearm in furtherance of that drug trafficking offense." [Guilty Plea Colloquy, page 25, lines 10-13.] The United States did not explain that there needed to be a connection between the possession of the firearm and the drug offense such that the firearm facilitated or served some function in the drug trafficking offense. Neither the Factual Resume nor the Plea Agreement stated the elements of the firearms offense. In contrast, the elements of the drug conspiracy were stated in the Factual Resume and orally at the hearing. Also, facts sufficient to support the drug offense were detailed in the Guilty Plea.

In addition, the prosecutor's factual summary of the case must be sufficient to establish that the defendant committed the required elements of the offense charged. See *United States v. Boatright*, 588 F.2d 471, 475 (5th Cir. 1979). The factual basis stated must be precise enough and

4

sufficiently specific to show that the defendant's conduct constituted a violation of the offense. *United States v. Johnson*, 546 F.2d 1225, 1226-1227 (5th Cir. 1977). Here, the factual basis establishing a connection between the presence of the firearm and the drug offense was not stated. The Guilty Plea Colloquy shows that the United States stated that the defendant committed a drug trafficking offense and that he knowing possessed and carried a firearm in his truck at that time. No other link is set forth between the firearm and the drug offense.

Title 18, Section 924(c) requires more than the presence of a firearm. It requires that the firearm be possessed "during and in relation to" and "in furtherance" of the drug offense. As the Eleventh Circuit recently held, "The phrase 'in relation to' thus, at a minimum, clarifies that the firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." *United States v. Timmons*, 283 F.3d 1246, 1251 (11th Cir. 2002). The United States failed to sufficiently state facts to establish all of the elements of 924(c). Failure to adequately notify the defendant of the nature of the charges against him and the factual basis establishing his guilt to the offense renders the guilty plea as to Count Four involuntary.

## Conclusion

The defendant was not adequately informed of the nature of the charges pending against him nor did the United States set forth a sufficient factual basis to establish the defendant's guilt to Count Four of the Indictment. Therefore, the United States concedes that the defendant's sentence as to Count Four should be vacated. No issues have been raised as to Count One and the defendant through J. Charles Wilson, his current counsel, has notified the United States that he agrees that the sentence as to Count One should not be vacated, amended, or altered.

Respectfully submitted on this the 31st day of October 2002.

DAVID P. YORK<br>
UNITED STATES ATTORNEY<br>
BY:<br>
Patsy B. Dow<br>
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I, Patsy B. Dow, do hereby certify that I have on this the 31st, day of October 2002, served a copy of the above pleading on counsel for the defendant by U. S. Mail, first class, in a properly addressed and stamped envelope.

Patsy B. Dow<br>
Assistant United States Attorney