IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2008 JAN -8 A 11: 57

| | |
|---|---|
| Timothy Williams,<br>Movant/Defendant,<br><br>VS.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | Case No.: 2:07CV-MEF-SRW<br>(CR-05-216-MEF)<br><br>2:07cv742 |

RESPONSE TO GOVERNMENT
SUPPLEMENT RESPONSE

    In the Government Supplemental Response, the government acknowledges that the jurisdictional issue(s) raised by Movant are not procedurally barred as said issue(s) cannot be waived. The government also acknowledges that Movants original 2255 motion was filed in a timely manner, under paragraph six (6) of **28 U.S.C. 2255.**

    The government incorrectly assumes that Movant's Supplemental 2255 was filed on or about October 24, 2007, and is therefore, outside the statute of limitations as described and defined above. The government addresses issues that's not claimed on Movants amendment and do not address said issues within their response.

    Before Movant addresses this failure to respond to pleading that requires a response, **rule 8(b)(6)** of the Federal Rules of Civil Procedure, movant would request that this Honorable Court take judicial notice of this violation of the Fed.R.Civ.P. **Rule 8(b)(6).** Movant requests that **Rules 201 (A)(B)(D)(E)** and **(F)** of the Federal Rules of evidence be applied by this Honorable Court for "good cause" and "in the interest of Justice."

-1-

### EFFECT OF FAILURE TO DENY FED.R.CIV.P. RULE 8(D) AND NOW RULE 8(b)(6) EFFECTIVE DECEMBER 1, 2007

Movant moves that this Honorable Court dismiss all charges against Movant as the law requires. Fed.R.Civ.P. Rule 8(b)(6) make it clear that when a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when **not denied in the responsive pleading.** Averment in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided (Rule 8(b)(6) F.R.Civ.P.).

In the government supplemental response there is no responsive pleading to Movants Amendment claims, in which this court ordered the government to respond within 30 days from the date of said order (file date 10-18-07) to file a response addressing the new claims ascerted by Movant. The court instructed the government to make specific reference to Rule 15(c), Fed.R.Civ.P., in which there is no such reference in their response. The Court also cited two cases to put the government on the right path, but the government disregarded that assistance as well.

### PROCEDURAL HISTORY AND RELEVANT FACTS ON FILED DOCUMENTS

On August 10, 2007 Movant filed his Title 28 U.S.C. 2255, On August 21, 2007, the courts ordered the government to respond in 30 days and the defense attorneys to respond in 20 days of said file date 10/21/07, the four ineffective defense attorneys never sent Movant a copy of their affidavits, Movant called the clerk office and requested copies. (See Attorneys Certificate of Service, they never intended to send Movant a copy — **sanction are requested**). The government filed its response on September 20, 2007, on September 21, 2007, the

courts ordered Movant to responde to the governments response on or before October 12, 2007, Movant filed part of his reply to the government initial response on **Oct. 10, 2007, and requested by leave of Court in accordance with Rule 15 (A) of the Fed.R.Civ.P. to amend by timely filed 2255, on Oct. 18, 2007**, this Court granted Movants amendment and at that time ordered the government to respond to the "new claims" provided in Movants amendment, on Oct. 24, 2007, Movant motioned this court to allow the second part of his reply to be accepted upon a showing of exceptional circumstance, the court accepted.

On 11/16/2007, the government filed an supplemental response to Movant's amended 2255 motion, on 11/19/2007, the court sent Movant an order to respond to the governments supplemental response by December 10, 2007, at that time, Movant has not received a copy of the government's response, therefore, Movant motioned the court for a copy of the supplemental response on Dec. 3, 2007, and also requested more time to response. On Dec. 5, 2007, this Honorable Court ordered the clerk to provide Movant with a copy of the response and granted Movant extention from Dec. 10, 2007, until January 3, 2008 to reply to the government supplemental response, received on Dec. 7, 2007.

## ARGUMENT

In the governments supplemental response there is **no responsive pleading** to Movant's Amendment (Doc. No. 10) Claims, in which this Honorable Court ordered the government to respond within 30 days from file date 10/18/07. (Doc. No. 13) Addressing the new claims ascerted in Movant's Amendment. It is clear that the

-3-

government filed their response (Doc. No.15) to Movants Article III argument, and not to the claims in Movants Amendment. "**Under the rules of Civil Procedure, different counts or theories of recovery stand on separate footing, since the plaintiff may win on one while losing on the other,** and for that reason, **Civil Procedural Rules require a defense to each claim ascerted, which is plainly a requirement that each count or theory must be answered.**"(American Jurisprudence 61 A, (239, answer to separate counts) This requirement is governed by Fed.R.Civ.P. Rule 8(b)(6): **Effect of failing to Deny** an allegation **other than** one relating to the amount of damages **is admitted if a responsive pleading is required and the allegations not denied.** If a responsive pleading is not required, an allegation is considered denied or avoided. (Fed.R.Civ.P. 8(b)(6)). Rule 8(c) of the Fed.R.Civ.P. States: In general, **in responding to a pleading, a party must affirmatively state any avoidance or affirmative defense.**

The 11th Circuit have upheld these principles of law in such cases as, <u>Hassan v. U.S. Postal Service, 842 F.2d 260 (11th Cir. 1988)</u> where the court stated: "The general rule is that, when a party fails to raise an affirmative defense in the pleading, that party waives its rights to raise the issue. See <u>American National Bank v. Federal Deposit Insurance Corp., 710 F.2d 1528, 1537 (11th Cir. 1983)</u>. "However, the liberal pleading rules established by the Federal Rules of Civil Procedure apply to the pleading of affirmative defense. See: <u>Gomez v. Toledo, 446 U.S. 635, 64 L.Ed. 2d. 572, 100 S.Ct. 1920</u> Where the **Supreme Court** upheld this principle of law stating, "the burden of pleadings rest with the defendant. See Fed.R.Civ.P. 8(c)

(defendant must plead any "matter constituting an avoidance or affirmative defense"); 5C.Wright 9A. Miller, Federal Practice and procedure § 1291 (1969 Failure to plead an affirmative defense in the answer results in "the waiver of the defense and its exclusion from the case."

The Fifth Circuit upheld these same principles of law; See: <u>Jones v. Miles, 656 F.2d 103, 107, N7 (5th Cir. 1981)</u> "An affirmative defense is that is not asserted in a responsive pleading is generally deemed waived."; <u>Funding Systems Leasing Corp. v. Push, 530 F.2d 91, 95 (5th Cir. 1976)</u> "We look to the clearer principle embodied in Fed.R.Civ.P. 8(c) that affirmative defenbse must be set forth in a responsive pleading or be deemed waived." <u>In Matter of Pancake, 106 F.3d 1242 (5th Cir. 1997)</u> The court stated: **"Where no answer is filed, the respondent is deemed to admit the accused pleading and thus, judgment may be entered based upon those pleadings."**

The Eighth Circuit upheld the same principles of law; See <u>Myers v. John Deer LTD., 683 F.2d 270 (8th Cir. 1982)</u>. "John Deer waived the defense limitation by it's failure to raise it in its responsive pleading in compliance with Fed.R.Civ.P. 8(c)(<u>Mumbower v. Callicott, 526 F.2d 1183, 1187 N5 (8th Cir.1975)</u>.

The Seventh Circuit upheld the same principles of law; See: <u>Pinto Trucking Services v. Motor Dispatch, 649 F.2d 530, 534 (7th Cir. 1981)</u> "The Federal Rule Civil Procedure require a defendant to plead all his affirmative defenses in the answer to the claim." (Fed.R.Civ.P. 8(c)) any defense not pleaded is waived. (<u>Stanish v. Polish Roman Catholic Union of America, 484 F.2d 713, 721 (7th Cir. 1973)</u>. Appellant failed to plead any

affirmative defenses, and thus waived them. Movant's contentions is that the government have admitted all claims provided in Movant's amendment by failing to respond and thus contention is supported by all the above cited case law and Federal Rules of Civil Procedure. This Honorable Court now have the duty to enter judgment in this case against the United States as the Fed.R.Civ.P. demand such a ruling. The government has not requested any extentions of time **within** the specified time allowed to respond from this court and is now **Time-Barred** from any such request.

The government's **carelessness** in responding to the wrong document is inexcusable neglect and therefore is not an acceptable excuse for their failure to respond to the amendment. The fact that the government did respond to a document **on time shows there was no unexpected or unavoidable hinderance or accident, the government cannot claim any excusable neglect for their own carelessness, inattention, or willful disregard of the court's process and orders and the Rule of Civil Procedure.**

The government cannot claim they never received said Amendment, for the Movant had mailed all motion's certified mail to the government as well to the court and have signed evidence dated 10/14/07 confirming the government did receive a copy of said amendment, and furthermore if the government claims not to have an copy of the amendment, their responsibility was to motion the court for a copy after receiving an order on 10/18/07. The motion the government responded to was not **sent** until 10/24/07, 10 days after reviewing Movants Amendment and 6 days after receiving orders from this Honorable Court.

-6-

Therefore, having no excusable reason for not responding to Movants Amended 2255 claims, the government has now conceeded to all claims asserted in Movant's amended claims.

Movant contends that the government did not comply with mandatory procedural rules, and this Honorable Court must find that this failure deemed all claim admitted. As mentioned Supra "Where no answer is filed(to the amended claims), the respondent is deemed to admit the accusers pleading and thus, judgment may be entered based upon those pleadings (Matter of Pancake, 106 F.3d 1242 (5th Cir. 1997).

Finally Movant's contentions are that this standards of law have been administered to parties that have violated Fed.R.Civ.P. Rule 8(B)(6) and 8(C) and see no excusable reason why it should not be administered in this case.

See Motion to deem maters admitted.

                                                  Respectfully Submitted,

                                                  Timothy Williams pro per
                                                  F.C.I. Oakdale # 11778-002
                                                  P.O. Box 5000
                                                  Oakdale, LA. 71463-5000

Dated this /9 Day of December, 2007.