Timothy Williams
F.C.I. Oakdale
P.O. Box 5000
Oakdale, LA. 71463-5000

RECEIVED 2008 JAN 14 P 3:05




Honorable Susan Walker
Magistrate Judge
1 Church Street Suit B-100
Montgomery, AL. 36104

RE: Case No.:2:07 CV-MEF-SRW, CR-05-216-MEF

Dear Magistrate Walker:

Please find enclosed two recent cases that I feel are particularly on point to and provides clarification to issues I raised in my U.S.C. 2255 case that is currently pending before you.

One case **Thompson v. U.S., 504 F.3d 1203 (11th Cir. 2007)** an Eleventh Circuit case where the petitioner claims are ineffective assistance of counsel — failure to file an direct appeal and the court (11th Cir) ruled that counsel has prejudiced Appellant's case for not filing an appeal after Appellant showed an interest in appealing, and counsel not providing their client with an opportunity to appeal when the opportunity was available. (Attorney McCord confirms in her affidavit Movant's interest in appealing— "I communicated with Williams numerous times... we discussed a direct appeal", and still no appeal).

The second case **United States v. McCreary-Redd, 475 F.3d 718 (6th Cir. 2007)**, where the Appellants claims are that the district court failed to establish a factual basis, failed to determine whether defendant understood nature of the charge before pleading guilty and the errors at the plea hearing affected defendant's substantial rights. The ruling in this case was to vacate and remand.

I respectfully request your Honor to consider these two cases when making your ruling in this case.

Respectfully Submitted,

Timothy Williams
F.C.I. Oakdale # 11778-002
P.O. Box 5000
Oakdale, LA. 71463-5000

An true copy was sent to U.S. Attorney Susan Redmon by First Class mail Postage-Pre-Paid on this 3rd day of January, 2008.

Timothy Williams




SUSAN WALKER
Magistrate Judge
1 Church Street Suite B-100
Montgomery AL, 36104

2:07cv 742-MEF



that Ahmed's brother was taken away because of his political opinion.

When this case is considered under the deferential standard we must apply, Ahmed's petition fails to meet the requirements for asylum. *See Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir.2006) (requiring a showing of persecution to be eligible for asylum). That failure also dooms Ahmed's request for withholding of removal. *See Fisher*, 79 F.3d at 965 (holding that "failure to satisfy the lesser standard of proof required to establish eligibility for asylum" necessarily results in failure "to demonstrate eligibility for withholding of deportation") (citation omitted).

Because substantial evidence supports the IJ's finding of no persecution, I would deny Ahmed asylum and withholding of removal.




**Richard THOMPSON, Petitioner–Appellant,**

**v.**

**UNITED STATES of America, Respondent–Appellee.**

**No. 05–16970.**

United States Court of Appeals, Eleventh Circuit.

March 20, 2007.

As Amended Oct. 18, 2007.

**Background:** After pleading guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine, defendant filed motion to vacate, alleging that defense counsel's failure to file notice of appeal challenging his sentence amounted to ineffective assistance of counsel. The United States District Court for the Southern District of Florida, No. 05-61504-CV-WPD, William P. Dimitrouleas, J., denied motion. Defendant appealed.

**Holdings:** Upon *sua sponte* reconsideration, the Court of Appeals, Barkett, Circuit Judge, held that:

(1) counsel failed to adequately consult with defendant regarding whether to exercise his right to appeal his sentence;

(2) counsel had a duty to consult with defendant regarding right to appeal; and

(3) failure to consult caused prejudice to defendant.

Reversed.

Opinion, 481 F.3d 1297, superseded.

**1. Criminal Law ⚷735, 1139, 1158(1)**

Whether counsel was ineffective is a mixed question of law and fact; court of appeals reviews district court's conclusions of law *de novo*, and its findings of fact for clear error. U.S.C.A. Const.Amend. 6.

**2. Criminal Law ⚷641.13(7)**

Counsel generally has a duty to consult with a convicted defendant about an appeal. U.S.C.A. Const.Amend. 6.

**3. Criminal Law ⚷641.13(7)**

Where a defendant convicted of a crime has not specifically instructed his counsel to file an appeal, court of appeals, in determining whether failure to file appeal amounts to ineffective assistance of counsel, must still determine whether counsel in fact consulted with the defendant about an appeal. U.S.C.A. Const. Amend. 6.

**4. Criminal Law ⇐641.13(7)**

For purposes of determining whether defense counsel's failure to file an appeal was ineffective assistance, "adequate consultation" requires informing the defendant about his right to appeal, advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to determine whether the defendant wishes to pursue an appeal, regardless of the merits of such an appeal. U.S.C.A. Const.Amend. 6.

See publication Words and Phrases for other judicial constructions and definitions.

**5. Criminal Law ⇐641.12(2)**

The question of what constitutes adequate consultation by counsel with convicted defendant regarding his right to appeal is not one of duration, but of content. U.S.C.A. Const.Amend. 6.

**6. Criminal Law ⇐641.13(7)**

Defense counsel failed to "adequately consult" with defendant regarding his right to appeal sentence imposed on plea to drug charge, although counsel told defendant after he was sentenced that he had a right to appeal, and that he did not think an appeal would be successful or worthwhile; no information was provided to defendant from which he could have intelligently and knowingly either asserted or waived his right to an appeal, and no reasonable effort was made to discover defendant's informed wishes regarding an appeal. U.S.C.A. Const.Amend. 6.

See publication Words and Phrases for other judicial constructions and definitions.

**7. Criminal Law ⇐641.13(7)**

Counsel has a constitutional duty to consult with a defendant about an appeal when: (1) any rational defendant would want to appeal; or (2) the defendant reasonably demonstrated an interest in appealing. U.S.C.A. Const.Amend. 6.

**8. Criminal Law ⇐641.13(7)**

In order to establish that he was prejudiced by counsel's failure to file an appeal, as required to establish ineffective assistance of counsel claim, a defendant must show that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed. U.S.C.A. Const.Amend. 6.

**9. Criminal Law ⇐641.13(7)**

Because a direct appeal of a federal conviction is a matter of right, federal court of appeals, in reviewing claim that defense counsel's failure to file appeal caused prejudice to defendant and amounted to ineffective assistance, determines whether a defendant has shown that there is a reasonable probability that he would have appealed without regard to the putative merits of such an appeal. U.S.C.A. Const.Amend. 6.

**10. Criminal Law ⇐641.13(7)**

Defense counsel had a duty to consult with defendant, who received longer sentence than his two codefendants after pleading guilty to drug charge, regarding defendant's right to appeal the sentence; defendant told counsel that he was unhappy with his sentence and asked about the right to appeal, and court could not find that no rational defendant would have wanted to appeal the differential sentence. U.S.C.A. Const.Amend. 6.

**11. Criminal Law ⇐641.13(7)**

Defense counsel's failure to consult with defendant, who received longer sentence than his two codefendants after pleading guilty to drug charge, regarding defendant's right to appeal caused prejudice to defendant, as required to establish ineffective assistance claim; defendant ex-

pressed his dissatisfaction with the disparate sentence to his counsel after sentencing, and had counsel adequately consulted with him about his right to appeal, there was a reasonable probability that defendant would have exercised that right. U.S.C.A. Const.Amend. 6.

---

Philip Robert Horowitz (Court–Appointed), Law Office of Philip R. Horowitz, Miami, FL, for Thompson.

Anne R. Schultz, Carol E. Herman, Asst. U.S. Atty., Miami, FL, for U.S.

Appeal from the United States District Court for the Southern District of Florida.

Before TJOFLAT, BARKETT and KRAVITCH, Circuit Judges.

BARKETT, Circuit Judge:

Upon *sua sponte* reconsideration of this appeal, we amend our prior opinion and substitute the following opinion in its place.

Richard Thompson appeals the district court's denial of his Motion to Vacate brought pursuant to 28 U.S.C. § 2255. We reverse.

## I. Background

Thompson and two co-defendants, Wayne Annakie and Elworth Stone, pled guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846, in connection with a drug-smuggling scheme involving crew members on Celebrity Cruise Lines.[1] All three defendants were sentenced on the same day. At the sentencing hearing, the district court granted the co-defendants' motions for a minor role reduction and sentenced them to 46 months imprisonment. Counsel for Thompson, who had not previously requested a reduction, then made an *ore tenus* motion for the same minor role reduction on Thompson's behalf, which the court denied. The court then sentenced Thompson to 57 months imprisonment. Thompson did not appeal.

Thompson, proceeding *pro se*, subsequently filed a timely Motion to Vacate pursuant to 28 U.S.C. § 2255, asserting four claims of ineffective assistance of counsel.[2] The district court found three of the claims to be conclusively refuted by the record, but held an evidentiary hearing on the fourth: that Thompson's attorney, David Scott Markus ("Counsel"),[3] had failed to file an appeal as directed. After the evidentiary hearing, the court concluded that Thompson was not entitled to relief on the remaining claim, finding Counsel's testimony that Thompson did not ask for an appeal "more credible" (or, elsewhere,

1. Thompson and Stone were also charged with one count of possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2. Pursuant to plea agreements, the government dismissed this count.

2. Thompson's ineffective assistance of counsel claims were that (1) counsel only met with him once prior to his entering the plea agreement; (2) counsel stipulated to a higher drug quantity than could properly have been attributed to Thompson; (3) counsel failed to file a motion for downward role adjustment prior to sentencing, thereby resulting in Thompson's higher sentence vis-à-vis his similarly situated co-defendants; and (4) counsel failed to file a notice of appeal despite Thompson's direction to do so immediately after sentencing.

3. This opinion is not referring to attorney David Oscar Markus, who was not involved in the case.

"slightly more credible") than Thompson's testimony to the contrary. The court denied the motion in its entirety, but granted Thompson a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c) on that claim.

## II. Discussion[4]

[1] In order to prevail on his claim that counsel was constitutionally ineffective for failing to file an appeal, Thompson must show that counsel's performance was deficient and that this deficiency prejudiced him. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Roe v. Flores–Ortega,* 528 U.S. 470, 476–77, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (holding that *Strickland* test applies to claim that lawyer was ineffective for failing file a notice of appeal).

[2] In *Flores–Ortega,* the Supreme Court "reaffirmed the well-settled rule that an attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner per se." *Gomez–Diaz v. United States,* 433 F.3d 788, 792 (11th Cir.2005) (citing *Flores–Ortega,* 528 U.S. at 477, 120 S.Ct. 1029). Moreover, counsel generally has a duty to consult with the defendant about an appeal. *See Flores–Ortega,* 528 U.S. at 481, 120 S.Ct. 1029 (expecting that courts "will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal."). The Supreme Court has defined the term "consult" specifically to mean "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes," *id.* at 478, 120 S.Ct. 1029, to assure that any waiver of the right to appeal is knowing and voluntary.

In this case, after hearing the conflicting testimony of Thompson and his prior attorney, the district court credited Counsel's testimony that Thompson did not instruct him to file a notice of appeal. There is no basis for us to conclude that the court's factual finding on this matter was clearly erroneous. *See Carr v. Schofield,* 364 F.3d 1246, 1264–65 (11th Cir.2004).

[3, 4] However, where a defendant has not specifically instructed his attorney to file an appeal, we must still determine "whether counsel in fact consulted with the defendant about an appeal." *Flores–Ortega,* 528 U.S. at 478, 120 S.Ct. 1029. As noted above, adequate consultation requires informing a client about his right to appeal, advising the client about the advantages and disadvantages of taking an appeal, *and* making a reasonable effort to determine whether the client wishes to pursue an appeal, regardless of the merits of such an appeal. *Frazer v. South Carolina,* 430 F.3d 696, 711 (4th Cir.2005).

In this case, although Thompson and his attorney disagreed about the number of times they met throughout the course of the representation, it was undisputed that Counsel did not discuss Thompson's appellate rights prior to sentencing.[5] Indeed, he only advised Thompson of his appellate rights at sentencing *after* the judge noti-

4. Whether counsel was ineffective is a mixed question of law and fact that we review *de novo*. *United States v. Bender,* 290 F.3d 1279, 1284 (11th Cir.2002) (citation omitted). We review the district court's conclusions of law *de novo,* and its findings of fact for clear error. *Nyland v. Moore,* 216 F.3d 1264, 1266 (11th Cir.2000).

5. Thompson testified that he met with his attorney only once between his initial appearance and plea. Counsel testified that he met with Thompson once or twice between the arraignment and plea, and once after receiving the pre-sentence investigation report.

fied Thompson of his right to appeal. Counsel testified that right after sentence was imposed, Thompson was "unhappy" with his sentence, as compared to that of his co-defendants, and "asked [him] about why the Judge told him he had a right to appeal if he had pled guilty." Counsel reiterated that Thompson had a right to appeal, only adding that he did not think an appeal would be successful or worthwhile. Thompson then said "fine." This exchange, which lasted no more than five minutes,[6] consisted simply of notifying Thompson of the right to appeal (as the judge had already done) and Counsel's opinion that such an appeal would not be successful. Counsel did not explain the appellate process or the advantages and disadvantages of taking an appeal, nor that he was obligated to file an appeal if that is what Thompson wanted, regardless of his recommendation. When asked whether Thompson appeared to understand what an appeal was, Counsel responded "I don't know ... I mean I can't get into his head." Counsel did not communicate further with Thompson during the ten-day period within which he could have appealed.

[5] Although the district court found aspects of this testimony "troubling," its only comment about the adequacy of Counsel's performance was that "[c]onsulting with [Thompson] for less than five minutes about his right to appeal does not equate to a failure to consult." The question of what constitutes adequate consultation, however, is not one of duration, but of content.[7]

[6] The content of the exchange in this case did not constitute adequate consultation. Simply asserting the view that an appeal would not be successful does not constitute "consultation" in any meaningful sense. No information was provided to Thompson from which he could have intelligently and knowingly either asserted *or* waived his right to an appeal. This record is clear that no reasonable effort was made to discover Thompson's informed wishes regarding an appeal. Under these circumstances, any waiver by Thompson of his right to appeal was not knowing and voluntary.

[7–9] Having determined that Counsel did not adequately consult with Thompson, we turn to whether, if counsel had an affirmative duty to consult, his failure to do so prejudiced the defendant. *Flores–Ortega,* 528 U.S. at 480, 484, 120 S.Ct. 1029. Counsel has a constitutional duty to consult with a defendant about an appeal when: (1) any rational defendant would want to appeal; or (2) the defendant reasonably demonstrated an interest in appealing. *Gomez–Diaz,* 433 F.3d at 792 (citing *Flores–Ortega,* 528 U.S. at 480, 120 S.Ct. 1029). In order to establish that he was prejudiced by counsel's failure to file an appeal, Thompson must show that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores–Ortega,* 528 U.S. at 484, 120 S.Ct. 1029. Because a direct appeal of a federal conviction is a matter of

6. Thompson testified that he and his attorney remained in the courtroom for about three minutes after sentence was imposed. Counsel testified that this exchange lasted "no more than five minutes, probably less."

7. While not dispositive, the short duration of the exchange is a relevant factor which, in this case, weighs against finding adequate consultation as a matter of law. *See Flores–Ortega,* 528 U.S. at 489, 120 S.Ct. 1029 (Souter, J., concurring in part and dissenting in part) ("If the crime is minor, the issues simple, and the defendant sophisticated, a 5–minute conversation with his lawyer may well suffice; if the charge is serious, the potential claims subtle, and a defendant uneducated, hours of counseling may be in order.").

right, *see Rodriquez v. United States*, 395 U.S. 327, 329–30, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969), we determine whether a defendant has shown that there is a reasonable probability that he would have appealed without regard to the putative merits of such an appeal. *Flores–Ortega*, 528 U.S. at 485–86, 120 S.Ct. 1029; *Gomez–Diaz*, 433 F.3d at 793.

[10] Here, according to Counsel's own testimony, Thompson was "unhappy" with his sentence as compared to that of his co-defendants, and asked about the right to appeal at sentencing. Under these circumstances, Counsel had a clear duty to consult with Thompson.[8] Thompson demonstrated an interest in an appeal by asking his attorney about that right. In addition, it cannot be said that no rational defendant would have wanted to appeal the differential sentence imposed under the facts of this case.

[11] Finally, we readily find that Thompson met his burden of showing the requisite prejudice. Thompson was dissatisfied with what he perceived to be a disparate sentence compared to his similarly-situated co-defendants. Had Counsel adequately consulted with him about an appeal, there is a reasonable probability that Thompson would have exercised his right to appeal. Indeed, there is no basis on this record to conclude otherwise.

REVERSED.




8. That the sentencing judge notified Thompson that he had a right to appeal does not absolve counsel from the duty to consult with his client about the substance of the right to appeal.

**CONART, INC., a Georgia Corporation, Plaintiff–Appellant,**

**v.**

**HELLMUTH, OBATA + KASSABAUM, INC., a Missouri Corporation, Defendant–Appellee.**

**No. 06–16665.**

United States Court of Appeals, Eleventh Circuit.

Oct. 16, 2007.

**Background:** Subcontractor brought action against architectural firm which supervised construction project. Firm asserted assigned claims against subcontractor and demanded arbitration. Subcontractor sought declaratory judgment that firm's claims were not arbitrable and injunction to prevent arbitration. The United States District Court for the Northern District of Alabama, No. 06-01064-CV-BE-W, Karon O. Bowdre, J., declined to enter declaratory judgment and denied request for injunction. Subcontractor appealed.

**Holding:** The Court of Appeals, Carnes, Circuit Judge, held that interlocutory order refusing to enjoin arbitration on architectural firm's claims against subcontractor was not appealable under the Federal Arbitration Act (FAA).

Appeal dismissed.

**1. Alternative Dispute Resolution ⚷213(3)**

In construction dispute in which both architectural firm and subcontractor had claims against each other, interlocutory order refusing to enjoin arbitration on architectural firm's claims against subcontractor, which were assigned to firm by

2:07cv742mef



an intelligent and knowing waiver of the right to counsel to constitute proof that such a waiver must have occurred. Therefore, I respectfully dissent from Part II of the majority opinion.




**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Perry D. McCREARY–REDD, Defendant–Appellant.**

**No. 05–5382.**

United States Court of Appeals, Sixth Circuit.

Submitted: Nov. 15, 2006.

Decided and Filed: Feb. 6, 2007.

**Background:** Defendant was convicted in the United States District Court for the Eastern District of Tennessee, James H. Jarvis, Senior District Judge, of possession with intent to distribute cocaine base and using and carrying a firearm during and in relation to a drug trafficking crime, and he appealed.

**Holdings:** The Court of Appeals, Damon J. Keith, Circuit Judge, held that:

(1) district court failed to determine factual basis for defendant's guilty plea;

(2) court failed to determine whether defendant understood nature of charge before pleading guilty; and

(3) the errors at the plea hearing affected defendant's substantial rights.

Vacated and remanded.

**1. Criminal Law ⇨1134(2)**

When assessing whether a district court determined correctly that there was a factual basis for the defendant's guilty plea, the court of appeals may examine the entire record, including proceedings that occurred after the plea colloquy. Fed. Rules Cr.Proc.Rule 11(b)(3), 18 U.S.C.A.

**2. Criminal Law ⇨1030(1)**

A district court errs when it fails to comply with the clear mandate of a Federal Rule of Criminal Procedure, and this error is plain.

**3. Criminal Law ⇨1134(2)**

When assessing whether a district court determined correctly that the defendant understood the elements of the crimes with which he was charged prior to pleading guilty, the court of appeals is limited to examination of the plea colloquy and what came before. Fed.Rules Cr. Proc.Rule 11(b)(1)(G), 18 U.S.C.A.

**4. Criminal Law ⇨273.1(4), 1167(5)**

Because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts; therefore, some rehearsal of the elements of the offense is necessary for any defendant, and the failure to identify the elements of the offense is error and cannot be said to be harmless. Fed.Rules Cr.Proc.Rule 11(b)(1)(G), 18 U.S.C.A.

**5. Criminal Law ⇨273(4.1), 1031(4)**

District court committed error that was plain by failing to determine factual basis for defendant's guilty plea to possession with intent to distribute cocaine base as required by rule of criminal procedure governing pleas; court purportedly determined factual basis by accepting, without reading aloud, factual basis to which defendant stipulated, stipulated facts did

clearly
tribute,
of vial
that co
of coca
wrappe
never a
words,
committ
statemer
Rules C

6. Crimi
Dist
was plain
defendan
fore plea
tent to di
by rule
pleas; alth
to determ
and intent
and inform
crack coca
was appro
trol the a
failed to de
knowledge
distribute
Rules C
U.S.C.A.

7. Criminal
District
factual basis
tribute befo
plea to poss
cocaine base
defendant u
ment of cha
required by
governing pl
tantial right
fairness, inte

The Honorab
States Distric

clearly support defendant's intent to distribute, referring only to officers' recovery of vial attached to defendant's key chain that contained approximately three grams of cocaine base that was individually wrapped and packaged for resale, court never asked defendant to state, in his own words, what he believed to be crime he committed, and government made no statement about intent element. Fed. Rules Cr.Proc.Rule 11(b)(3), 18 U.S.C.A.

**6. Criminal Law ⚷273.1(4), 1031(4)**

District court committed error that was plain by failing to determine whether defendant understood nature of charge before pleading guilty to possession with intent to distribute cocaine base, as required by rule of criminal procedure governing pleas; although court questioned defendant to determine if he understood the knowing and intent to possess elements of charge, and informed defendant that the amount of crack cocaine found on his person, which was approximately three grams, could control the amount of his sentence, court failed to determine whether defendant had knowledge and understood the intent to distribute element of the offense. Fed. Rules Cr.Proc.Rule 11(b)(1)(G), 18 U.S.C.A.

**7. Criminal Law ⚷1031(4)**

District court's failure to determine factual basis for defendant's intent to distribute before accepting defendant's guilty plea to possession with intent to distribute cocaine base, and to determine whether defendant understood nature of intent element of charge before pleading guilty, as required by rule of criminal procedure governing pleas, affected defendant's substantial rights and seriously affected the fairness, integrity or public reputation of the judicial proceedings, and thus, it was reversible plain error. Fed.Rules Cr.Proc. Rule 11(b)(1)(G), (3), 18 U.S.C.A.

---

**ON BRIEF:** Kim A. Tollison, Federal Defender Services, Knoxville, Tennessee, for Appellant. Tracee Plowell, Assistant United States Attorney, Knoxville, Tennessee, for Appellee. Perry D. McCreary–Redd, Cumberland, Maryland, pro se.

Before KEITH and CLAY, Circuit Judges; MAYS, District Judge.*

## OPINION

DAMON J. KEITH, Circuit Judge.

Defendant–Appellant Perry D. McCreary–Redd ("McCreary–Redd") was charged with: (1) being an ex-felon in possession of a firearm; (2) possession with intent to distribute cocaine base; and (3) knowingly using and carrying a firearm during and in relation to a drug trafficking crime. Count one of the indictment was subsequently dropped, and McCreary–Redd pled guilty to counts two and three. The district court sentenced McCreary–Redd to 123 months of imprisonment. McCreary–Redd now appeals the district court's sentence as "unreasonable." Additionally, McCreary–Redd, proceeding *pro se*, appeals the district court's sentence on the basis of Rule 11 violations. *See* Fed. R.Crim.P. 11. For the following reasons, we **VACATE** and **REMAND** McCreary–Redd's plea pursuant to Rule 11.

## I. BACKGROUND

Pursuant to McCreary–Redd's plea agreement, the following facts were stipu-

* The Honorable Samuel H. Mays, Jr., United States District Judge for the Western District of Tennessee, sitting by designation.

FCI OAKDALE LAW LIBRARY
FCI OAKDALE LAW LIBRARY
FCI OAKDALE LAW LIBRARY

lated by the government and McCreary–Redd as the "Agreed Rule 11 Factual Basis."

On February 4, 2004, officers from the Knoxville Police Department ("KPD") were conducting surveillance on Parking Lot F in the Walter P. Taylor Housing Project in Knoxville, Tennessee, in response to citizens' complaints of illegal drug activity. The officers, while surveilling the area, observed a dark colored vehicle being driven with the headlights off. The officers witnessed McCreary–Redd, the driver of the vehicle, leave the vehicle and enter a building.

As McCreary–Redd returned to the vehicle, he was approached by three KPD officers. Police officer Doyle Lee ("Lee") greeted McCreary–Redd and asked if he could speak with him. McCreary–Redd agreed. Lee then informed McCreary–Redd of the headlight violation and asked to see his identification. McCreary–Redd handed Lee his driver's license. Lee asked McCreary–Redd if he had any weapons or drugs on him, to which McCreary–Redd stated that he did not. Lee then asked McCreary–Redd if he could search him. In response to this request, McCreary–Redd placed his hands in the air and turned around.

As Lee frisked McCreary–Redd, Lee felt a hard object in McCreary–Redd's waistband which he immediately recognized to be a handgun. Lee then yelled "gun" and pushed McCreary–Redd forward onto his car. Thereafter, Lee removed the firearm, a loaded Smith and Wesson 10mm semiautomatic pistol, from McCreary–Redd's waistband and placed him under arrest. Incident to the arrest, officers recovered a vial attached to McCreary–Redd's key chain that contained approximately three grams of crack cocaine, individually wrapped and packaged.

On February 18, 2004, a grand jury for the Eastern District of Tennessee at Knoxville filed a three-count indictment charging McCreary–Redd with: (1) being an ex-felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); (2) knowingly, intentionally and without authority possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C); and (3) knowingly using and carrying a firearm during and in relation to a drug trafficking crime, namely possession with the intent to distribute crack cocaine as charged in count two, in violation of 18 U.S.C. § 924(c)(1). On February 20, 2004, McCreary–Redd was arrested.

On April 8, 2004, McCreary–Redd, contending that the search was illegal, moved to suppress all evidence seized during the search and any statement given by him. On October 20, 2004, the district court affirmed in part and denied in part his motion, allowing the seized items (a firearm and drugs) to be entered as evidence, but suppressing any statements McCreary–Redd made after he was placed in custody. On December 7, 2004, McCreary–Redd, without objecting to any Rule 11 violations, pled guilty to counts two and three of the indictment pursuant to a plea agreement. Count one of the indictment was subsequently dismissed.

On February 23, 2005, the district court sentenced McCreary–Redd to 123 months of incarceration. On March 4, 2005, a timely notice of appeal was filed on behalf of McCreary–Redd by his counsel. On June 29, 2005, McCreary–Redd moved to replace his appointed counsel and to proceed *pro se*. This Court denied the motion to dismiss counsel, but authorized McCreary–Redd to file a *pro se* supplemental brief. Upon reconsideration, on February 10, 2006, this Court granted McCreary–Redd's motion to dismiss his

current counsel, allowing him to proceed *pro se*. On May 15, 2006, McCreary-Redd filed his *pro se* supplemental brief.

## II. DISCUSSION

In this appeal, McCreary-Redd argues that: (1) the district court's sentence was "unreasonable;" and (2) his plea agreement was accepted in violation of Rule 11 of the Federal Rules of Criminal Procedure. We consider only the issue of whether the district court's acceptance of McCreary-Redd's plea agreement violated Rule 11, an inquiry we ultimately find to be dispositive in the present appeal. Therefore, we need not address McCreary-Redd's argument that his sentence was "unreasonable."

### A. Standard of Review

We have "emphasized the value in a district court's adhering 'meticulously' to Rule 11." *United States v. Syal*, 963 F.2d 900, 904 (6th Cir.1992) (citing *McCarthy v. United States*, 394 U.S. 459, 465, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969)). "While recognizing that the Rule 11 procedure itself is not constitutionally mandated, ... '[i]t is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary ... and to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination.' " *Id.* (quoting *McCarthy*, 394 U.S. at 465, 89 S.Ct. 1166) (third alteration in original).

"A variance from the requirements of this rule is harmless error if it does not affect substantial rights." Fed.R.Crim.P. 11(h). Moreover, "a silent defendant has the burden to satisfy the plain-error rule and ... a reviewing court may consult the whole record when considering the effect of any error on substantial rights." *United States v. Vonn*, 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002).

"To establish plain error, a defendant must show (1) that an error occurred in the district court; (2) that the error was plain, *i.e.*, obvious or clear; (3) that the error affected defendant's substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity or public reputation of the judicial proceedings." *United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir.1998).

### B. The district court's failure to determine a factual basis, and to insure that McCreary-Redd understood the nature of the charges as it relates to count two violated Rule 11 and constitutes plain error

Under count two, McCreary-Redd pled guilty to knowingly, intentionally and without authority possessing with intent to distribute crack cocaine. In challenging his guilty plea under count two, McCreary-Redd argues that the district court failed to determine that there was a "factual basis" for his plea—in particular the intent to distribute element of the drug offense—in violation of Rule 11(b)(3), and that the district court further failed to determine if he understood the nature of the charge to which he pled, in violation of Rule 11(b)(1)(G). Because McCreary-Redd neglected to make these objections in the district court, we review for plain error. *See Vonn*, 535 U.S. at 59, 122 S.Ct. 1043.

#### 1. The district court's failure to determine a factual basis, and to insure that McCreary-Redd understood the nature of the charges constituted plain error

In conducting the plain error review to determine the validity of McCreary-Redd's claims, we will take up the first two

FCI OAKDALE LAW LIBRARY
FCI OAKDALE LAW LIBRARY
FCI OAKDALE LAW LIBRARY

prongs of the plain error test together, and then address the final two prongs separately. *United States v. Murdock,* 398 F.3d 491, 496–97 (6th Cir.2005).

**[1, 2]** A district court errs when it "fails to comply with the clear mandate of a Federal Rule of Criminal Procedure," and this error is plain. *Id.* at 497. Rule 11(b)(3) states that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." [1] Fed.R.Crim.P. 11(b)(3). "'The purpose of this requirement is to ensure the accuracy of the plea through some evidence that a defendant actually committed the offense.'" *United States v. Tunning,* 69 F.3d 107, 111 (6th Cir.1995) (quoting *United States v. Keiswetter,* 860 F.2d 992, 995 (10th Cir.1988)). "[Rule 11(b)(3)] does not provide any guidance concerning the steps a district court should take to ensure that a factual basis exists." [2] *United States v. Baez,* 87 F.3d 805, 809 (6th Cir.1996). However, this Court, in *Tunning,* has previously provided guidance by explaining:

> The ideal means to establish the factual basis for a guilty plea is for the district court to ask the defendant to state, in the defendant's own words, what the defendant did that he believes constitutes the crime to which he is pleading guilty. So long as the district court ensures that the defendant's statement includes conduct—and mental state if necessary—that satisfy every element of the offense, there should be no question concerning the sufficiency of the factual basis for the guilty plea. This "ideal" method is by no means the only method, however. "We recognize that the district court may determine the existence of the Rule 11(f) factual basis from a number of sources including a statement on the record from the government prosecutors as well as a statement from the defendant." And, of course, it is possible that witnesses may be called to state the factual basis with the defendant providing confirmation. Our inquiry turns, then, to whether the record of the plea hearing in this case establishes a factual basis for all the elements of [the charge].

*Tunning,* 69 F.3d at 112 (internal citation omitted). We have also noted that "where the crime is easily understood, several courts have held that a reading of the indictment, or even a summary of the charges in the indictment and an admission by the defendant, is sufficient to establish a factual basis under Rule 11." *United States v. Edgecomb,* 910 F.2d 1309, 1313 (6th Cir.1990) (quoting *United States v. Van Buren,* 804 F.2d 888, 892 (6th Cir. 1986) (per curiam)).[3]

**[3, 4]** Similarly, Rule 11(b)(1)(G) "requires that, before a court accepts a guilty plea, it must insure that the defendant understands, *inter alia,* 'the nature of each charge to which the defendant is pleading.'" *Valdez,* 362 F.3d at 908 (quoting Fed.R.Crim.P. 11(b)(1)(G)).[4] "Rule

1. "[W]hen assessing whether a district court determined correctly that there was a factual basis for the plea, pursuant to Rule 11(b)(3), this Court may examine the entire record, including proceedings that occurred *after* the plea colloquy." *Spiridigliozzi v. United States,* 117 Fed.Appx. 385, 391 (6th Cir.2004) (unpublished) (citing *McCarthy,* 394 U.S. at 462, 89 S.Ct. 1166).

2. The plea agreement factual basis requirement was formerly contained in Rule 11(f), but has since been revised and is currently found in Rule 11(b)(3).

3. This Court has previously held that a common drug possession and distribution crime is "easily understood." *United States v. Valdez,* 362 F.3d 903, 910 (6th Cir.2004).

4. "When assessing whether a district court determined correctly that the defendant understood the elements of the crimes with which he is charged, pursuant to Rule

11(b)(1)(G)'s requirement that a defendant understand the essential elements of the crime is integrally related to Rule 11(b)(3)'s requirement that the district court determine that the plea has a factual basis." *Id.* at 909. Under Rule 11(b)(1)(G), "[i]n any case [simple or more complex] the district court must be satisfied, after discussion with the defendant in open court, that the defendant understands the elements of the offense." *Syal,* 963 F.2d at 905; *see also Van Buren,* 804 F.2d at 892. "At a minimum, the defendant must understand the 'critical' or 'essential' elements of the offense to which he or she pleads guilty." *Valdez,* 362 F.3d at 909 (citing *Bousley v. United States,* 523 U.S. 614, 618–19, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). " 'Because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.' " *Id.* (quoting *McCarthy,* 394 U.S. at 466, 89 S.Ct. 1166). Therefore, "[s]ome rehearsal of the elements of the offense is necessary for any defendant[, and the f]ailure to identify the elements of the offense is error and cannot be said to be harmless[.]" *Syal,* 963 F.2d at 905 (internal citation omitted). "If a District Court fails to comply with Rule 11 and that failure cannot be said to be harmless, a defendant is entitled to a remedy." [5] *Id.* at 904; *see also United States v. Goldberg,* 862 F.2d 101, 106 (6th Cir.1988); *Van Buren,* 804 F.2d at 892.

[5] Here, as an initial matter, it is important to note that McCreary–Redd waived the reading of the indictment. The district court, nonetheless, proceeded to purportedly determine a factual basis by accepting, but without reading aloud, the "Agreed Rule 11 Factual Basis," which, in pertinent part, states that "[i]ncident to the arrest, Officers recovered a vial attached to McCreary–Redd's key chain which contained a quantity of cocaine base, also known as 'crack,' approximately 3.0 grams that was *individually wrapped and packaged for resale.*" (J.A. at 115) (emphasis added). In responding to the district court's question, "Is that the stipulation you entered into with the government," McCreary–Redd responded, "It is your honor." (Transcript of Change of Plea Hearing at 6 ("Transcript")). The record of the plea proceeding does not indicate any other instances where the factual basis was purportedly established.

A review of the record reveals that a factual basis was established to find McCreary–Redd guilty of possession, but not for possession with the intent to distribute. The government, having ample opportunity, did not make any statements regarding the offense—particularly, the intent element of the drug charge. Furthermore, the district court never asked McCreary–Redd to state, in his own words, what he believed to be the crime he committed. *See Tunning,* 69 F.3d at 112. While a possession with the intent to distribute charge would normally be "easily understood," *see Valdez,* 362 F.3d at 910,

11(b)(1)(G), however, this Court is limited to examination of the plea colloquy and what came before." *Spiridigliozzi,* 117 Fed.Appx. at 391.

5. We should note that "in contrast to harmless error review, plain error review puts the burden of proving a deprivation of substantial rights on the defendant and further requires the defendant to persuade the court that the error 'seriously affected the fairness, integrity or public reputation of judicial proceedings.' " *Valdez,* 362 F.3d at 908 (quoting *Vonn,* 535 U.S. at 63, 122 S.Ct. 1043). More importantly, this Court has previously held that "the lack of a sufficient factual basis for a plea can never be harmless error[.]" *United States v. Williams,* 176 F.3d 301, 313 (6th Cir.1999) (citing *Tunning,* 69 F.3d at 114–15).

FCI OAKDALE LAW LIBRARY
FCI OAKDALE LAW LIBRARY
FCI OAKDALE LAW LIBRARY

the record here is devoid of any reading of the indictment (despite McCreary–Redd's waiver), summary of the charges, or even an admission by McCreary–Redd that he intended to distribute the substance. *See Williams,* 176 F.3d at 313.

Moreover, although McCreary–Redd signed the stipulated facts, a method of establishing a factual basis, *see Baez,* 87 F.3d at 810, and agreed to them in front of the district court, the stipulated facts do not clearly support McCreary–Redd's intent to distribute the substance, a critical element of the offense. The stipulation refers to the fact that incident to McCreary–Redd's arrest, "officers recovered a vial attached to McCreary–Redd's key chain which contained a quantity of cocaine base, also known as 'crack,' approximately 3.0 grams that was *individually wrapped and packaged for resale.*" However, in light of the small quantity of drugs, this stipulation, without more, is ambiguous and does not sufficiently establish that McCreary–Redd intended to distribute the substance. Indeed, based upon the facts that McCreary–Redd entered a building in a neighborhood with illegal drug activity and was apprehended upon exiting, one could equally conclude that McCreary–Redd had just purchased the substance, which would have been individually wrapped and packaged "for resale," for personal use.[6] This being a possibility,[7] the stipulation, as it stands, would require an impermissible inference of McCreary–Redd's intent to distribute.[8]

"In our judgment, to permit the district court to infer a factual basis in the absence of a record demonstrating the existence of a factual basis would tend to negate the well-established safeguards inherent in the Rule 11 [(b)(3)] mandate." *Goldberg,* 862 F.2d at 106. Intent is a critical element of the drug charge, and "in the context of a challenge to the factual basis supporting a guilty plea, we have previously rejected a request by the government to infer a 'critical element' of the offense charged." *Tunning,* 69 F.3d at 113 (citing *Goldberg,* 862 F.2d at 106). Therefore, we conclude that the record fails to clearly establish McCreary–Redd's intent to distribute in violation of Rule 11(b)(3). *See Goldberg,* 862 F.2d at 109 (finding a violation of Rule 11 because the district court did not establish a clear factual basis).

[6] Ev... factual ba... 11(b)(3), t... mine whe... the natur... Rule 11(b... involves t... of a form... must hav... ments." ... and inter... complianc... trict cour... determine... and "inte... charge. ... right [sic] ... crack coc... the amou... you had ... agreed wa... the amou... (Transcrip... sponded, '... that, your... inquiry al... ended her...

Even t... the readin... court viol... termining...

6. In *United States v. Woods,* a case involving a small amount of marijuana, this Court found that " 'the packaging, the presence of a gun, [and] the presence of a vehicle in a drug area' " are "equally consistent with the *purchase* of marijuana as they are with the *distribution* of marijuana[.]" 26 Fed.Appx. 448, 451 (6th Cir.2001) (unpublished) (first alteration in original).

7. The possibility that McCreary-Redd purchased the substance for personal use is illuminated by his acknowledgment of using crack cocaine in the past. In particular, he tested positive for cocaine in July 2004 while at Midway Sanction Center, and expressed interest in a substance abuse class. (J.A. at 203).

8. More specifically, the inference, considering the small quantity of drugs presented in this case, is inconsistent with this Court's previous holding that "[i]ntent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone." *United States v. Jackson,* 55 F.3d 1219, 1226 (6th Cir.1995); *see also United States v. Coffee,* 434 F.3d 887, 897 (6th Cir.2006) (finding intent to distribute by evidence that defendant sold crack cocaine to an informant, and also by the quantity recovered, 28 packages of marijuana, totaling 32 grams and eight individual bags of cocaine base, totaling 7.6 grams); *United States v. Phibbs,* 999 F.2d 1053, 1065–66 (6th Cir.1993) (finding possession of one kilogram of cocaine supports an inference of intent to distribute); *United States v. Giles,* 536 F.2d 136, 141 (6th Cir. 1976) (finding possession of approximately 123.6 grams cocaine support an inference of intent to distribute).

9. It shou... distinguis... *comb,* a ... cocaine ... held that... indictmen... ing the co... they und... discussed... was proc... defendant... them. S... McCreary... allocution... vised him... offense ch... and the d... while con...

[6] Even assuming that an adequate factual basis was established under Rule 11(b)(3), the district court failed to determine whether McCreary–Redd understood the nature of the charge, in violation of Rule 11(b)(1)(G). "Because a guilty plea involves the admission of all the elements of a formal criminal charge, the accused must have knowledge of all those elements." *Valdez,* 362 F.3d at 908 (citations and internal quotation marks omitted). In compliance with Rule 11(b)(1)(G), the district court questioned McCreary–Redd to determine if he understood the "knowing" and "intent to possess" elements of the charge. The district court asked, "All right [sic]. Approximately three grams of crack cocaine. You understand, sir, that the amount of cocaine, crack cocaine, that you had in your possession, that you agreed was in your possession, can control the amount of your sentence in this case." (Transcripts at 6). McCreary–Redd responded, "Yes, I have grown to understand that, your honor." *Id.* The district court's inquiry about the elements of the charge ended here.[9]

Even though McCreary–Redd waived the reading of the indictment, the district court violated Rule 11(b)(1)(G) by not determining whether McCreary–Redd had knowledge and understood the intent to distribute element of the offense. *See United States v. Pena,* 314 F.3d 1152, 1156 (9th Cir.2003) (holding that "a 'waiver of the reading of the indictment does not excuse the district court's obligation to explain the nature of the charges against [the defendant].'") (alteration in original) (citation omitted); *United States v. Blackwell,* 199 F.3d 623, 626 (2d Cir.1999) (vacating and remanding the defendant's plea agreement because of the district court's failure to determine whether the defendant understood the nature of the charges even though defendant waived the reading of the indictment). The district court did not question McCreary–Redd to determine if he understood the intent element of the drug charge. In fact, intent to distribute, an element that is essential to McCreary–Redd's charge, was not discussed at any point during the entire plea proceeding. Thus, McCreary–Redd's guilty plea was unknowing. *See Goldberg,* 862 F.2d at 108–09 (holding that the district court's failure to inquire about or establish a clear factual basis for an element of the crime charged "reduced [the defendant's] guilty plea to an unknowing plea.").

Therefore, we are not satisfied that the district court established a factual basis in compliance with Rule 11(b)(3), and to the

9. It should also be noted that this case is distinguishable from *Edgecomb.* In *Edgecomb,* a case involving conspiracy to possess cocaine with intent to distribute, this Court held that the government's reading of the indictment, accompanied by the court's reciting the counts and asking defendants whether they understood the charges and if they had discussed the charges with their attorneys, was procedurally sufficient to establish the defendants' understanding of charge against them. 910 F.2d at 1313. Here, while McCreary–Redd, during the district court's allocution, agreed that his attorney had advised him of the elements and words of the offense charged, the indictment was not read and the district court did not recite the counts while confirming that McCreary–Redd understood. *See also Harton v. United States,* 1999 WL 96754, *6 (6th Cir.1999) (unpublished) (holding that "[a]lthough the Government argues that [defendant's] plea was properly taken because [defendant] acknowledged that his attorney told him what the Government needed to prove beyond a reasonable doubt to establish his guilt, such assurances do not permit district courts to assume *ipso facto* that a defendant enters his plea with a complete understanding of the charges against him.") (citing *McCarthy,* 394 U.S. at 464, 89 S.Ct. 1166); *Feltner v. United States,* 1999 WL 232702, at *4 (6th Cir.1999) (unpublished) (holding that "[a]lthough the court did ask [defendant] whether he had discussed the charges with his counsel, this fact alone does not establish that his plea was knowing").

FCI OAKDALE LAW LIBRARY
FCI OAKDALE LAW LIBRARY
FCI OAKDALE LAW LIBRARY

extent that it was established, the district court failed to determine whether McCreary–Redd understood the nature of the charges against him, in violation of Rule 11(b)(1)(G). Accordingly, we conclude that the district court's failure to comply with Rule 11 constitutes error that is plain. *See Murdock,* 398 F.3d at 497.

**2. McCreary–Redd's substantial rights were affected by the district court's failure to comply with Rule 11**

[7] We conclude that the district court's failure to comply with Rule 11(b)(1)(G) affected McCreary–Redd's substantial rights. *See Syal,* 963 F.2d at 905 (holding that the court's failure to explain the elements of the offense affected the defendant's substantial rights).[10] We also conclude, for the reasons stated above, that the district court's failure to establish a factual basis, in violation of Rule 11(b)(3), affected McCreary–Redd's substantial rights, namely because the stipulated facts do not clearly support a finding of McCreary–Redd's guilt. *See Williams,* 176 F.3d at 313 (finding that "the lack of a sufficient factual basis for a plea can never be harmless error").

**3. Upholding the plea agreement would seriously affect the fairness, integrity or public reputation of judicial proceedings**

To uphold a conviction that does not prove McCreary–Redd's intent to distribute crack cocaine would be inconsistent with the purposes of Rule 11. Adhering to Rule 11 helps to ensure that a defendant's guilty plea is truly voluntary, a constitutional requirement. *See McCarthy,* 394 U.S. at 465, 89 S.Ct. 1166; *Henderson v. Morgan,* 426 U.S. 637, 645 n. 13, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976) (holding that "[w]ithout adequate notice of the nature of the charge against him, or proof that he in fact understood the charge, the plea cannot be voluntary in this latter sense"). Additionally, compliance with Rule 11 creates a complete record containing the relevant factors in determining if the plea was indeed voluntary. *McCarthy,* 394 U.S. at 465, 89 S.Ct. 1166.

If we were to turn a blind eye to a defective guilty plea (where the district court failed to determine a factual basis, and the defendant lacked the requisite knowledge and understanding of the elements of the charge against him), such precedent would have an adverse impact which would seriously affect the fairness and integrity of the judicial proceeding. Furthermore, to uphold a conviction that does not prove McCreary–Redd's intent to distribute crack cocaine would negatively impact the reputation of judicial proceedings. After all, there is a clear distinction between pleading guilty to knowingly and intentionally possessing crack cocaine and pleading guilty to knowingly and intentionally possessing crack cocaine *with the intent to distribute.* For the reasons stated, the record in this case does not support the latter. As such, because we find that the district court's "error involves the defendant's state of mind, . . . the appropriate remedy is to vacate the plea and remand so that the defendant can plead anew." *Tunning,* 69 F.3d at 115.

**C. McCreary–Redd's guilty plea to count three is invalid**

McCreary–Redd also pled guilty to count three of the indictment, which

10. It is important to note that in *Syal,* the substantial rights violation was found under the "harmless error" review, where the burden is on the government. In the instant matter, under plain error review, McCreary–Redd has met the burden of proving that his substantial rights were affected because the record reflects the district court's failure to determine whether he understood the elements of the formal charge. *See supra* note 5.

charged hi
rying a fir
drug traffi
with the in
as charge
Because w
guilty plea
his guilty
encompass
offense, als

For the
**CATE** the
three and
the ground
determine
stood the
him.

**Deborah**

**Jo Ann**
**sion**

Unite

Decid

**Backgrou**
determinat
trator affi
for disabili
supplemen
United St

45 n. 13, 96 S.Ct. 976) (holding that e of the nature of r proof that he in ge, the plea can- is latter sense"). with Rule 11 cre- maining the rele- ig if the plea was rthy, 394 U.S. at

blind eye to a iere the district a factual basis, ed the requisite iding of the ele- ainst him), such adverse impact ect the fairness icial proceeding. conviction that Redd's intent to vould negatively udicial proceed- clear distinction knowingly and ack cocaine and y and intention- ne with the in- reasons stated, oes not support se we find that nvolves the de- . the appropri- ie plea and re- ant can plead t 115.

guilty plea to d

led guilty to ctment, which

proving that his ted because the ourt's failure to erstood the ele- See supra note 5.



charged him with knowingly using and carrying a firearm during and in relation to a drug trafficking crime, namely possession with the intent to distribute crack cocaine as charged in count two. (J.A. at 13). Because we find that McCreary–Redd's guilty plea to count two violated Rule 11, his guilty plea to count three, a charge encompassing count two as a predicate offense, also cannot stand.

## III. CONCLUSION

For the reasons stated above, we **VACATE** the guilty plea on counts two and three and **REMAND** for pleading anew on the grounds that the district court failed to determine that McCreary–Redd understood the nature of the charges against him.




**Deborah COLVIN, Plaintiff–Appellant,**

**v.**

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.**

**No. 06–3517.**

United States Court of Appeals, Sixth Circuit.

Argued: Jan. 24, 2007.

Decided and Filed: Feb. 8, 2007.

**Background:** Claimant sought review of determination of Social Security Administrator affirming denial of her application for disability insurance benefits (DIB) and supplemental security income (SSI). The United States District Court for the Southern District of Ohio, Susan J. Dlott, J., affirmed. Claimant appealed.

**Holdings:** The Court of Appeals, Moore, Circuit Judge, held that:

(1) substantial evidence supported determination that claimant retained ability to perform her past relevant work as cutting machine operator, and

(2) physician's rating of claimant's functioning as "poor" in some areas on medical assessment did not per se render her unable to return to her past work.

Affirmed.

**1. Social Security and Public Welfare ⚷143.80**

Finding of ALJ, in denying disability insurance benefits (DIB) and supplemental security income (SSI), that claimant retained residual functional capacity to perform her past relevant work as cutting machine operator, was supported by substantial evidence, notwithstanding that claimant received medical assessment of "poor," meaning seriously limited but not precluded, with respect to some areas of functioning that were relevant to her past work; vocational expert found that areas in which claimant was rated "fair" compensated for other areas in which she was rated "poor." Social Security Act, §§ 223(a, d), 42 U.S.C.A. §§ 423(a, d); 20 C.F.R. §§ 404.1520, 416.920.

**2. Social Security and Public Welfare ⚷140.70**

Physician's use of the term "poor" on medical assessment form, meaning that claimant's functioning was seriously limited but not precluded in area being rated, did not, on its own, mean that disability insurance benefits (DIB) claimant could not return to past work; rather, such assessment required a review of the entire record in order to judge whether the bal-

FCI OAKDALE LAW LIBRARY
FCI OAKDALE LAW LIBRARY
FCI OAKDALE LAW LIBRARY