UNITED STATES DISTRICT COURT
OF THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Timothy Williams,<br>Movant/Defendant,<br><br>VS.<br><br>UNITED STATES OF AMERICA,<br>Plaintiff. | )<br>)<br>) Case No.: <u>2:07CV742-MEF</u><br>)<br>)  (<u>CR-05-216-MEF-SRW</u>)<br>)<br>)<br>)<br>) |

MOTION TO DISMISS
FOR WANT OF SUBJECT MATTER JURISDICTION

Movant moves this Honorable Court for an order granting his motion to dismiss all charges in this case for want of subject matter jurisdiction. Movant contends that the District Court Middle District of Alabama erred in not determining jurisdiction prior to entertaining this case.

The Court's duty to resolve the jurisdiction of the court regardless of who brings the claim, **the court must make a legal finding as to its authority to take venue and jurisdiction, before the court moves to entertain the cause before it.** (<u>Steel Co. v. Citizens for a Better Environment, 118 S.Ct. 1003, 523 U.S. 83 1998</u>). See 20 Am. Jur. 2d 60, 377. "The general rule is that proceeding conducted or decisions made by a court are legally void when there is an absence of jurisdiction over the subject matter. A Court devoid jurisdiction over the case cannot make a decision in favor of either party, cannot dismiss the complaint for failure to state a claim, and cannot render a summary judgment. As a decision would be on the merits

-1-

of action. <u>It can only dismiss the case for want of jurisdiction.</u> However, a Court can set aside orders it made before the want of jurisdiction was discovered, and a judgment by a court without jurisdiction over subject matter can be set aside and vacated at any time by the court that rendered it."

Movant asserts that the United States by and through its Agents, the U.S. Attorney', lost its jurisdiction, once it failed to determine (prove) jurisdiction to hear this case at bar before proceeding with a charge within the U.S. District Court. The U.S. District Court Middle District of Alabama, has an obligation to compel the United States to prove jurisdiction in the best interest of justice.

Movant contends that the question — challenging jurisdiction, was [never waived] by the defendant. It is well settled in the law that when jurisdiction of the court and the United States is challenged, thus "ONUS PROBANDI is the ACTOR." Onus probandi burden of proving the burden of proof: "The strict meaning of the onus probandi, "is that if no evidence is adduced by the party on whom the burden is cast, the issue must be found against him (<u>Davis v. Rogers, 1 Houst. (del) 44.</u>" Where jurisdiction is challenged it must be proved. (<u>Hagan v. Lavine, 415 U.S. 528 1974)</u>..

The Court must be mindful that the powers of the legislature are defined and limited and that those limits may not be mistaken or forgotten. The Constitution of the United States of America has been written indeed with this, the very essence of the judicial duty. See <u>Marbury v. Madison, 5 U.S. 137, 176-178, Cranch 137 (1803)</u> See Also, <u>Bell v. Maryland, 378 U.S. 266, 224 (1964)</u> (Douglas J. concurring).

A district court are courts of limited jurisdiction, which has only powers conferred on it by this Title under 28 U.S.C.A., Article IV and Article I, Sec. 8,   -3 — interstate commerce and cannot [assume] jurisdiction See **Standard v. Olesen, 74 S.Ct. 768 (1954)** also **McNutt v. G.M., 56 S.Ct. 789, 80 L.Ed. 1133,** and **Thomas v. Gaskiel, 62 S.Ct. 673, 83 L.Ed. 111**. It is clear that the federal jurisdiction does not rest in federal statutes that **do not invest exclusive jurisdiction. Neither statute governing courts authority nor the statute govering the charged crime invest exclusive authority of the subject matter to justify the abrupt (police powers) removal of this plantiff state jurisdiction, by the federal government.** The Court in **Housebaum v. Bauer, 120 U.S. 450 (1887)**, searching the language of the statute to see if jurisdiction is conferred by a statute stated; "**Here we are bound by statute, and not by statute alone, but by act of congress. This obliges us to follow the state statutes and state practice. The federal courts are bound hand and foot, and are compelled and, obligated by the federal legislature to [obey] the state  f law.**"

Movant contends that such rules prevail where it appears from the record that the court is without jurisdiction, of either person or subject matter, for the record, where it appears from the record that the court do not have jurisdiction of the person (or the subject matter, there is no conclusive presumption to preclude an injury into the fact and to prevent a declaration of the invalidity of the judgment). The record affirmatively shows want of jurisdiction is itself **CONCLUSIVE AS THE FACTS.**

**Movant contends that the U.S. Attorney [failed] to inform the**

grand jury or the court that the federal statutory provision under which the defendant is charged failed to contain language of an interstate commerce [nexus]. The enumerated subsection under which the defendant is unlawfully incarcerated and detained of his liberty, posses no language, which would be construed as incorputing a commerce nexus. Thus, the language of the statute does not grant federal subject matter jurisdiction, nor grant formal notice to the accused party that an alleged violation of Title 21, also invokes and uncharged violation of the federal interstate commerce statute.

The federal government does not have a general police powers; Thereby a legitimate application of offense may only be applied if connected to an alleged violation of the interstate commerce statute. "When a federally created crime involves an area traditionally left to the domain of the states, the jurisdictional authority of the United States becomes a crucial part of the proof (United States v. McRary, 665 F.2d 674 5th Cir. 1982).

Movant contends that where the instant matter is concerned, the U.S. attorney had failed ab initio to establish that the so-called prohibitive conduct of defendant moved beyond the borders of the soverign state, thus in clear absence of a commerce charge, the government has failed to establish federal subject matter jurisdiction over the alleged offense. See U.S. v. Lopez, 2 F.3d 1342 5th Cir. 1993) "Lopez's conviction must still be reversed, however, because his indictment did not allege any connection to interstate commerce, an indictment that fails to allege a commerce nexus, where such a nexus is a necessary element of the offense, is defective. See

Stirone v. United States, 361 U.S. 212 216-18, 80 S.Ct 270, 273, 4 L.Ed. 2d 252 (1960) (Hobbs Act); United States v. Hooker, 841 F.2d 1225, 1227-32 (4th Cir. 1988) United States v. Moore, 185 F.2d 92, 94 (5th Cir. 1950)(FLSA). This is true even though the langauge of (Title 21 U.S.C. 841(A) contains no such requirements. See Russel v. United States, 369 U.S. 749, 763-66, 82 S.Ct. 1038, 1047-48 (1962); 2. W.Lafave 9 J. Israel, criminal procedures § 19.2 at 452 (1984). Finally, because an indictment, unlike a bill of information, cannot be amended, the failure to allege jurisdiction and each element is fatal. United States v. Garrett, 984 F.2d 1402, 1415 (5th Cir. 1993) United States v. Mize, 756 F.2d 353, 355-56 (5th Cir. 1985).

"Conviction reversed for failure to show jurisdictional element in indictment." Movant contends that **there is simply is no statutory language expressly stating that the act applies "EXTRA JURISDICTIONALLY."** This is particularly apparent from a review of the offense violation, mentions nothing in reference to interstate commerce. It should be noted that in other criminal acts congress statutory bases such acts upon its interstate commerce power: See 18 U.S.C. 659, 660, 842, 844, 875, 922, 1231, 1301, 1343, 1365, 1951, 1953, 1962, 1992, 2101, 2251, 2312, 2314, 2316, 2317, 2421, 2422, and 2423.

When a court assumes jurisdiction but later discovers that it has no subject matter jurisdiction, the court must take appropriate action, although it acted in accordance with its previous belief that it had jurisdiction. See **American Jurisprudence 2d Courts 60 Page 377.** Jurisdiction to render a judgment in a particular case or against particular persons may not be presumed where the record

itself shows jurisdiction has not been acquired. See **Old Wayne Mut. Life Assoc. v. McDonough, 204 U.S. 8, 51 L.Ed 345, 27 S.Ct. 236**. Hence, a fact connected with jurisdiction to render a judgment may not be in the face of statements to the contrary in the record.

Movant contends that the federal government's failure to establish proof or other evidence of jurisdiction or ownership over every geographical location in the indictment in which the alleged criminal activities took place and failed to show a violation of interstate commerce, the two very sources of the jurisdictional power, confirm no subject matter jurisdiction.

The legitimate application and charging of an offense violation of Title 18 or 21, of the United States Code, must be [connected] to an alleged violation of the federal interstate commerce statute; **otherwise federal subject matter jurisdiction is missing.** See **United States v. Pupo, 841 F.2d 1235**," the defendant argues that an indictment is jurisdictionally deficient, where it fails to allege, that the purported prohibitive acts upon which the subsequent counts are based affected interstate commerce, or foreign commerce. Otherwise, the indictment fails to appraise the accused — party of what he must be prepared to defend accordingly, an allegation of interstate commerce is jurisdictional and such is an essential element in appraising the defendant of the grand jury's authority to indict under violation of title 18 or 21." See **United States v. Young, 730 F.2d at 224, "The particular predicate for jurisdiction is an essential element of offense."** See **United States, v. Stirone Supra, 80 S.Ct. at 273** where the **Supreme Court** ruled, "that the **failure of the government to include in the indictment any charge that the defendant**

-6-

conduct affected interstate or intrastate, or any commerce was not cured by the citation of the statutes. In the sufficiency of an indictment, it is the statement of facts in the pleadings rather than the statutory citation that is controlling. See also the Supreme COurt's ruling in <u>United States v. Wuco, 535 F.2d 1225 (9th Cir. 1976) cert. den. 429 U,S. 978, 97 S.Ct. 488, 50 L.Ed. 2d. 586 (1976)</u>. "It is elementary that every ingrediant of the crime must be charged in the bill, with a general referense to the provisions of the statute being insufficient.

Therefore, the only issue is whether the indictment, by referenced [to the statute], "alleged sufficient information to cure the deficiency. We would have to conclude that the indictment, by reference [to the statute]" inadequately informed the defendant to the very necessary element to prove subject matter jurisdiction. "The Commerce Clause" where an indictment is questioed post-trial, referenced to a statute will cure some defects, **but the defendant must have been given adequate knowledge of the missing element in order to satisfy the due process requirement**; otherwise, reference to a statute will not cure the defects in the indictment. (<u>United States v. James, 980 F.2d 1314 (9th Cir. 1992).</u>

The failure to include a "Commerce Nexus" violates Movant's Fifth Amendment rights of due process, and therefore is fatal and reversal of the indictment is required, purpose of the presentment clause of the Fifth Amendment is two-fold; first, it entitles defendant to be in jeopardy only for offenses **charged** by a group of his fellow citizens acting independantly of either the prosecutor or judge. <u>Stirone v. United States Supra 80 S.Ct. 270, 273-74</u> — secondly, it entitles a

a defendant to be appraised of the charges against him, so that he knows what he must meet at trial. In <u>Hasner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 419</u> The Supreme Court stated: Likewise, an indictment is insufficient if it does not [show] with accuracy to what extent [the defendant] may plead a former acquittal or conviction, "or if it does not protect the defendant against another prosecution for the same offense. (Fifth Amendment U.S. Const.)

Furthermore, a criminal indictment "must be a plain concise, and definite written statement of the essential facts constituting the offense charged." <u>United States v. Morales-Rosales, 838 F.2d 1359, 1361 (5th Cir. 1988)</u>. "An [indictment] that fails to allege each material element of an offense fails to charge that offense." The starting place for any determination of whether the charged conduct is proscribed by a criminal statute is a **reading of the language of the charging instrument** and the statute itself.

"It is an elementary principle of criminal pleading, that where the definition of an offense, whether it be common law or by statute, 'includes generic terms, **it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition**; but it must state the species,—it must descend to particulars.'" <u>United States v. Cruikshank, 92 U.S. 542, 558, 23 L.Ed 588, 593</u>. An indictment not framed to appraise the defendant "with reasonable certinty, of the nature of the accusation against him... is defective, although it may follow the language of the statute." <u>United States v. Simmons, 96 U.S. 360, 362, 24 L.Ed 819, 820</u>. "In an indictment upon a statute, it is not sufficient to set forth the offence in the words of the statute, <u>unless those words of themselves fully, directly,</u>

<u>and expressly, without any uncertainy or ambiguity, set forth all elements necessary to constitute the offence intended to be punished;</u> ..." <u>United States v. Carll, 105 U.S. 611, 612, 26 L.Ed 1135</u>. "Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." <u>United States v. Hess, 124 U.S. 483, 487, 31 L.Ed 516, 518, 8 S.Ct. 571</u>. That these basic principles of fundamental fairness [369 U.S. 766] retain their full vitality under modern concepts of pleading, and specifically under Rule 7(c) of the Federal Rules of Criminal Procedure, is illustrated by many recent federal decisions. <u>Russell v. United States Supra 82 S.Ct. 1038.</u>

Movant also contends that the objection that the indictment fails to charge an offence is not waived by a guilty plea. The violation of Movant's rights to be free of prosecution for a non-offense would bar his conviction even if his "factual guilty" had been established validly. The entry of a guilty plea does not act as a waiver of jurisdictional defects such as an indictment failure to charge an offence. <u>United States v. Di Fonzo, 603 F.2d 1260 (7th cir. 1979) Cert. Den. 100 S.Ct. 672; United States v. Broncheau, 597 F.2d 1260 (9th Cir.).</u>

Movant's guilty plea does not bar reversal of his conviction, see <u>Launius v. United States, 575 F.2d 770; also United States v. Macklin, 523 F.2d 193 and United States v. Meacham, 626 F.2d 503 S.D.A. (5th Cir. 1980); U.S. v. Harper, 901 F.2d 471 (5th Cir. 1990).</u>

Furthermore, the Jurisdiction of inferior courts is usually **limited by statute**, and therefore, such statutes must **be consulted** in any case where a question of jurisdiction arises.

Whether an inferrior court has jurisdiction of a particular offense must be determined by the allegations of the compliant and not by the facts proven at trial. (21 American Jurisprudence 2d-Criminal Law    , N.500).

"The jurisdiction of a court is subject to territorial limitations. It's Jurisdiction cannot extend beyond the territory belonging to the sovereignty on behalf of which it functions, and its jurisdiction can be further limited, by **Constitutional** or **Statutory provisions**, to only a part of the territory of the sovereignty to which it belongs (20 American Jurisprudence 2d-territorial limitations N. 105).

The proceedings of a court without jurisdiction of the subject-matter are nullity; that is when a Court decides a matter without jurisdiction, the whole proceedings is as if it had never happened. Stated alternately, proceeding conducted or decisions made by a Court are legally void when there is an absence of Jurisdiction over the subject matter. (20 Am. Jur. N.66, F.R.Civ.P. Rule 12(H)(3)).

Federal Jurisdiction over certain cases rest on Federal Statutes conferring such Jurisdiction on Federal Courts; without an Nexus to the "commerce clause" or a session from the State (Alabama) from which the inferrior Court is located. (Montgomery) that Court lacked Jurisdiction.

Furthermore, **a statutory citation does not ensure that the grand jury has considered and found all essential elements of the offense charged, it therefore fails to satisfy the** <u>Fifth Amendment</u> <u>guarantee</u> that no person be held to answer for an infamous crime unless on indictment of a grand jury, (<u>U.S. v. Pupo Supra, U.S. v. Hooker Supra</u>) Also stated in <u>Hooker</u>, "When an indictment fails to include an essential element of the offense charged, <u>it thereby fails to charge any Federal offense and a conviction under the indictment may not stand.</u>"

Therefore, under the plain error doctrine, erroneous instructions concerning the essential jurisdictional element of the crime charged affects substantial rights of the defendant, violating his constitutional rights of due process.

In <u>U.S. v. Young, Supra</u>, the Fifth Circuit ruled stating: "Particular predicate for jurisdiction is essential element of any federal offense, and thus, if Federal offense may be predicated upon alternative bases of jurisdiction, defendant's conviction cannot rest upon basis of jurisdiction different from that charged in indictment."

The requirement of notice derives from the defendant's Sixth Amendment rights to be informed of the nature and cause of the accusation. The inclusion of all elements also derives from the Fifth Amendment, which requires that grand jury have considered and found **all elements to be present**. In most cases these conjunctive requirements are inseperable. These guarante are reflected in the two criteria against which the sufficiency of an indictment must be measured.

in closing, Movant's indictment under Title 21 U.S.C. violations fails to allege a [nexus] between Movant's conduct and interstate commerce. In dealing with an indictment, that charges illicit offenses within the borders and jurisdiction of the state where no alleged commerce allegation is made, Movant argues that this court must hold that a lack of commerce allegation in the indictment precludes it from considering whether a conviction under 21 U.S.C. violation can be substained. Even if the government now alleged and proved that these offenses **had** a nexus to commerce.

Movant moves this Honorable Court for an order granting his Motion to dismiss all charges in this case for want of subject matter jurisdiction.

In accordance with the Federal Rules of Civil Procedure Rule 12(h)(3).

                              Respectfully Submitted,

                              _____
                              Timothy Williams # 11778-002
                              Federal Correctional Institution
                              P.O. Box 5000
                              Oakdale, LA. 71463-5000

Done this 25 Day of January 2008.

## CASES IN SUPPORT OF MOTION TO DISMISS FOR
## LACK OF SUBJECT-MATTER JURISDICTION

1.) <u>Joyce v. United States, 474 F.2d 215 (1973)</u>

"Where there is no jurisdiction over the subject-matter, there is no discreation to ignore that lack of jurisdiction (<u>Federal Rules Civil Procedure. Rule 12 (H)(3)</u>).

2.) <u>Melo v. United States, 505 F.2d 1026 (1974)</u>

"When it clearly appears that the court lacks jurisdiction, Court has no authority to reach merits, but rather should dismiss the action.

3.) <u>California v. Larue, 400 U.S. 109, 93 S.Ct 390 (1972)</u>

4.) <u>United States v. Harper, 901 F.2d 471 (5th Cir. 1990)</u>

"A guilty plea does not bar a prisoner from challenging his indictment on jurisdictional grounds.

5.) <u>United States v. Werme, 939 F.2d 108 (3rd Cir. 1991)</u>

"Defendant cannot be convicted for offense that was not included in the indictment.

6.) <u>Nethery v. Collins, 933 F.2d 1154 (5th Cir. 1993)</u>

"Deficient indictment will provide basis for Federal habeas corpus relief if defect is so significant that convicting court lacked jurisdiction under state law.

### AMERICAN JURISPRUDENCE 2d # 41
### INDICTMENTS AND INFORMATION

**Notes (18); in part;** "The information or indictment is the jurisdictional instrument upon which a defendant stands trial.

**Notes (134); in part;** "For certain types of offenses, such as a drug trafficking conspiracy, it may be necessary to allege in the indictment or information that crimes occurred or had impact in more than one county.

**Notes (220) in part;** "An indictment will be quashed, dismissed, or set aside by the court on motion of the accused, if no evidence before the grand jury tends to support the charges of the indictment or to support a separate, distinct, and essential element of the charged offense.

Respectfully Submitted,

_____
Timothy Williams

Case 2:07-cv-00742-MEF-SRW    Document 29    Filed 01/29/2008    Page 15 of 16

## -CERTIFICATE OF SERVICE-

I, hereby certify that a true and correct copy of the above Motion and documents have been provided to the following parties via first class mail postage prepaid on January 25, 2008

Clerk of the Court  
Middle District of Alabama  
1 Church Street, Suite B-100  
Montgomery, Alabama 36104

Susan Redmond  
Assistant United States Attorney  
One Court Square, Suite 201  
Montgomery, Alabama 36104

Respectfully Submitted,

_____  
Timothy Williams Movant  
F.C.I. Oakdale # 11778-002  
P.O. Box 5000  
Oakdale, LA. 71463-5000

Timothy Williams - 11778-002
Federal Correctional Facility
P.O. Box 5000
Oakdale LA, 71463



Clerk of the court
Middle district of Alabama
1 Church street, Suit B-100
Montgomery AL, 36104



