IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Timothy Williams, ) | |
| Movant, ) | |
| ) | |
| VS. ) | Case No.: <u>2:07cv742-MEF-SRW</u> |
| ) | <u>(CR-05-216MEF)</u> |
| UNITED STATES OF AMERICA, ) | |
| Respondant. ) | |

MOTION FOR RECONSIDERATION ON MOTION DENIED BY
THIS COURT .(DOC. # 21-MOTION TO DEEM MATTER ADMITTED.)

Upon order from this Court, Movant was specifically cautioned that his failure to file pleading in conformity with the Federal Rules of Civil Procedure will result in such pleading **not being accepted** for filing. Doc#2-1 file date 8-21-07 Page 4

Movant heeded that specific caution, and complied with the orders of this Court in all pleading that Movant sent to this Court, but this Court has denied an Motion that Movant filed, Doc# 21-Motion to Deem Matter Admitted.

The Motion to Deem Matter Admitted was submitted on violations found in the Federal Rules of Civil Procedure— specifically Rule 8 (b)(6), in which, make it clear that whenever an claim is not denied, it is admitted.

Now, Movant contends that this Honorable Court has abused it's discretion by not granting said Motion (Doc. #21), for it is clear from the record that the United States failed to comply to this Court Order and failed to comply with Rule 8(b)(6) and Rule 8(c) of

-1-

the Fed.R.Civ.Procedure, therefore conceeding that there is no factual basis for Movant's guilty plea to Count 1 Violation, 21 841(A) and that the Petitioner did not "actively employ" the firearm as required by <u>Bailey v. United States, 516 U.S. 137 (1995)</u>. Count 2, 18 924(c)(1)(a).

The Federal Rules of Civil Procedure Rule 8(b)(6) and 8(c) is well established law, as set forth in Movant's Motion and in his Response to the Government's Supplemental Response. The claims Movant raised in his Amended 2255 DOC#10 are violation of Movants Fifth Amendment due process rights and his Sixth Amendments effective assistance of counsel, this Court granted the Motion, therefore, for this Court not to grant a Motion from the very source it ordered Movant to strictly and specifically to conform to, (Fed.R.Civ.P) is inconsistant with its own ruling and abuses it discretion.

Furthermore, for this Court not to deem matter admitted is a violation of Movant's due process rights and where a Federal district court does not lawfully consider a Petitioner Federal Constitutional rights or claims, where the Petitioner is able to show that the Court's failure to address his claims would result in a "fundamental miscarriage of justice." (<u>Murray v. Carrir, 477 U.S. 478, 479 (1986)</u> this Court must reverse its prior decision to deny Movant Motion (Doc. # 21) Movant would also bring to the Courts attention of the (AEDPA) Act of 1996 in which the intent of Congress was to have statute of limitations and other procedural issues governed by the Federal Rules of Civil Procedure. Movant contends that when Congress enacts a statute of [law] the Federal Courts are mandated to uphold and comply to that statute of law, not on its own, rule against Congress.

To uphold an decision to deny Movant's motion to deem matter admitted would seriously affect the fairness, integrity and public reputation of the Judicial proceedings, it would be inconsistent with this Court orders to comply with the Fed.R.Civ.P and inconsistent withwith Rules 8(b)(6) and Rule 8(c) of the Civil Procedure itself, and ruling from the Supreme Court and the 11th Circuit. If this Court turned a blind eye to the United States **failure to deny** Movants Amended claims, this Court abuses its discretion, it violates Movant's Fifth Amendment Right of Due Process, and therefore would be a miscarriage of Justice.

A district court errs when it "fails to comply with the clear mandate of a Federal Rule of Procedure—(civil and or criminal) and this error is plain. (<u>U.S. v. McCreary-Redd, 475 F.3d 718 (6th Cir. 2007)</u>

Where all of the relevant facts are contained in the record before the Court and all are uncontroverted, the Court may not ignore their legal effects, nor may the Court decline to consider the application of controlling rules of law to dispositive facts, (<u>Am. Furniture Co. v. Intern. Accommadations Supply, 721 F.2d 478</u>) by failing to submit answers or other pleading denying factual allegations of Movants Amended 2255, the United States admitted those allegations, and thus Movant has no further burden to prove its case factually- (<u>Burlington n. R.R. Co. V. Huddleston, 94 F.3d 1413(1996)</u>.

**Where answer filed by defendant (U.S.) does not deny any factual averment of complaint**, courts must take such facts as admitted (<u>United States v. McIntire, 370 F. Supp. 1301</u>).

As Movant mentioned supra, Federal Rules of Civil Procedure 8(b)(6) is a well established rule in which all Federal Circuit and the

Supreme Court has upheld in prior cases, and for the district court (Middle District of Alabama), not to comply to the clear mandates of Federal Rules of Civil Procedure Rule 8(b)(6), the Supreme Court, the 11th Circuit and the United States Constitution as well as the United States Congress, can be legally construed as an clear abuse of the Court's decreation and an act of treason against the United States of America.

Furthermore, "**rules of Courts are binding on the court as well as on the parties and courts failure to folow its own rule of court may result in the reversal of the decision on appeal.**(20 American Jurisprudence 2d - effects of rules; retroactive application; binding effects Note. 54); and "Since counsel (U.S. Assistant Attorney) have a professional responsibility to be aware of duly adopted local court rules, a party's lack of knowledge of a clear rule of civil procedure is not an excuse for relief from the rule. **courts have statutory and inherent authority to impose sanctions for failure to comply with procedural rules.** (20 American Jurisprudence 2d — Effect of rules; retroactive application; binding effects—violation of rules, Note 55).

The law is clear on procedures the Federal courts are mandated to comply to, the Federal Rule of Civil Procedure Rule 8(b)(6) and notes 54 and 55 of 20 American jurisprudence 2d and many other not cited in this motion.

Therefore, for all the above reasons stated in this Motion and, in accordance with these procedure mentioned above, Movant moves this Honorable Court for order granting his motion for reconsideration to deem matters admitted, for "good cause" and "in the interest of justice."

For all the above reasons stated and in accordance with Rule 8(b)(6) of the Federal Rule of Civil Procedure, Movant moves this **Honorable** COurt for an order granting his Motion to Deem Matters Admitted, for "Good Cause" and "In the interest of Justice."

                                        Respectfully Submitted,

                                        */s/ T. Williams*

                                        Timothy Williams # 11778-002
                                        Federal Correctional Institution
                                        P.O. Box 5000
                                        Oakdale, LA. 71463-5000

## -CERTIFICATE OF SERVICE-

I, hereby certify that a true and correct copy of the above Motion and documents have been provided to the following parties via first class mail postage prepaid on January 25, 2008

Clerk of the Court
Middle District of Alabama
1 Church Street, Suite B-100
Montgomery, Alabama 36104

Susan Redmond
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

Respectfully Submitted,

_____
Timothy Williams Movant
F.C.I. Oakdale # 11778-002
P.O. Box 5000
Oakdale, LA. 71463-5000

Timothy Williams - 11778-002
Federal Correctional Facility
P.O. Box 5000
Oakdale LA, 71463

Clerk of the Court
Middle District of Alabama
1 Church Street, Suit B-100
Montgomery AL, 36104

7001 2510 0004 9620 3118