IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Timothy Williams,<br>Movant/Defendant,<br><br>VS.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>) Case No.: 2:07CV742-MEF<br>)<br>)          (CR-05-216-MEF)<br>)<br>)<br>)<br>)<br>) |

**MOTION TO DISMISS COUNT 2 OF THE INDICTMENT**
**TITLE 18 U.S.C. 924(c)(1)(A) (Actual Innocents)**

In accordance with Rule 15(A) of the Fed.R.Civil.P. Movant has filed a Amendment to his 2255.— 10/10/07 (DOC 10) on and for good cause, this Court ordered that the Motion to Amend (Doc No. 10) be granted (Doc. No. 13-1). In Movant's Motion to Amend (Doc. No. 10), Movant claims of **ineffective assistance of counsel—failure to appeal issues that were obvious from the record**, are now addressed in this Motion to dismiss count 2 (18 U.S.C. 924(c)(1)(A)) of the indictment.

First Movant would bring the courts attention to defense Attorney Tiffany McCord's sworn affidavit; in Attorney McCords Affidavit, she's sworn under the **penalty of perjury** that she "communicated with Mr. Williams (Movant) numerous times concerning his sentence and his case... additionally, **based upon her review of the facts and circumstances of his case, there were no meritorious issues to appeal. Consequently, an appeal was not filed on his behalf.**"

According to attorney McCord's Affidavit she communicated with her client **numerous times** concerning his case—This is true, Attorney McCord did in fact communicate with Movant concerning his case, but this so-called communication was after the defendant was already in

-1-

a Federal Prison (Oakdale) some three months after sentencing— long after the time to consult her client— about an appeal. Also in McCords Affidavit she contends that **there were no meritorious issues to appeal.**

Movant addressed in his Motion to Amend that if Attorney McCord would have reviewed Movant's case as she had sworn to have done in her affidavit she would have seen **from the record that Movant** did not violate 18 U.S.C. 924(C)(1)(A). The **record clearly shows** that Movant did not "**actively employ**" any firearm "**During in relation to**" and "**In furtherance**" of the drug offense. The Supreme Court's decision in <u>**Bailey v. United States, 133 L.Ed. 2d. 472, 116 S.Ct. 501**</u> is very clear on what constitutes a violation of 18 U.S.C. 924(c)(1)(A)

It is Movants contentions that he did not violate this Federal Statute. See attached to this Motion a copy of the **Narcotics & Intelligence Bureau Evidence/Property Inventory** (Police report). This report provides evidence beyond any reasonable doubt to the fact that 18 U.S.C. 924 was not violated by Movant and his conviction under 18 U.S.C. 924(c) must be reversed once this evidence has been presented to this Honorable court. The Supreme Court has ruled that to **sustain** a conviction on 18 U.S.C. 924(c)(1)(A), "**It requires evidence sufficient to show an active employment of the firearm by the accused**, a use that makes the firearm in operative factor in relation to the predicate offence" (Bailey Supra 116 S.Ct. 501).

The property inventory (Police Report) clearly shows the location where each firearm was found, thus proving to this Honorable Court two very important points for the Court to take notice of:(1) Movant has at no time **actively employed** any firearms (2) Attorney McCord **never reviewed Movants case, as she swore to have done,** thus rendering her performance **deficient** and that her **deficient performance prejudiced his case,**

-2-

in accordance with the Supreme Court's standards in **Stricklen v. Washington, 466 U.S. 668**, Attorney McCord has violated Movants Sixth Amendment right to effective counsel.

In reviewing the police report, in which is part of the record, and being sufficient evidence to provide facts to Movant's innocense of violating 18 U.S.C. 924, and in addition to the Supreme Courts decision in "Bailey", **and the fact that this court is bound by Supreme Court decisions** to make a show of **active employment**, not just mere possession. Movant moves for the order from this Honorable Court to dismiss count 2 of the indictment— (**18 U.S.C. 924**), for it is clear from the record that no firearm was in **"use"** or **"carried"** in this alleged trafficking offense.

Item (1) in the inventory report shows that 1 Sturm Ruger Ser. # 195-57105 was **found in the master bedroom closet—propped against the wall—not actively employed**, Item (2), **Rossi .38 Special Ser. # W216081 was found outside—between console & drivers seat in white jeep**, Item (4) China Norinco Ser. # 01125 was also **found in master bedroom closet propped against wall** and Item (7) of the police report a Ruger p.89 Ser # 311-98162 **was found between mattress-box springs in master bedroom**—Again no firearm was actively employed at any time. Under the "use" prong of 924(c)(1)(A) the government must show that the defendant **actively employed** the firearm **during** and **in relation** to the predicate crime under this reading "use" includes the act of **brandishing, displaying, bartering, striking with, and firing, or attempting to fire a firearm, as well making of a reference to a firearm in a defendant's possession** (Smith v. United States, 508 U.S. 223, 113 S.Ct. 2050 (1993).

It's the defendant's contention that all the     elements

required to violate this offense, decided by the Supreme Court in "Bailey" and "Smith Supra" does not apply to Movant's case. Movant argues that the facts of his case would not support his conviction because his claim is that he has been imprisoned for non-criminal conduct, as acknowledged by "Bailey", he meets the actual innocence prong of the saving clause test.

The AEDPA and the Supreme Court decisions has been recognized and applied by the lower courts in all circuits, a majority of circuits relying on the plain language and legislative history of section 924 (c), See S.Rep. No. 225, 98th Cong., 2nd Sess. 312, 314 & N.10(1983), U.S. Code Cong. & Admin. News 1984 P. 3182, have held that mere possession of a gun at the time a crime is committed is not enough to establish "use" See also U.S. v. Feliz-Cordero, 859 F.2d 250 (2nd Cir. 1988), "Section 924(c) requires more than mere possession of a firearm". Had [Congress intended the provision to encompass possession of a firearm during a drug trafficking offense, it would have so provided U.S. v. Theodoropoulos, 866 F.2d 587 (3rd. Cir. 1989). The plain meaning rule does not require a court to operate under an artificially induced sense of amnesia about the purpose of legislation, or to turn a blind eye towards significant evidence of Congressional intent in the legislative history... [I]t is no talismanic invocation of an exclusively privileged status for apparently unambiguous statutory language. Rather, it is a recognition of the practical principle that evidence is sometimes so good in the first place to which one turns that it is unnecessary to look further—(Amalgamated Tran.St. Local 1309 v. Laidlaw Transit, 448 F.3d 1092(9th Cir. 2006) See Heppner v. Algeska Pipeline Ser. Co, 665 F.2d 868, 871 (1981) **quoting the Supreme Court; "The canon of statutory construction are tools designed to help courts better

determine what Congress intended, not to lead courts to interpret the law contrary to that intent."

Therefore, "The Court's role is to **give effect to the statutes as ... enact[ed]...**; it is not the courts' role to assess whether a statute is wise or logical (Amalgamated Supra), but to **uphold** the United States Constitution and to follow the Supreme Court's decisions.

Title 18 U.S.C. 924 was enacted by Congress, the Supreme Court made it's decision and or ruling on what constitutes a violation of this statute, it is for the lower courts to uphold the statutes and decisions made by the U.S. Congress and the United States Supreme Court.

Therefore, in accordance with Congress, the Supreme Court, the 11th Circuit and the evidence provided by the record (police report). Movant contends that his due process rights of the fifth amendment of the Constitution of the United States were violated, his equal protection rights of the Fourteenth Amendment was also violated along with his Sixth Amendment rights of effective counsel, all done when he was mislead in believing he violated a Federal Statute(Title 18 U.S.C. 924(c)(1)(A)).

Movant moves this Honorable Court to compel the United States to prove without any doubt that the defendant actively employed a firearm in the commission of the Title 21 U.S.C. 841— drug trafficking offense, or in the alternative conceed that the defendant is in fact innocent of violating this **18 U.S.C. 924(c)** offense.

If the United States do not conceed to the innocense of violating **18 U.S.C. 924**, Movant moves this Honorable Court to dismiss Count 2 (18 U.S.C. 924) with prejudice, for the evidence is clear from the record that no violation of 18 U.S.C. 924 has been conducted by the Defendant.

Respectfully Submitted,

_____
Timothy Williams pro se
F.C.I. Oakdale #
P.O. Box 5000
Oakdale, LA. 71463-5000

Done this 25 day of February, 2008.




# NARCOTICS & INTELLIGENCE BUREAU
# EVIDENCE/PROPERTY INVENTORY

The following item(s) were seized/received by the Montgomery Police Department subsequent to a: (circle one) **SEARCH WARRANT**, CONSENT SEARCH, or ADMINISTRATIVE INVENTORY. These items were inventoried by RASparkman #577, a member of the Narcotics and Intelligence Bureau.

ADDRESS OBTAINED: 3349 Buckboard Rd          DATE: June 13, 2005

TIME OF ENTRY: 11:15     TIME OF EXIT: 1320     PAGE 1 of 3

| ITEM# | DESCRIPTION OF ITEM SEIZED OR RECEIVED | LOCATION ITEM FOUND | TIME | OFFICER |
|---|---|---|---|---|
| 1 | 1 Sturm Ruger Sn# 195-57105 223 cal Loaded - 1 Round in chamber - 2 magazines 53 total rounds | master bedroom closet - propped against wall | 1115 | JTC 258 |
| 2 | Rossi .38 Special Serial# W216081 1 Black Nylon Holster 5 rounds | between console + drivers seat in White Jeep 3A9919Y | 1115 | RWC 3060 |
| 3 | 3 Lids, 2 tubs - plastic, blue | garage | 1115 | WBH 436 |
| 4 | 1 China Norinco SKS Sn# 01185 1 magazine, no rounds | master bedroom closet propped against wall | 1115 | JTC 258 |
| 5 | 1 Safe (Key) A - $12,000 - 12 bundles 1 Nokia Cellphone ESN# 2C7D4971 1 Safe (Key) B - $14,000 - | under bed All $ counted by JTC 258 RAS577 | 1115 | JTC 258 |
| 6 | $3465.°° Assorted US Currency Paper documents - next to $ | closet area behind door MB | 1115 | WBH 436 |
| 7 | Ruger P-89 Sn# 311-98162 Loaded +1 Chamber - 2 magazines - total rounds 21 | between mattress + box springs - MB | 1115 | JTC |

By signing below I certify that I have received a copy of the inventory of item(s) as identified above.

SIGNATURE OF RECEIVER: In Custody          DATE & TIME: June 13, 2005 @ 1320

I certify that the above inventory accurately reflects the items received or removed from the listed location.

SIGNATURE OF EVIDENCE OFFICER: RASparkman #577     DATE & TIME: June 13, 2005 @ 1320

33

## -CERTIFICATE OF SERVICE-

I, hereby certify that a true and correct copy of the above Motion and documents have been provided to the following parties via first class mail postage prepaid on February 25, 2008

Clerk of the Court
Middle District of Alabama
1 Church Street, Suite B-100
Montgomery, Alabama 36104

Susan Redmond
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

Respectfully Submitted,

Timothy Williams Movant
F.C.I. Oakdale # 11778-002
P.O. Box 5000
Oakdale, LA. 71463-5000

Timothy Will[...]
F.C.I OAKDA[LE]
P.O. BOX 500[...]
OAKDALE, LA 71463

**CERTIFIED MAIL**

7007 1490 0004 0552 9180

CLERK OF THE COURT
MIDDLE DISTRICT OF ALABAMA
1 CHURCH STREET, SUITE B 100
MONTGOMERY, ALABAMA 36104