IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Timothy Williams, )
Movant/Defendant. )
)
VS. ) Case No.: <u>2:07CV742-MEF</u>
) 
) (<u>CR-05-216-MEF</u>)
)
)
UNITED STATES OF AMERICA, )
Respondent. )

## MOTION TO MAKE A LEGAL FINDING OF SUBJECT MATTER JURISDICTION MOTION TO DISMISS AND OTHER LEGAL ISSUES PRESENTED TO THIS COURT

Movant has respectfully motioned this Honorable Court to dismiss the case on the grounds of want of subject matter jurisdiction. This Court failed to respond to this Motion, and did not order the United States to respond as well. It is the Court's duty to resolve the jurisdiction of the Court regardless of who brings the claim, the Court must make a **legal findgings as to its authority** to take **venue** and **jurisdiction**, before the court had moved to entertain the cause before it. (<u>Steel Co. v. Citizens for an better environment, 118 S.Ct. 1003</u>).

The general rule is that proceeding conducted or decisions made by a court are **legally void** when there is an absence of jurisdiction over the subject matter. Movant contends that such rules prevail where it appears from the record that the Court is without subject matter jurisdiction. The record affirmatively shows want of jurisdiction is itself conclusive as the facts.

### (<u>LEGAL GROUND FOR DISMISSAL</u>)

-1-

Movant contends that the U.S. Attorney (Susan Redmond) failed to inform the grand jury and the Court that the federal statutory provision under which the defendant is charged failed to contain lanuage of an interstate commerce [nexus]. The enumerated subsection under which the defendant is unlawfully incarcerated and detained of his liberty, posses no language, which would be construed as incorpuuting a commerce nexus. Thus, the language of the statute does not grant federal subject matter jurisdiction, nor grant formal notice to the accused party that an alleged violation of Title 21, also invokes an 'uncharged violation of the federal interstate commerce statute.

The federal government does not have a general police powers; thereby a legitimate application of offense may only be applied if connected to an alleged violation of the interstate commerce statute. "When a federally created crime involves an area traditionally left to the domain of the states, the jurisdiction authority of the United States becomes a crucial part of the proof (United States v. McRary, 665 F.2d 674 (5th Cir. 1982).

Movant contends that where the instant matter is concerned the U.S. Attorney had failed ab initio to establish that the so-called prohibitive conduct of the defendant moved beyond the borders of the sovereign state, thus in clear absence of a commerce charge, the government has failed to establish federal subject matter jurisdiction over the alleged offense. See U.S. v. Lopez, 2 F.3d 1342 (5th Cir. 1993) "Lopez's conviction **must still be reversed, however, because his indictment did not allege any connection to interstate commerce, an indictment that fails to allege a commerce nexus, where such a nexus is a necessary element of the offense is defective.** See also United States v. Stirone, 80 S.Ct. 27, 361 U.S. 212, Where

the Supreme Court ruled that "**The failure of the government to include in the indictment any charge that the defendant conduct affected interstate or intrastate, or any commerce was not cured by the citation of the statutes. In the sufficiency of an indictment, it is the statement of the facts in the pleading rather than statutory citation that is controlling.** See also the **Supreme Court decisions in** United States v. Wuco, 535 F.2d 1225 (9th Cir. 1976) cert den. 429 U.S. 978, 97 S.Ct. 488 (1976 where they stated; "It is elementary that every ingrediant of the crime **must** be charged in the bill, **with a general referense to the provisions of the statutes being insufficient.**

Movant contends that this Honorable Court must reverse his conviction for lack of subject matter jurisdiction, it is clear from the record that subject matter jurisdiction is lacking and it is clear from the Supreme Court, the 5th Cir. and other not mentioned here that the failure of the U.S. Arttorney to inform the grand jury that the defendant charged under 21 U.S.C. 841 and 18 U.S.C. 924 failed to contain language of an interstate commerce nexus, thus violating his Fifth Amendment rights of due process and fails to satisfy the **guarantee that no person may be held to answer for infamous crime <u>unless</u> on indictment of grand jury**, when a statutory citation does not ensure that the grand jury has considered and found all essential elements of the offense charged. See United States v. Young, 730 F.2d at 224. "The particular predicate for jurisdiction is an essential element of offense.

In the United States v. Thomas A. Laman, Criminal Action No. 1:04-CR-00057 Document 65-1 filed 10/10/2007, the defendant was challenging the jurisdiction exercised by the Court in his case, posing the following question: **From what article, (or) Amendment of**

the United States Constitution does the federal government find it's grant of statutory jurisdiction? and **District Judge Marcia A. Crone** responded stating: The answer to defendant's question can be simply and accurately stated in three words—**the commerce clause.** Nevertheless, the Court will briefly elaborate on its response for the benefit of Defendant.

Then District Judge Crone proceed to elaborate her answer stating; federal courts of limited jurisdiction...., **in criminal matters, the crime to be prosecuted must either have been created pursuant to an express or implied constitutional grant of authority or committed in a area owned by or under the exclusive control of the federal government for a federal court to have jurisdiction.** It is not Movant's contention that the federal government do not have any interstate commerce authority, but it is Movants contention that the failure to establish such authority or jurisdiction in the defendant's indictment violates the defendant's constitutional rights.

Movant requests that the Court dismiss and/or vacate his conviction and sentence on the grounds that this Court and the United States government were without jurisdiction to prosecute him **on the indictment returned** by an middle district of Alabama grand jury on September 8, 2005.

### MANDAMUS IS THE PROPER REMEDY IN THIS CASE

Furthermore, if this Court Middle District of Alabama, refuses to issue a finiwal decision on said motion to dismiss and render a decision on Movants 2255 on a whole, Movant will not have any other choice but to petition for a writ mandamus to the 11th Circuit.

A court of appeals should issue a writ of mandamus to confine a district court to a lawful exercise of its prescribed jurisdiction or

to compel a district court to exercise its authority when it has a duty to do so. <u>Mallard v. U.S. Dist. Court for Southern Dist. of Iowa, 490 U.S. 296, 308, 109 S.Ct. 1814</u>. "There can be no doubt that, where a district court persistently and without reason refuses to adjudicate a case properly before it, the court of appeals may issue the writ' in order that [it] may exercise the jurisdiction of review given by law." <u>Will v. Calvert Five Ins. Co., 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed 2d 504</u>.

Movant contends that he readily acknowledges that a writ of mandamus is an extraordinary remedy. <u>Allied Chemical Corp. v. Daifion, Inc., 449 U.S. 33, 34, 101 S.Ct. 188, 66 L.Ed 2d 193 (1980);</u> <u>U.S. v. Billmyer, 57 F.3d 31, 37 (1st Cir. 1995)</u>. However, one of the primary reasons that writs of mandamus are disfavored by the court is that they contribute to "piecemeal" litigation. <u>Mallard, 109 S.Ct. 1814</u>:<u>Allied Chemical Corp. 101 S.Ct. 188</u>. Indeed, the Supreme Court has noted that "The general policy against piecemeal appeals takes on added weight in criminal cases, where the defendant is **entitled** to a speedy resolution of the charges against him."

Movant further contends, in the instant case, this well-founded concern about piecemeal litigation is exactly the reason a writ of mandamus should be issued. As noted earlier, there are legal issues in dispute. Which must be decided by this Court:

1. Subject matter jurisdiction
2. Courts failure to establish a factual basis..
3. To sustain a conviction for Count 2, 18 U.S.C. 924(c).
4. ineffective assistance of counsel.
5. District court (MDA) being ordained as establised as an Article 3 Court with judicial power.
6. Motion to Deem Matter Admitted.

7. Evidentiary hearing

8. Sessiscon from Alabama over property where alleged federal offense occured.

The Court's continued failure to rule on these issues is likely to cause additional irreparable violations to the defendant's Constitutional rights. The Supreme Court has recognized the serious and adverse consequences of unnecessary delay in a criminal case.

Movant has demonstrated a clear and undisputed rights to relief, evidence from the record, such as the police report provides the location of each firearm, showing no active employment of the firearms to sustain count 2 18 U.S.C. 924(c) and the record also provide the lack of an interstate commerce charge in the grand jury returned indictment, establishing NO SUBJECT MATTER JURISDICTIONM, THE RECORD ALSO SHOWS THAT THE UNITED STATES FAILED TO RESPOND TO CLAIMS PRESENTED IN HIS AMENDED 2255, thus violating Fed.R.Civ.P. Rule 8(b)(6), the record also provides that this court or the government failed to establish a factual basic for the defendant guilty plea, the record also provide that there were meritorious issues to appeal from the record, rendering defense counsel ineffective for not filing a direct appeal. The record has undisputability satisfy the two-prong standard governing whether a writ of mandamus should be granted. First this prong requires the petitioner to demonstrate a **"Clear and undisputable right to relief."** i.e. <u>Pearson, 990 F.2d at 656</u>, See also re <u>Martinez-Catala, 129 F.3d 213 (1st Cir. 1997)</u>. Second, the Petitioner must demonstrate that "irreparable harm will likely occur if the writ is withheld."

Movant contends that this Court's refusal to adjudicate his motion are highly prejudicial against his case. Movant assures this Honorable Court that this is not the way he would want to proceed and

believes this Honorable Court do not need to be compelled to do its duty by the 11th Circuit, therefore, Movant requests this Honorable Court to render it's decision on all the issues mentioned in this motion, and avoid the writ of mandamus that movant is prepared to submit.

                                                                            Respectfully Submitted,

                                                                            Timothy Williams pro se
                                                                            F.C.I. Oakdale #
                                                                            P.O. Box 5000
                                                                            Oakdale, LA. 71463-5000

Done this 25 Day of February, 2008.

Timothy Will[...]
F.C.I OAKDA[...]
P.O. BOX 50[...]
OAKDALE, LA 71463



7007 1490 0004 0552 9180

CLERK OF THE COURT
MIDDLE DISTRICT OF ALABAMA
1 CHURCH STREET, SUITE B 100
MONTGOMERY, ALABAMA 36104

