IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Timothy Williams,
    Movant,

v.

    Case No. 2:cv742-MEF-SRW
    (CR-05-216MEF)

UNITED STATES OF AMERICA,
    RESPONDANT,

---

**Motion to reconsider Dismissal of Count 2 of the Indictment**

---

Pursuant to the order of this Court Middle District of Alabama, Northern Division to Grant the defendant's motion to dismiss count 2 of the indictment (Doc #34) as an motion to supplement his 28 U.S.C. 2255 motion is construled by the defendant as an abuse of decreation, a miscarriage of Justice. The motion was to dismiss, not to supplement his 2255.

It is a violation of due process to convict and punish a person without evidence of his guilt. This failure to dismiss count 2 (924(c)) of the indictment, after this court has been furnished with <u>undisputable evidence</u> from the record (<u>police report</u>) that the firearms in question were never "<u>actively employed</u>" in the commission of a trafficking offense, is a abuse of decreation. The Supreme Court has made it clear in what constitutes a 924 (c)(1)(a) in "<u>Bailey v. United States,</u>" <u>116 S. ct 501</u> the Supreme Court held that conviction of a defendant for "use" and "carry" of a firearm under 924 (c) requires "evidence sufficient to show active employment of the firearms by the defendant."

The court explained that "use" under section 924(c)(1) includes brandishing, displaying, bartering, striking with, and most obviously firing or attempting to fire a firearm.

The court rejected the government's contention that " placement of a firearm to provide a sense of security or to embolden" a defendant constitute "use" under the statue. <u>Thus, the court held the defendant cannot be charged under 924 (c)(1) merely for storing a weapon near drugs or drug proceeds.</u> "Moreover, " use does not encompass a defendant's hiding a gun where it is available for use if necessary.

Movant contends that the facts are well established in the police report that there were no active employment of the firearms, and the United States has violated the defendants due process right under the Fifth Amendment of the Constitution by indicting him on charges that he did not commit.

It is unlawful and unconstitutional for the defendant to still be in a Federal Prison for crimes he did not commit, after he has provided the necessary evidence to this Honorable Court proving beyond any doubt that there were no active employment of the firearms, and confirming that he is "<u> Actually Innocent</u>".

According to the highest court in the United States of America the Supreme Court- this court is compelled to uphold all Supreme Court decisions, therefore reversing it's prior order of merely supplementing his motion to dismiss count 2 of the indictment to his 2255, but to uphold the Supreme Court decision in **Bailey v. United States** and dismiss count 2 of the indictment.

The decision in"**Bailey**" by the Supreme Court substantially altered prior law concerning the evidence necessary to show "use" under section 924(c)(1) . The Attorney General office of the United States has put

2.

forth the 1433 DEPARTMENT MEMORANDUM-KEENEY MEMORANDUM RE BAILEY Decision, December 13, 1995 ordering all United States Attorneys and all United States District Courts that the decision in "Bailey" is law, and all U.S. Attorneys and Federal Judges and their court shall not detain or prosecute anyone without the necessary evidence of "active employment".

Therefore, the only lawful thing this Honorable Court can do is to release the defendant from his unlawful conviction on count 2 of the indictment, not to merely supplement his motion to his 28 U.S.C. 2255.

Movant (Timothy Williams) moves this Honorable Court, Middle District of Alabama, for an order from Chief United States District Judge Mark E. Fuller to dismiss count 2 of the indictment, (18 U.S.C. 924 (c)(1)(a) pursuant to the decision by the United States Supreme Court in <u>Bailey v. United States 516 U.S. 137,144,137 L.Ed 2d 472,116 S. ct 501, ruling to sustain a conviction there must be evidence sufficient to show "active employment" of the firearm by the defendant.</u>

It is the defendant contentions that no such evidence can sustain this conviction under 924(c)(1)(a) , the defendant has provided the necessary evidence that there were no "active employment" by the defendant.

The defendant request that District Judge Fuller take notice of the Narcotics & Intelligence Bureau Evidence/Property Inventory Report, where it provides the location the firearms were found and that there could not have been any "<u>use</u>" or "<u>carrying</u>" and no active employment of the firearm.

Movant prays that after reviewing tis evidence from the record, United States District Judge Fuller upholds the Supreme Court's ruling and order the immediate and unconstitutional release of the defendant (Timothy Williams) from custody, expunction of "criminal" record and any further relief which is deemed lawful and due.

Done this  19  Day of March, 2008

                                                  Respectfully Submitted,

                                                  Timothy Williams, pro se




# NARCOTICS & INTELLIGENCE BUREAU
# EVIDENCE/PROPERTY INVENTORY

The following item(s) were seized/received by the Montgomery Police Department subsequent to a: (circle one) **SEARCH WARRANT**, CONSENT SEARCH, or ADMINISTRATIVE INVENTORY. These items were inventoried by J.A. Sparkman #577 ; a member of the Narcotics and Intelligence Bureau.

ADDRESS OBTAINED: 3349 Buckboard Rd                    DATE: June 13, 2005

TIME OF ENTRY: 11:15         TIME OF EXIT: 1320         PAGE 1 of 3

| ITEM# | DESCRIPTION OF ITEM SEIZED OR RECEIVED | LOCATION ITEM FOUND | TIME | OFFICER |
|---|---|---|---|---|
| 1 | 1 STURM Ruger Sn# 195-57105 .223 Cal Loaded - 1 Round in chamber - 2 magazines 53 total rounds | master bedroom closet - propped against wall | 1115 | JTC 258 |
| 2 | Rossi .38 Special Serial# W216081 1 Black Nylon Holster 5 rounds | between console + drivers seat in White Jeep 3A9919Y | 1115 | RWC 3010 |
| 3 | 3 Lids, 2 tubs - plastic, blue | garage | 1115 | WBH 436 |
| 4 | 1 China Norinco SKS Sn# 0125 1 magazine, no rounds | master bedroom closet propped against wall | 1115 | JTC 258 |
| 5 | 1 Safe (Key) A - $12,000 - 12 bundles 1 Nokia Cellphone ESN# 2C7D4971 1 Safe (Key) B - $14,600 | under bed All $ counted by JTC 258 JAS 577 | 1115 | JTC 258 |
| 6 | $3,465 Assorted US Currency Paper documents - next to $ | closet - MB behind door | 1115 | WBH 436 |
| 7 | Ruger P-89 Sn# 311-98162 Loaded 1 Chamber - 2 magazines - total rounds 21 | between mattress + box springs - MB | 1115 | JTC |

By signing below I certify that I have received a copy of the inventory of item(s) as identified above.

SIGNATURE OF RECEIVER: To Custody          DATE & TIME: June 13, 2005 @ 1320

I certify that the above inventory accurately reflects the items received or removed from the listed location.

SIGNATURE OF EVIDENCE OFFICER: JA Sparkman #577   DATE & TIME: June 13, 2005 @ 1320

33

## -CERTIFICATE OF SERVICE-

I, hereby certify that a true and correct copy of the above Motion and documents have been provided to the following parties via first class mail postage prepaid on MARCH 19, 2008

Clerk of the Court
Middle District of Alabama
1 Church Street, Suite B-100
Montgomery, Alabama 36104

Susan Redmond
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104


Respectfully Submitted,


_____
Timothy Williams Movant
F.C.I. Oakdale # 11778-002
P.O. Box 5000
Oakdale, LA. 71463-5000

Timothy Williams - 11778-002
F.C.I Oakdale
P.O. Box 5000
Oakdale LA, 71463

ALEXANDRIA LA 713

20 MAR 2008 PM 1 T



Clerk of the Court
Middle District of Alabama
1 Church Street, Suite B-100
Montgomery, Alabama
36104