UNITED STATES DISTRICT COURT
OF THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Timothy Williams, | ) |
| Movant/Defendant, | ) |
| | ) |
| VS. | ) Case No.: 2:07CV742-MEF |
| | ) (CR-05-216-MEF) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Plaintiff. | ) |

**INEFFECTIVE ASSISTANCE OF COUNSEL FAILURE TO APPEAL CONSTITUTIONALLY ADEQUATE NOTICE OF OFFENSE CHARGED**

Pursuant to the Constitution of the United States, a Defendant is entitled to reasonable competent assistance of counsel. **Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) U.S. Constitution Sixth Amendment.**

Movant contends that attorney McCord **failed to file an appeal** on issues that were obvious from the record. Attorney McCord has demonstrated that her performance falls below an objective standard of reasonableness and that there is a reasonable probability that if Attorney McCord would have filed an appeal for "**Failure to Provide Constitutionally Adequate Notice of Offense Charged**," that the Eleventh Circuit would have ruled in favor of the Defendant, based on the following'.

## MOTION

**NOW COMES**, the Defendant, Timothy Williams, and respectfully moves, pursuant to the Sixth Amendment to the United

-1-

States Constitution and to Fed.R.CR.P. 7(c), that this Honorable Court dismiss count one of the indictment against him.

As reasons therefore, Timothy Williams states that count one fails to provide him with Constitutionally adequate notice of the offense with which he is charged. As further reason therefore, Timothy Williams refers the Court to the Memorandum of law incorporated herein.

### MEMORANDUM OF LAW

The information set forth in Count One does not provide Timothy Williams with Constitutionally adequate notice of the nature and cause of the alleged offense.

The Sixth Amendment provides that "In all criminal prosecutions, the accused shall enjoy the right... to be informed to the nature and cause of the accusation." In general, "[A]n indictment will be held sufficient if it (1) contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and (2) enables the accused to plead an acquittal or conviction in bar of future prosecutions for the same offense." <u>U.S. v. Stefan, 784 F.2d 1093, 1103 (11th Cir. 1986)</u> See e.g. <u>U.S. v. Adams, 83 F.3d 1371, 1374 (11th Cir. 1996)</u>.

"An indictment not framed to advise the defendant with reasonable certainty, of the nature of the accusation against him is defective, although it may follow the language of the Statute."... Furthermore, if the indictment tracks the language

-2-

of the Statute, "It must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense coming under the general description, with which he is charged."

U.S. v. Bobo, 344 F.3d 1076, 1083 (11th Cir. 2003), quoting Russell v. U.S. 369 U.S. 749, 765, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). See, e.g. U.S. v. Steele, 178 F.3d 1230, 1234 (11th Cir. 1999) And in RE: Paschen, 296 F.3d 1203 (11th Cir. 2002)("If a general description of the offense is given then it is also necessary to allege facts and circumstances which will inform the defendant to the specific offense with which he is being charged"); U.S. v. Yefsky, 994 F.2d 885, 893 (1st Cir. 1993) ("The indictment may incorporate the words of the statute to set forth the offense, but statutory language "Must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with shich he is charged.' quoting Hamling v. U.S., 418 U.S. 87, 117-18, 94 S.Ct. 2887, 41 L.Ed.2d 590, 1 Media L. Rep (BNA) 1479 (1974); Belt v. U.S., 868 F.2d 1208, 1211 (11th Cir. 1989)(Same); U.S. v. Cisneros, 26 F.Supp 2.d 24, 49 (D.D.C. 1998). ("Because the purpose of the indictment is to notify the accused of the charges against him, it must allege specific facts: "It is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; but it must state the specifics— it must descend to particulars,"quoting U.S. v. Cruikshank, 92 U.S. 542, 558, 23 L.Ed. 588, 1875 WL 17750 (1875).

Constitutionally adequate notice is essential to the defendant's ability to invest the charges against him and prepare his defense. The "inability of a defendant to prepare his case skews the fairness of the entire system." **U.S. v. Adkinson 135, F.3d 1363, 1373 (11th Cir. 1998)** quoting **Doggett v. U.S., 647, 654, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992)** See also **U.S. v. Hill, 2001 DSD 33, 171 F.Supp.2d 1032, 1039 (D.S.D. 2001)** ("The real test for sufficiency is whether it would be fair to require that the defendant defend on the basis of the charges stated in the [indictment] he is being prosecuted under"). Moreover, "Ill-defined charges leave the prosecutor free to roam at large—to shift its theory of criminality so as to take advantage of the trial and appeal." Quoting **Russell v. U.S. Supra 82 S.Ct. 1038 ; U.S. v. Chandler 388 F.3d 796 (2002)**.

Additionally, an indictment must be sufficiently factually specific to "Enable the Court to determine whether the facts alleged are sufficient in law to withstand a Motion to Dismiss or to Support a conviction." **U.S. v. Clark, 123 F.Supp.2d 314, 317 (D.V.I. 2000)**. See **Belt, 868 F.2d at 1211** ("The requirement that an indictment set forth the essential elements of an offense functions not only to give the defendant notice as guaranteed by the Sixth Amendment, but also to inform the Court of the facts alleged to enable it to determine whether the facts are sufficient in law to support a conviction."). Indeed, "It is perfectly proper, and in fact mandated, that the district court dismiss an indictment if the indictment fails to allege facts which constitute a prosecutable offense. **Adkinson, 135**

F.3d at 1371 N.23 quoting U.S. v. COIA, 719 F.2d 1120, 1123 (11th Cir. 1983).

Defendant contends that Count One of the indictment merely follows the language from the Statutes and is not accompanied with such a statement of the facts and circumstances as will inform him of the specific offense, with which he is charged.

The Eleventh Circuit Court of Appeals have made it clear in the above cited cases in what constitutes a defective indictment. Defendant prays that Chief United States District Judge Fuller fully comply with the ruling from the Eleventh Circuit and order the dismissal of this defective indictment.

Defendant contends that he has established that counsels failure to file an appeal satisfy the first prong in "Strickland", that counsels performance fell below an objective standard of reasonableness See Roe v. Flores-Ortega, 528 U.S. 470, 476-77, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) And the Defendant contends that that second prong of the "Strickland test" was satisfied by submitted this motion to dismiss herein, armed with this information cited in this instant motion, on appeal the Eleventh Circuit would have upheld its own prior decisions and the outcome of this case would have been different.

Based on the foregoing arguments and authorities, and the record in this case, this Honorable Court is respectfully urged to grant the Defendant Motion to dismiss the indictment for failure to provide constitution adequate notice of offense charged, and ineffective assistance of counsel, both in violation

-6-

of defendant Sixth Amendment rights to the Constitution of the United States of America, or at a minimum to grant the Defendant Timothy Williams, an evidentiary hearing on his 28 U.S.C. 2255 Motion.

Respectfully Submitted,

_____
Timothy Williams pro se
F.C.I. Oakdale # 22778-002
P.O. Box 5000
Oakdale, LA. 71463-5000


Done this __1__ Day of __April__, 2008.

## -CERTIFICATE OF SERVICE-

I, hereby certify that a true and correct copy of the above Motion and documents have been provided to the following parties via first class mail postage prepaid on APRIL 1, 2008

Clerk of the Court
Middle District of Alabama
1 Church Street, Suite B-100
Montgomery, Alabama 36104

Susan Redmond
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

Respectfully Submitted,

Timothy Williams Movant
F.C.I. Oakdale # 11778-002
P.O. Box 5000
Oakdale, LA. 71463-5000

Timothy Williams - 11778-002
F.C.I OAKdale
P.O. Box 5000
Oakdale LA 71463



Clerk of the court
middle district of Alabama
1 Church Street, Suite B-100
Montgomery AL 36104

36104+4018-01 C006