UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2008 JUL 17 A 10: 17
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Timothy Williams,
Defendant / Movant,

VS.

UNITED STATES OF AMERICA,
Respondent.

Case No. : CR-05-216
07cv742

MOTION TO DISMISS , FOR MISAPPLICATION OF LAW, VIOLATION OF DEFENDANT FIFTH AND SIXTH AMENDMENT RIGHT UNDER THE UNITED STATES CONSTITUTION AND LACK OF SUBJECT MATTER JURISDICTION

NOW COME, the Defendant, Timothy Williams, in the above — captioned matter, respectfully moves this Honorable Court to reverse it's ruling denying the Defendant, Timothy Williams' motion to dismiss for want of subject - matter jurisdiction (DOC# 29), filed January 29, 2008.

On 2/25/08, the United States District Court Middle District of Alabama, Chief United States District Judge Mark E. Fuller denied the Defendant's motion to dimsiss (DOC# 32), citing **Alikhani v. United States** 200 F.3d 732, 735 (11th Cir. 2000) as the case source of legal finding to deny Williams' motion to dismiss.

The court in "**Alikhani Supra**" held that a district court does not lose its subject - matter jurisdiction if the court fails to allege or prove a nexus to interstate commerce... "So to hold

would be inconsistant, indeed with the Supreme Court insistance in the **civil realm** that "the absence of a valid (as oppossed to argu- able) cause of action does not implicate subject— matter jurisd- iction, i.e. the court's statutory or constitutional power to adjudicate the case." **Steel Co. v. Citizens For a Better Environ- ment, 523 U.S. 83, 118 S.Ct. 1003 140 L.Ed.2d (1998).**

The Defendant contends that this instant case of **United States of America v. Timothy Williams, CR-05-216-MEF is a criminal case** and not a **civil lawsuit** as was "Steel Co. v. Citizens" Supra.

See Advisory Committee note, 1976 adoption of Rule 1 under the Rules Governing Section 2255 proceeding for the United States district courts;

"The basic scope of this postconviction remedy is prescribed by **28 U.S.C. 2255.** Under these rules the person seeking relief from federal custody files a motion to vacate, set aside, or corr- ect sentence, rather a petition for habeas corpus. This is con- sistent with the terminology used in Section 2255 and indicates the difference between this remedy and federal habeas for a state prisoner"... "Section 2255 provides that, if the judge finds the Movant's assertions to be meritorious, he "shall discharge the prisoner or resentence him, or grant a new trial or correct the sentence as may be appropriate." This is possible because **a motion under 2255 is a further step in Movants criminal case and not a separate civil action,** as appears from the legislative history of **Section 2 of S.20, 80th Congress,** the provisions of which were incorporated by the same **80th Congress** in Title 28 U.S.C. as 2255."

Nearly 30 years after Section 2255 was enacted, the Supreme Court promulated — and Congress adopted — to separate sets of rules for federal prisoners motions and state prisoners petitions. In explaining why separate rule were needed, the advisory committee stated that "a motion under 2255 is a further step in the Movant's criminal case, rather than [as is true of habeas corpus] a separate civil action." (as stated above), nonetheless, given both the advisory committee's apparent recognition that the "**further step**" taken by the filing of a Section 2255 motion is akin to an appellate step and at the level of cognizable claims, the most important different between the two remedies is that **federal prisoners actions under Section 2255 are governed by Federal Statutory Criminal Law and Criminal Procedures Codes as well as by the Federal Constitution**, and accordingly are subject to a wider range of potentially available federal legal claims than are state prisoners action under 2254.

Movant further contends that, the fact a motion under 2255 is a further step in the Movant's criminal case rather than a separate civil action deprived the United States District Court Middle District of Alabama from applying civil statutory law such as the Supreme Court ruling in **Steel Co. v. Citizen Supra** —"A civil lawsuit" in his "criminal prosecution."

Movant prays this court keep in mind that an error of law is an abuse of discretion per se. In the criminal realm the United States Supreme Court specifically rejected use of the civil law standard in criminal proceeding because that would constitute a **"deprivation of fundamental fairness" In RE Winship, 397 U.S. 358**

90 S.Ct. 1068; United States v. Holland, 380 F. Supp.2d 1264(N.D. Ala. 2005); 80th Congress 1948.

In the criminal realm, the Sixth Amendment of the United States Constitution provide that "**in all criminal prosecution, the accused shall enjoy the right... to be informed of the nature and cause of the accusation.** In general, "an indictment will be held sufficient if it (1) contains the element of the charge against which he must defend, and (2) enable the accused to plead an acquittal or conviction in bar of future prosecution for the same offense."**U.S. v. Stefan 784 F.2d 1093 (11th Cir. 1986); See U.S. v. Adams, 83 F.3d 137 (11th Cir. 1996):**

"An indictment not framed to advise the defendant with reasonable certainty, of the nature of the accusation against him is defective, although it may follow the language of the statute."

... Furthermore, if the indictment tracks the language of the statute, "It must be accompanied with such a statement of facts and circumstances as will inform the accused of the specific offense coming under the general description, with which he is being charged." **U.S. v. Bobo, 344 F.3d 1076 (11th Cir. 2003); Russell v. U.S., 369 U.S. 794, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962).**

Therefore, in the criminal realm, failure to properly allege a nexus to interstate commerce violates the defendants Constitutional right under the Sixth Amendment as stated above, but also violated the Defendant's Fifth Amendment right of due process and fails to ensure that the defendant was prosecuted only "on the basis of the facts presented to the federal grand jury. At common law, "The most valuable function of the (federal) grand

jury was ... to stand between the prosecutor and the accused, and to determine whether the charge was founded upon credible testimony... **Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed.2d 652 (1906).** Incorporated into the Fifth Amendment by the Founders, there is "every reason to believe that our Constitutional Grand Jury was intended to operate substantially like English prosecutor." **Costello v. United States, 350 U.S. 359, 76 S.Ct. 406 L.Ed .2d 397 (1956).** The Fifth Amendment thus requires that a defendant be convicted only on charges considered and found by a Grand Jury. "Failing to enforce this requirement would allow a court to "guess as to what was in the minds of the grand jury at the time they returned the indictment... **such guessing would "deprive the Defendant of a basic protection that the grand jury was designated to secure"**, by allowing a defendant to be convicted "on the basis of facts not found by, and perhaps not even presented to the grand jury that indicted him." **Russell v. U.S., 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962).**

Finally, See **RE Winship 90 S.Ct. 1068 Supra** where the high court held: "A person accused of a crime... would be at a severe disadvantage, a disadvantage amounting to a lack of fundamental fairness, if he could be ajudged guilty and imprisoned for years on the strength of the same evidence as would suffice in a civil case.

Movant argues that the ruling by the Supreme Court in "**RE Winship**" Supra, establishes principles and standards that must be applied to all criminal prosecution, therefore, the United States District Court Middle District of Alabama under Chief Judge

Fuller's ruling on the Defendants criminal Motion to Dismiss for Want of Subject-Matter Jurisdiction was based on a misapplication of law from obviously a civil lawsuit, and is an abuse of discretion and a miscarriage of justice, and should be overruled or reversed by Chief Judge Fuller, for violating the Defendant's Constitutional rights. (as stated in Supra).

It is clear from the ruling in the civil realm that "the **absence** of a valid (as opposed to arguable) cause of action does not implicate subject - matter jurisdiction, i.e. the court's statutory or constitutional power to adjudicate the case." **Alikhani v. United States Supra (quoting Steel Co. v. Citizen for a Better Environment, 118 S.Ct. 1003 Supra)**, but it is also clear that in the criminal realm that "the absence of a valid (as opposed to arguable) cause of action in fact do implicate subject - matter jurisdiction pursuant to the Sixth Amendment guarantee, the right to be informed...

The fact that the United States charged interference with interstate commerce in count 3 of the indictment is not sufficient basis on which to find federal jurisdiction. The fact that interstate commerce is affected is critical, since the federal government's jurisdiction of the drug trafficking offense rest on that interference, without alleging an effect on interstate commerce in Count 1, it therefore, renders the indictment in this case jurisdictionally defective.

The indictment is the charging instrument that provide the court its authority to convict a defendant of a crime. **Ex Parte Cole, 842 SO2d 605 (Ala. 2002).** "To be sufficient an indictment

must allege each material element of the offense, **if it does not, it fails to charge that offense.**" United States v. Deisch, 20 F.3d 139 (5th Cir. 1994).

The Eleventh Circuit have held that the "jurisdiction of the inferior court is created by statute and jurisdiction does not exist to the extent conferred by statute." **Richardson v. Reno**, 162 F.3d 1338 (11th Cir. 1998). **Title 21 U.S.C. 841(A)** does not confer jurisdiction within the language of the statute alone, and this instand indictment fails to allege any other statute such as **Title 21 U.S.C. 801** and **Title 18 U.S.C. 3231** as its source of jurisdiction. Furthermore, **Title 18 U.S.C. 3231** is not a source of jurisdiction that can be invoked by the **United States district** courts, i.e. the lower inferior courts— in any district; **Title 18 U.S.C. 3231** jurisdictional authority is only for **district courts of the United States**, as the statute clearly provide. See Advisory Committee notes in **28 U.S.C. Rule 1** clearly showing the difference in district courts of the United States and United States district courts; the Supreme Court in **Mookini v. United States**, 58 S.Ct. 543, 303 U.S. 201 (1938) and **Balzac v. Porto Rico**, 258 U.S. 298, also establish the difference in the two courts; and **Title 28 U.S.C. 132** clearly establish that the lower inferior courts in each judicial district a district court of record known as the United States district court for the district.

Therefore, these statute cannot lawfully provide jurisdiction because (1) they were not alleged in the indictment, to inform the defendant of this source of jurisdiction; (2) **Title 18 U.S.C. 3231** do not apply to the United States district courts,

but to district courts of the United States, and lastly the offense did not occur on property owned or ceded to the United States.

Movant believes he has proven beyond a reasonable doubt that this Honorable Court abused its discretion in its misapplication of law, in applying civil statutory standard from a civil lawsuit to deny his Fifth and Sixth Amendment right in a criminal prosecution.

Based on the foregoing argument and authorities, and the record in this case, this Honorable Court is respectfully urged to grant the defendant Timothy Williams motion to vacate the sentence on Count 1 of the indictment against him, or, at the minimum to grant the Defendant an evidentiary hearing.

Respectfully Submitted,

Mr. Timothy Williams
Federal Correctional Institution
P.O. Box 5000 Vernon 01
Oakdale, LA. 71463-5000

## -CERTIFICATE OF SERVICE-

I, **Timothy Williams**, Appellant, hereby certify that a true copy of Appellant's Brief have been provided to the following parties via first class mail postage pre-paid on this 11 Day of July, 2008, to the following:

Clerk of the Court, Debra P. Hackett
U.S. District Judge
Mark Fuller
1 Church Street, Suite B-100
Montgomery, Alabama 36104

United States Attorney Officer
ATT: Attorney Susan Redmond
One Court Square, Suite 201
Montgomery, Alabama 36104

Respectfully Submitted,

Mr. Timothy Williams pro se
F.C.I. Oakdale # 11778-002
P.O. Box 5000 Vernon - 01
Oakdale, LA. 71463-5000

in accordance with 28 U.S.C. § 1746.

Mr. Timothy Willia
Federal Correction
P.O. Box 5000 Vern
Oakdale, LA. 71463-5000

14 JUL

14 JUL

USA FIRST-CLASS FOREVER

USA FIRST-CLASS FOREVER

Clerk of the Court, Debra P. Hackett
U.S. District Judge
Mark Fuller
1 Church Street, Suite B-100
Montgomery, Alabama 36104