IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TIMOTHY WILLIAMS,　　　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　　Plaintiff,　　　　　　　）
　　　　　　　　　　　　　　　　　）
v.　　　　　　　　　　　　　　　　）　CASE NO. 2:07-cv-742-MEF
　　　　　　　　　　　　　　　　　）
UNITED STATES OF AMERICA,　　　）　(WO)
　　　　　　　　　　　　　　　　　）
　　　　　Defendant.　　　　　　　）

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on Plaintiff Timothy Williams' ("Williams") Motion

for Reconsideration (Doc. # 51), filed July 17, 2008.  In this motion, Williams asks this Court

to reconsider its Memorandum Opinion and Order (Doc. # 32), issued February 25, 2008, in

which this Court denied Williams' Motion to Dismiss his convictions under 18 U.S.C. §

924(c)(1)(A) and 21 U.S.C. § 841(a)(1).  In his Motion to Dismiss, Williams argued that this

Court lacked subject matter jurisdiction to adjudicate the charges against him because he

alleges the United States failed to allege and/or prove the existence of a nexus with interstate

commerce, which, he contends, defeats subject matter jurisdiction in this Court.

In its prior opinion, this Court held that this argument is without merit due to the fact

that it is well-settled that a failure of allegation or proof of an interstate commerce element

does not deprive this Court with subject matter jurisdiction over the case, citing *Alikhani v.*

*United States*, 200 F.3d 732, 735 (11th Cir. 2000).

Williams contends that *Alikhani* stated a rule of law that only applied to civil cases,

and that, because he is seeking dismissal of criminal charges, *Alikhani* does not apply.  In *Alikhani*, the defendant was charged with criminal violations of executive orders and regulations that forbade exports to and certain transactions with Libya.  Alikhani eventually pled guilty to the charges against him, but later attacked his guilty plea though a coram nobis petition.  *See id.* at 734.  The Eleventh Circuit interpreted one of his arguments to be an attack on the district court's subject matter jurisdiction.  In rejecting Alikhani's argument, the Circuit noted that

> Alikhani has cited no case, and we have located none, holding that the failure of an indictment to state an offense-as Alikhani at bottom contends here-divests the district court of the power even to enter a judgment of acquittal. So to hold would be inconsistent, indeed, with the Supreme Court's insistence in the civil realm that "the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, i.e., the courts' statutory or constitutional power to adjudicate the case.

*Id.* at 735 (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998)).  Williams bases his argument on *Alikhani*'s citation to *Steel Co.*, a civil case.  However, regardless of the fact that the Eleventh Circuit's opinion in *Alikhani* found support in the civil context, *Alikhani* was a case in which the plaintiff was challenging a district court's subject matter jurisdiction over a criminal indictment—just as Williams is trying to do in this case.

Moreover, the Circuit noted that courts have specifically rejected the exact argument Williams is presenting—that "a failure of allegation or proof on an interstate-commerce element deprives the district court of jurisdiction."  *See id.* at 735; *see also United States v. Viscome*, 144 F.3d 1365, 1370 (11th Cir. 1998) (noting in criminal case that an attack on the

interstate nexus element of § 844(i) conviction was only a challenge to the sufficiency of the evidence, and was not a challenge to the court's subject-matter jurisdiction).

For the reasons stated above, it is hereby ORDERED that Plaintiff's Motion for Reconsideration (Doc. # 51) is DENIED.

DONE this the 21st day of July, 2008.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE