UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

Timothy Williams,
Movant/Defendant,

§
§
§
§
§
§
§
§
§
§
§
§
§

2008 JUL 28  A 10: 55

DEBRA P. HACKETT, CL
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Case No.: CR-05-216MEF
2:07CV742-MEF

VS.

UNITED STATES OF AMERICA,
Respondent,

---

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR EVIDENTIARY HEARING

---

NOW COMES, the Defendant, <u>Timothy Williams,</u> in the above —
entitled matter and respectfully urges this Honorable Court to
conduct an evidentiary hearing on his 28 U.S.C. 2255 motion to
vacate, set aside, or correct sentence. In support of this
request, the Defendant respectfully refers this court to the
arguments and authorities set forth in his memorandum of law in
support of his 2255 motion to vacate, set aside, or correct sen-
tence, and further states:

Pursuant to the rules governing Section 2255 proceedings
for the United States District Courts, the basic scope of this
post — conviction remedy is prescribed by **28 U.S.C. 2255 Rule 8**
**(A) states "If the motion is not dismissed, the judge must rev-**
**iew the answer, any transcripts and records of prior proceed-**
**ings, and any material submitted under Rule 7 to determine whe-**
**ther an evidentiary is warranted.**

Movant contends that this Honorable Court have granted supplement motions consistent with **Rule 7(A)** and **(B)** of the rules governing 2255 proceedings, which requires to be reviewed pursuant to **Rule 8(A)**, therefore, See Doc. # 13 Granting Doc. # 10- **"Motion to Amend,"** See Doc. # 33 Granting Doc. # 14-**"Request to File After October 12, 2007,"** See Doc. # 26, stating **"Motion for Evidentiary hearing may be reconsidered if warranted by further Developments in this case."** See the Further development in Doc. # 27 where this Honorable Court supplemented two cases submitted in support of issues addressed in Movant's Amended 2255. See Doc. # 36 granting to supplement doc. # 34- **"Motion to Dismiss Count 2 of the Indictment."** See Doc. # 44 granting supplement doc. # 43— **"Ineffective Assistance of Counsel— Failure to Appeal Adequate Notice of Offense."**

Clearly, this Honorable Court, exercising its sound discretion, may grant an evidentiary hearing in proceedings brought pursuant to **28 U.S.C. 2255.** The Eleventh Circuit held in **Aron v. United States, 291 F.3d 708** (11th Cir. 2002) that "if the defendant alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claims." **Holmes v. United States, 876 F.2d 1545** (11th Cir. 1989); 28 U.S.C. 2255 Rule 8. See also **Drew v. Department of Corrections, 297 F.3d at 1302** (11th Cir. 2002) where the Eleventh Circuit Court of Appeals held "we review a district court's denial of an evidentiary hearing for an abuse of discretion. We have held that a district court abuses its discretion by failing to hold an evidentiary hearing when the defendant alleges facts that, if true, would entitle him relief."

-2-

Section 2255 provides that "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall... grant a **prompt** hearing thereon, determine the issues and make finding of fact and conclusion of law with respect therto."

Movant contend that **all circuits** in the federal judicial court system, including the Supreme Court of the United States have upheld this rule in 2255 proceedings, see **Fontaine v. United States, 411 U.S. 213 (1973)** reversing summary dismissal and remanding for hearing because "Motion and the files and records of the case [did not] conclusively show that the petitioner is entitled to no relief." See **Arredondo v. United States, 178 F.3d 778 (6th Cir. 1999)** "District court abused its discretion in refusing to hold an evidentiary hearing on ineffective assistance claim, given that petitioner's allegations were not "contradicted by the record, inherently incredible, or conclusions rather than statements of facts." See **Shaw v. United States, 24 F.3d 1040 (8th Cir. 1994)** "District court erred by denying evidentiary hearing on allegations of ineffective assistance that there were neither inadequate on their face nor conclusively refuted by the record." See **United States v. Blaylock, 20 F.3d 1458 (9th Cir. 1994)** "District court abused discretion by denying evidentiary hearing on claim of ineffective assistance of counsel which, assuming accuracy of factual allegations, provided basis for relief" See **United States v. Essig, 10 F.3d 968 (3rd Cir. 1993)** "Generally, if prisoner's 2255 petition raises an issue of material fact, the district court must hold an evidentiary hearing to determine the truth of the allegations."

-3-

See **United States v. Bartholomew**, 974 F.2d 39 (5th Cir. 1992) "A motion brought under 28 U.S.C. 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." See **Anderson v. United States**, 948 F.2d 704 (11th Cir. 1991) "Movant entitled to evidentiary hearing because "the record does not conclusively show that [his] contentions are without merit." Lastly see **United States v. Aiello**, 900 F.2d 528 (2nd Cir. 1990); **Dziurgot v. Luther**, 897 F.2d 1222 (1st Cir. 1990); and **United States v. Marr**, 856 F.2d 1471 (10th Cir. 1988); **United States v. Barnes**, 662 F.2d 777 (D.C. Cir. 1980); **Stokes v. United States**, 652 F.2d 1, 2 (7th Cir. 1981) Cert den., 464 U.S. 836 (1983) "reversible error for district court not to hold hearing to resolve genuine factual dispute."

Movant contends that in this instant case, an evidentiary hearing is necessary to investigate whether a factual basis existed for his guilty plea to be accepted by the district court on counts one and count two, charging **Title 21 U.S.C. 841(A)** and **Title 18 U.S.C. 924 (C)** and necessary to investigate whether defense counsel Christine Freeman labored under a conflict of interest when she assumed the role of an United States prosecutor in [attempting] to establish a factual basis for her clients guilty plea for the federal government and the district court.

An evidentiary hearing is necessary to investigate the deficient performance by defense attorney Tiffany McCord by failing to file an appeal, failing to file an Anders Brief with

-4-

with the court, and failing to consult with her client about
the advantage and disadvantage of an appeal, before she "Based
only on her own alleged review, and in a sworn affidavit, that
there were no meritorious issues to appeal." An evidentiary
hearing is necessary to investigate the deficient performance by
defense attorneys Jennifer Hart and Kevin Butler for failing to
apply basic American Bar Association Standards and the Sixth
Amendment guarantee that all available defense be raised so
that the government is put to it proof of their constitutional
jurisdiction and subject— matter jurisdiction to hear this case
and bar.

Claims of ineffective assistance of counsel raise a cogniz-
able Constitutional issue that can serve as the basis of an
motion under Section 2255, when facts important to Constitutional
rights and sentencing determination are genuinely in dispute, an
evidentiary hearing may be necessary to resolve any factual dis-
crepancies. **U.S.S.G. 6A1.3(A); United States v. Garcia**, 954 F.2d
12 (1st Cir. 1992).

Movant further contends that an order granting an evident-
iary hearing in Section 2255 cases carries with it the same aut-
omatic right to appointment of counsel for indigent claimants
as in habeas corpus proceedings. See **Rule 8(c)** of the rules gov-
erning Section 2255 proceedings for the United States District
Courts (2007). "If a evidentiary hearing is warranted, the judge
must appoint an attorney to represent a moving party who qual-
ifies to have counsel appointed under **18 U.S.C. 3006A**." See
**United States v. Vasquez**, 7 F.3d 81-83-86 (5th Cir. 1993) "Grant-

-5-

ing of evidentiary hearing on Section 2255 motion required app-
ointed of counsel; **"the provisions of the rule are mandatory
and clear."**

Additionally, the defendant respectfully request his pres-
ence at the evidentiary hearing. Generally, if issues of facts
is presented, the practice has been to issue the writ, have the
prisoner produced, and hold a hearing at which evidence is rec-
eived.

Given the significance of such proceedings to the Defendant
and the defendant's possible familiarity with an ability to adv-
ise counsel concerning factual issues, the prisoner's presence
at the defense counsel's table through-out the proceedings with
any physical restraints the court deem necessary be reasonable
and not impede counsel's ability to consult freely and regular-
ly with their client.

Movant contend's that because Section 2255 proceeding
continue the original criminal proceeding, (See advisory comm-
ittee note Rule 1 of the rule governing Section 2255 proceed-
ings for the United States district courts). While habeas cor-
pus is an independant civil action, one might expect a greater
right to presence in section 2255 since the Sixth Amendment of
the United States Constitution clearly establishing rights to
presence at trial for criminal defendant but not civil litigants.

Based on the foregoing argument and authorities, this Hon-
orable Court is respectfully urged to grant Defendant Timothy
Williams an evidentiary hearing pursuant to **Rule 8(A)** and **8(c)**

-6-

of the Rules Governing Section 2255 proceeding for the United States district courts.

Respectfully Submitted,

Timothy Williams Defendant
Reg. No. 11778-002
F.C.I. Oakdale
P.O. Box 5000
Oakdale, LA. 71463-5000

Done this 23 Day of July , 2008.

## -CERTIFICATE OF SERVICE-

I, **Timothy Williams**, ~~Appellant~~ *MOVANT*, hereby certify that a true copy of ~~this~~ *this* ~~motion~~ *motion* have been provided to the following parties via first class mail postage pre-paid on this 23 Day of July, 2008, to the following:

Clerk of the Court, Debra P. Hackett
U.S. District Judge
Mark Fuller
1 Church Street, Suite B-100
Montgomery, Alabama 36104


United States Attorney Officer
ATT: Attorney Susan Redmond
One Court Square, Suite 201
Montgomery, Alabama 36104


                    Respectfully Submitted,


                    Mr. Timothy Williams pro se
                    F.C.I. Oakdale # 11778-002
                    P.O. Box 5000 Vernon - 01
                    Oakdale, LA. 71463-5000

in accordance with 28 U.S.C. § 1746.



Clerk of the court
1 Church Street, Suite B-100
Montgomery, Alabama 36104

Timothy Williams - 11778-002
Federal Correctional Institution
P.O. Box 5000
Oakdale, LA 71463



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

| | | |
|---|---|---|
| Postage | $ | 1.00 |
| Certified Fee | | 2.70 |
| Return Receipt Fee (Endorsement Required) | | 2.15 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 5.85 |

Postmark Here

7006 2760 0001 3908 9343

Sent To Clerk of the court
Street, Apt. No.; or PO Box No. 1 Church Street Suite B-100
City, State, ZIP+4 Montgomery AL, 36104

PS Form 3800, August 2006    See Reverse for Instructions