## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY WILLIAMS, )<br>)<br>Defendant/Movant, )<br>)<br>vs. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | CASE NO. 2:07CV742-MEF-SRW<br>(CR-05-216-F) |

**GOVERNMENT'S SECOND SUPPLEMENTAL RESPONSE TO § 2255 MOTION**

COMES NOW the United States of America (the Government), the Respondent in this case, and responds to Defendant/Movant Timothy Williams' Motion Under § 2255 to Vacate, Set Aside, Or Correct Sentence By a Person In Federal Custody, as follows:

The government hereby references and incorporates all arguments, citations of legal authority, and factual statements made in its initial response previously filed in this cause. The government further acknowledges that the jurisdictional issue(s) raised by Williams are not procedurally barred as said issue(s) cannot be waived.

### I. PROCEDURAL HISTORY AND RELEVANT FACTS

On September 8, 2005, a grand jury for the Northern District of Alabama returned a three-count indictment against Defendant/Movant Timothy Williams. *See* Attachment A, a copy of the indictment in this case. The indictment charged that, on or about June 13, 2005, in Montgomery, Alabama, in the Middle District of Alabama the defendant did knowingly and intentionally possess with intent to distribute marijuana, a Schedule I Controlled Substance, in

violation of Title 21, United States Code, Section 841(a)(1); that on or about June 13, 2005, in Montgomery, Alabama in the Middle District of Alabama, the defendant did knowingly use and carry, during and in relation to, and did knowingly possess in furtherance of, a drug trafficking crime as set forth in Count 1 above, which allegation the Grand Jury realleges and incorporates by reference herein, for which the defendant may be prosecuted in a Court of the United States, a firearm, namely a Ruger, Model P89, 9mm pistol, serial # 311-98162; a Rossi, .38 caliber revolver, serial # W216081; a Strum Ruger,.223 caliber rifle, serial # 195-57105 and a Norinco, Model SKS, serial #01125 or 1701125. All in violation of Title 18, United States Code, Section 924(c)(1)(A); and, that on or about June 13, 2005, in Montgomery, Alabama in the Middle District of Alabama, the defendant, having been previously convicted in a court, of a crime punishable by imprisonment for a term in excess of one year, to-wit: Theft of Property, First Degree in the Circuit Court of Montgomery County (CC 98-282), did knowingly and willfully possess a firearm, in and affecting commerce, that is a Ruger, Model P89, 9mm pistol, serial # 311-98162; a Rossi, .38 caliber revolver, serial # W216081; a Strum Ruger,.223 caliber rifle, serial # 195-57105 and a Norinco, Model SKS, serial #01125 or 1701125, and ammunition, in violation of Title 18, United States Code, Section 922(g)(1).  Williams initially entered a plea of not guilty at his arraignment on September 21, 2005.

 Subsequently, Williams entered into a plea agreement with the Government

 On May 31, 2006, Williams changed his plea to guilty.

 A presentence investigation report was ordered and prepared by the U.S. Probation Office in this case and a sentencing hearing was held on August 16, 2006.

Williams did not file a direct appeal of his conviction or sentence.

Williams filed his Motion to Vacate, And Or Correct Sentence on August 10, 2007. On August 21, 2007, this Court entered an order directing the Government to respond on or before September 20, 2007. The Government filed its' response and a supplemental response and now files this second supplemental response to the issue of subject matter jurisdiction contained in the § 2255 motion.

## II.  CLAIM RAISED IN THE SUPPLEMENTAL § 2255 MOTION

As far as the Government can discern, Williams raises the following jurisdictional issue in his § 2255 motion:

Title 21 and Title 18 of the United States Code are not "Positive" laws enacted by Congress and cannot, therefore, be enforced by the United States District Court for the Middle District of Alabama.

## III.  RESPONSE TO CLAIMS FOR RELIEF

**This Court Should Dismiss Williams' Claims Because Those Claims Are Without Any Merit.**

Williams alleges that the United States District Court for the Middle District of Alabama was without jurisdiction and authority to take up the criminal charges against him because the laws themselves are not "positive" laws enacted by Congress. Williams' claims must fail as they are founded on mistaken beliefs and understanding.

<u>Title 21 and Title 18 of the United States Code are laws of the United States</u>

Title 18, Section 924 was enacted as part of the Gun Control Act of 1968 by Congress and amended, in part, by Congress pursuant to the Comprehensive Crime Control Act of 1984.

Title 21, Section 841(a) was enacted by Congress as part of the Uniform Controlled Substances Act and was specifically adopted by the State of Alabama and codified as Code of Alabama 1975, Section 20-2-1 to 20-2-190.

Because these are laws, specifically enacted and codified by the Congress of the United States, as such and pursuant to the United States Constitution, the United States District Court for the Middle District of Alabama, is empowered and mandated to take up said charges as against the Petitioner.

Further, the defendant appears to argue that (1) the Court lacks subject matter jurisdiction because Title 18, United States Code, Sections 3044, 3046, 3101-3115, and 3231 were "enacted" in violation of the Constitution because "H.R. 3190" was never voted upon by the Senate during session of the 80th Congress, which adjourned sine die; and, (2) that because "H.R. 3190" is void, the Court has subject matter jurisdiction only of those crimes and offenses defined prior to or in 1940, as defined in Title 28, United States Code, Section 41, which did not include Title 21, Sections 841-856. In short, the defendant argues that Title 18 and Title 21 of the United States Code do not have an "enacting clause" which enacted then as valid laws of Congress, that they are not, therefore, valid laws and that as such, the Court lacks subject matter jurisdiction.

In *United States v. Laroche*, 170 App'x 124 (11th Cir. 2006) the Eleventh Circuit rejected an argument identical to that presented by the defendant. *United States v. Davis*, 2007 WL 2317246 at n.2 (E.D.Tex. August 8, 2007). The Eleventh Circuit noted that there is absolutely no federal authority to support an argument that a lack of an enacting clause renders a statute invalid. *Id*. at n.2 (quoting from *Laroche*). The Court further notes that other courts have found similar attacks on Title 21 frivolous and cites to *Goldsby v. United States*, No.04-3340, 2005 WL

4

2572362 (6th Cir. October 12, 2005); and *Buford v. United States*, No. 3:05-CV-352, 2006 WL 3375375 at *3 (E.D. Tenn. Nov. 21, 2006). In short, courts who have considered the exact argument defendant now makes as to Title 18, Title 21, and the enactment clause of the United States Constitution, have rejected the argument, most specifically, the Eleventh Circuit has rejected the argument.

This claim is groundless and should be dismissed as without merit.

### IV.  MISCELLANEOUS

All facts not specifically admitted by the Government in this response are denied.

Furthermore, all arguments made by the Government in this response are made in the alternative and should be considered separately and severally.

Also, should this Court determine that Williams has made any pro se arguments not addressed in this response, the Government would request the opportunity to further respond to those arguments.

Finally, Williams has not pleaded facts or presented sufficient evidence or argument demonstrating he is entitled to an evidentiary hearing, and his claims for relief should be denied without an evidentiary hearing. *See, Blacklidge v. Allison*, 431 U.S. 63, 73-74 (1977); *Tejada v. Dugger*, 941 U.S. 1551, 1559 (11th Cir. 1991); *United States v. Laetividal-Gonzalez*, 939 F. 2d 1455, 1465 (11th Cir. 1991).

### V.  CONCLUSION

For the above reasons, Defendant/Movant Timothy Williams has failed to demonstrate that he is entitled to any relief from this Court, and his § 2255 motion should be denied without an evidentiary hearing.

Respectfully submitted this 5th day of September, 2008.

        LEURA G. CANARY
        UNITED STATES ATTORNEY


        /s/ Susan R. Redmond
        SUSAN R. REDMOND
        Assistant United States Attorney
        131 Clayton Street
        Montgomery, Alabama 36104
        (334) 223-7280
        (334) 223-7138 fax
        susan.redmond@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

|  |  |  |
|---|---|---|
| **TIMOTHY WILLIAMS** | ) ) ) ) |  |
| vs. | ) ) ) | CASE NO. 2:07cv742-MEF-SRW (CR-05-216-F) |
|  | ) ) |  |
| **UNITED STATES OF AMERICA** | ) |  |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I certify that I placed a copy of same in the United States Mail, postage pre-paid and properly addressed to Movant/ Defendant Timothy Williams, #11778-002, FCI-Oakdale, P.O. Box 5000 Vernon-01, Oakdale, LA 71463-5000.

    Respectfully submitted,

    LEURA G. CANARY
    UNITED STATES ATTORNEY

    /s/ Susan R. Redmond
    SUSAN R. REDMOND
    Assistant United States Attorney
    131 Clayton Street
    Montgomery, Alabama 36104
    (334) 223-7280
    (334) 223-7138 fax

**FILED**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SEP - 8 2005

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR. NO. 2:05CR216-F |
| v. | ) | [21 USC 841(a)(1); |
| | ) | 18 USC 924(c)(1)(A); |
| TIMOTHY WILLIAMS | ) | 18 USC 922(g)(1)] |
| | ) | |
| | ) | **INDICTMENT** |

The Grand Jury charges:

## COUNT 1

On or about June 13, 2005, in Montgomery, Alabama, in the Middle District of Alabama,

**TIMOTHY WILLIAMS,**

defendant herein, did knowingly and intentionally possess with intent to distribute marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 2

On or about June 13, 2005, in Montgomery, Alabama in the Middle District of Alabama,

**TIMOTHY WILLIAMS,**

defendant herein, did knowingly use and carry, during and in relation to, and did knowingly possess in furtherance of a drug trafficking crime as set forth in Count 1 above, which allegation the Grand Jury realleges and incorporates by references herein, for which the defendant may be prosecuted in a Court of the United States, a firearm, namely a Ruger, Model P89, 9mm pistol, serial # 311-98162; a Rossi, .38 caliber revolver, serial # W216081; a Strum Ruger, .223 caliber rifle, serial # 195-57105 and a Norinco, Model SKS, serial #01125 or 1701125. All in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 3

On or about June 13, 2005, in Montgomery, Alabama in the Middle District of Alabama,

TIMOTHY WILLIAMS,

defendant herein, having been previously convicted in a court, of a crime punishable by imprisonment for a term in excess of one year, to-wit: Theft of Property, First Degree in the Circuit Court of Montgomery County (CC 98-282), did knowingly and willfully possess a firearm, in and affecting commerce, that is a Ruger, Model P89, 9mm pistol, serial # 311-98162; a Rossi, .38 caliber revolver, serial # W216081; a Strum Ruger, .223 caliber rifle, serial # 195-57105 and a Norinco, Model SKS, serial #01125 or 1701125, and ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATION

A. Count 3 of this indictment is hereby repeated and incorporated herein by reference.

B. Upon conviction for the violation of Title 18, United States Code, Section 922(g)(1), as alleged in Count 3 of this indictment, the defendant,

TIMOTHY WILLIAMS,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of this offense, including but not limited to the following:

> a Ruger, Model P89, 9mm pistol, serial # 311-98162; a Rossi, .38 caliber revolver, serial # W216081; a Strum Ruger, .223 caliber rifle, serial # 195-57105 and a Norinco, Model SKS, serial #01125 or 1701125, and ammunition.

C. Upon conviction for the violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 924(c)(1)(A), as alleged in Counts 1 and 2 of this

indictment, the defendant,

## TIMOTHY WILLIAMS,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of this offense, including but not limited to the following:

> a Ruger, Model P89, 9mm pistol, serial # 311-98162; a Rossi, .38 caliber revolver, serial # W216081; a Strum Ruger, .223 caliber rifle, serial # 195-57105 and a Norinco, Model SKS, serial #01125 or 1701125, and ammunition.

D.  If any of the property described in this forfeiture allegation, as a result of any act an omission of the defendant:

   (1)   cannot be located upon the exercise of due diligence;

   (2)   has been transferred, sold to, or deposited with a third person;

   (3)   has been placed beyond the jurisdiction of the court;

   (4)   has been substantially diminished in value; or,

   (5)   has been commingled with other property which cannot be divided without

difficulty; the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an Order of this Court forfeiting any other property of said defendant up to the value of the property described in paragraphs B and C above, all in violation of Title 18, United States Code, Sections 922 and 924(d).

A TRUE BILL:

_____
Foreperson

_____
LEURA GARRETT CANARY
UNITED STATES ATTORNEY

_____
John T. Harmon
Assistant United States Attorney

_____
Susan R. Redmond
Assistant United States Attorney