IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TIMOTHY WILLIAMS,                    )
                                     )
            Petitioner,              )
                                     )
v                                    )        Civil Action No. 2:07cv742-MEF
                                     )                   (WO)
UNITED STATES OF AMERICA,            )
                                     )
            Respondent.              )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the court on a motion by federal inmate Timothy Williams

("Williams") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## I.   INTRODUCTION

In September 2005, a federal grand jury indicted Williams for possession with intent

to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (Count 1), possession of a

firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)

(Count 2), and possession of a firearm by a convicted felon in violation of 18 U.S.C.

§ 922(g)(1).  Williams appeared before the undersigned magistrate judge on May 31, 2006,

and pled guilty to the Counts 1 and 2.

As consideration for the guilty plea and pursuant to a written plea agreement, the

government dismissed Count 3 of the indictment and agreed to recommend that Williams

receive (1) a three-level reduction in his offense level for accepting responsibility and timely

notifying authorities of his intention to plead guilty, *see* U.S.S.G. § 3E1.1(a) and (b); (2) a three-level downward departure for completing his obligations under a cooperation agreement with the government, *see* 18 U.S.C. § 3553(e) and U.S.S.G. § 5K.1.1; and (3) a sentence at the low end of the applicable guideline range. *See Plea Agreement* (Doc. No. 8, Gov. Exh. B) at 3-4.  The plea agreement also contained a waiver provision whereby Williams relinquished his rights to appeal his conviction and sentence and to collaterally attack his sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct. *Id*. at 8-9.

Sentencing was held on August 18, 2006.  The district court sentenced Williams to 8 months in prison for Count 1 and to a consecutive term of 60 months for Count 2. Judgment was entered on August 23, 2006.  Williams did not appeal.

On August 10, 2007 (Doc. No. 1), Williams, acting *pro se*, filed this § 2255 motion in which he asserted the following claims:

1.    His counsel was ineffective for (a) failing to argue that the district court lacked territorial and subject matter jurisdiction to try him for violations of federal law and (b) failing to challenge the constitutional validity of Titles 18 and 21 of the United States Code.

2.    His counsel was ineffective for failing to file an appeal despite being instructed to do so.

The government answered, arguing that Williams had procedurally defaulted any claim not related to his claims of ineffective assistance of counsel, and that his claims of ineffective assistance of counsel lacked merit.  (Doc. No. 8.)  Williams filed a response to

the government's answer (Doc. No. 11) and sought to amend his § 2255 motion to add claims that (1) his lawyer during his change of plea hearing rendered ineffective assistance of counsel by assisting in establishing the factual basis for his guilty plea instead of demanding that the government do so and (2) his counsel was ineffective for allowing him to plead guilty to a violation of 18 U.S.C. § 924(c)(1) when he did not actively employ a firearm in the commission of his drug trafficking offense (Doc. No. 10).  The government filed a supplemental answer in which it argued that the claims raised in Williams's amended motion were time-barred because they were first presented after expiration of 28 U.S.C. § 2255's one-year limitation period and that, in any event, the new claims were meritless. (Doc. No. 15.)  Williams was allowed an opportunity to respond to the government's supplemental answer and did so.  (Doc. No. 22.)

This court ascertained the need for an evidentiary hearing, with particular concern for Williams's allegations regarding his counsel's failure to file an appeal.  Consequently, the court appointed attorney James McCauley Smith to represent Williams in an evidentiary hearing on his claims.  That hearing was held on August 3, 2009.  Williams's § 2255 motion has now been submitted on the pleadings, the written submissions, and the evidentiary hearing.  For the reasons that follow, this court concludes that his § 2255 motion should be denied.

## II.   DISCUSSION

### A.    *Standard of Review for Claims of Ineffective Assistance of Counsel*

A claim of ineffective assistance of counsel is governed by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984).  *Grossman v. McDonough*, 466 F.3d 1325, 1344 (11th Cir. 2006).   Under *Strickland*'s two-part test, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Darden v. Wainwright*, 477 U.S. 168, 184 (1986) (internal quotation marks omitted); *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable.  *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted).  The court will "avoid second-guessing counsel's performance:  It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance."  *Id*. (internal quotation marks and brackets omitted).  Thus, "[g]iven the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one."  *Id*.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied.  *Strickland*, 466 U.S. at 687.  Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been.  *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

**B.      Ineffective Assistance:  Failure to Challenge Court's Jurisdiction**

Williams contends that his lawyers rendered ineffective assistance of counsel by failing to argue that the district court lacked territorial and subject matter jurisdiction to try him for violations of federal law.[1]  *See § 2255 Motion* (Doc. No. 1) at 5.  In this regard, Williams argues that the district court lacked jurisdiction to try him for federal offenses committed within the State of Alabama because his offenses did not occur on federal property.  This argument is without merit.

Under Article III, Section 2, Clause 1, of the United States Constitution, federal courts have jurisdiction in all cases "arising under" the constitution and laws of the United States. Moreover, pursuant to 18 U.S.C. § 3231, federal district courts have original jurisdiction, "exclusive of the courts of the States, of all offenses against the laws of the United States." *See Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000).  Further, Article I, Section 8 of the Constitution empowers Congress to create, define and punish crimes, irrespective of where they are committed.  *See United States v. Worrall*, 2 U.S. (2 Dall.) 384, 393 (1798) (Chase, J.).  Williams was prosecuted for violations of the criminal laws of the United States. By the terms of the Constitution and the relevant federal statutes, this court had jurisdiction over the offenses for which Williams was convicted.

Because there is no merit to Williams's argument that the district court lacked jurisdiction to try him for his violations of federal law, his counsel could not be ineffective

---

[1]This court recognizes that a true jurisdictional defect cannot be waived and is not subject to procedural default.  *See United States v. Peter*, 310 F.3d 709, 712-15 (11th Cir. 2002).

for failing to present the argument.  Counsel is not ineffective for failing to raise meritless issues.  *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).  Williams is not entitled to any relief based on this claim.

**C.    *Ineffective Assistance:  Failure to Challenge Validity of Titles 18 and 21***

Williams contends that his lawyers were ineffective for failing to challenge the constitutional validity of Titles 18 and 21 of the United States Code.  *See § 2255 Motion* (Doc. No. 1) at 5.  In this regard, Williams argues that Titles 18 and 21 are invalid because they lack enacting clauses.  However, the United States Constitution does not require enacting clauses in federal statutes.  *See Laroche v. United States*, 170 Fed.App. 124, 126 (11th Cir. Mar. 13, 2006) (unpublished); *United States v Ramanauskas*, 2005 WL 189708 at *2 (D. Minn. Jan. 21, 2005).  Thus, there is no merit to Williams's argument concerning the necessity of enacting clauses in Titles 18 and 21, and his lawyers did not render ineffective assistance of counsel by failing to raise this argument.  *Chandler*, 240 F.3d at 917; *Winfield*, 960 F.2d at 974. Williams is not entitled to relief based on this claim.

**D.    *Ineffective Assistance:  Failure to File Appeal***

In his § 2255 motion, Williams contends that attorney Tiffany B. McCord, who represented him at sentencing, rendered him ineffective assistance of counsel by failing to file an appeal on his behalf after he instructed her to do so[2].  *See § 2255 Motion* (Doc. No.

---

[2]Williams was represented earlier in the proceedings and at the change of plea hearing by
(continued...)

1) at 5; *Response to Government's Answer to § 2255 Motion-"Affidavit of Timothy Williams"* (Doc. No. 11-3) at 2.

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court held that *Strickland v. Washington*, 466 U.S. 668 (1984), applies to determine whether counsel was ineffective for failing to file a notice of appeal. *Flores-Ortega*, 528 U.S. at 477. With respect to the first prong of *Strickland* – whether counsel's representation fell below an objective standard of reasonableness – the Supreme Court reaffirmed that "an attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner per se." *Gomez-Diaz v. United States*, 433 F.3d 788, 791-92 (11th Cir. 2005) (citing *Flores-Ortega*, 528 U.S. at 477).

Moreover, even if the client does not directly request an appeal, counsel generally has a duty to consult with him about an appeal. *See Flores-Ortega*, 528 U.S. at 480-81. "[W]here a defendant has not specifically instructed his attorney to file an appeal, [the court] must still determine 'whether counsel in fact consulted with the defendant about an appeal.'" *Thompson v. United States*, 504 F.3d 1203, 1206 (11th Cir. 2007) (quoting *Flores-Ortega*, 528 U.S. at 478). The Supreme Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous

---

[2](...continued)
Jennifer A. Hart and Christine A. Freeman, attorneys with the Office of the Federal Defender for the Middle District of Alabama. McCord, a CJA panel attorney, was appointed to represent Williams at sentencing after prior counsel asked to withdraw due to a conflict of interest.

grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480.  The Supreme Court defined the term "consult" specifically to mean "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id*. at 478.  If an attorney acts contrary to his client's wishes by failing to file a requested appeal, or if the attorney fails to fulfill his duty to attempt to determine his client's wishes, "prejudice is to be presumed, and [a defendant] is entitled to an out-of-time appeal, regardless of whether he can identify any arguably meritorious grounds for appeal[.]"[3]  *Gomez-Diaz*, 433 F.3d at 793.

At the evidentiary hearing on his § 2255 motion, Williams testified that his first and only discussion with McCord about appealing his case took place in November 2006, around three months after he was sentenced and placed in the Oakdale Federal Correctional Facility in Louisiana.  According to Williams, this discussion took place during a telephone call he made to McCord from the Oakdale prison.  Williams testified that when he informed McCord at this time that he wanted to appeal, McCord replied by telling him that he had waived his appeal rights and that there was nothing to appeal in his case.  Williams further testified that at no time prior to his incarceration at Oakdale did McCord ever consult with him about the advantages or disadvantages of taking an appeal or discuss his appeal rights

---

[3]The Eleventh Circuit has interpreted *Flores-Ortega* to mean that prejudice to a defendant is presumed if counsel failed to file a direct appeal as requested, even when the defendant has waived the right to file an appeal in a plea agreement.  *See Gomez-Diaz*, 433 F.3d at 791-94.

with him.

In her testimony at the evidentiary hearing, McCord stated unequivocally that Williams never instructed her at any time to file an appeal and, in fact, never evidenced an interest in appealing.  McCord testified that she met with Williams three or four times prior to sentencing and that, during this time, she advised Williams of his appeal rights.  McCord stated that she told Williams she did not believe there to be grounds for an appeal, but that if he wanted to appeal, he should contact her within ten days after sentencing.  McCord testified that Williams did not inform her that he wanted to appeal; that he never mentioned any grounds upon which he wanted to appeal; that he never suggested that he believed his previous counsel was ineffective; and that he never indicated that he wished to raise claims of prosecutorial misconduct.  McCord stated that because she did not see any appealable issues and Williams never requested or indicated a desire to appeal, she did not file an appeal in his case.

By his own testimony at the evidentiary hearing, Williams acknowledged that he did not ask McCord to file an appeal until some three months after sentencing, long after the time had passed in which McCord could have acted effectively to preserve Williams's appeal rights.  Thus, this court considers the decisive question here to be whether, before or during the period in which McCord could have filed a timely appeal on Williams's behalf,  McCord consulted with Williams about an appeal, advising him of the advantages and disadvantages thereof and making a reasonable effort to discover his wishes in this regard.  *See*

*Flores-Ortega*, 528 U.S. at 478.  To the extent that the testimony of Williams and McCord on this issue cannot be reconciled, the court finds McCord's version of events is the more credible one.  The court therefore credits McCord's testimony on this issue and finds Williams's testimony, where it differs in relevant essentials from McCord's, not to be credible.  McCord was appointed by the court to represent Williams.  Consequently, she had no direct pecuniary interest in the outcome of the case.  Nor, the court finds, does McCord have any other evident interest in the outcome of this case that undercuts her credibility.  Williams, on the other hand, obviously has a strong interest in the outcome of this case.  His obvious interest in a favorable outcome in this proceeding militates against his credibility.[4]

Accordingly, the court finds that (1) prior to sentencing, McCord consulted with Williams about an appeal and advised him of his appeal rights; (2) McCord made a reasonable effort to discover Williams's wishes regarding an appeal; (3) at no point during the period in which a timely appeal could have been filed did Williams indicate to McCord an actual interest in appealing; and (4) at no time did Williams instruct McCord to file an appeal on his behalf.  Consequently, the court concludes that Williams has not demonstrated that McCord rendered ineffective assistance of counsel either by failing to file a requested

---

[4]In making its credibility determination, the court recognizes that it is improper to determine credibility based solely on the "status" of a witness.  *See United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002).  Thus, neither Williams's status as a convicted felon nor McCord's status as a lawyer is determinative.  Rather, the court has weighed the testimony of the witnesses in light of all the facts, taking into account their interests in the outcome of the proceedings, the consistencies or inconsistencies in their testimony, and their demeanor on the stand.  *Ramirez-Chilel*, 289 F.3d at 749.

appeal or failing to fulfill her duty to consult with her client about an appeal and determining his wishes.  *See Flores-Ortega*, 528 U.S. at 478.  Williams is therefore not entitled to any relief based on this claim.

**E.**     ***Additional Claims of Ineffective Assistance of Counsel***

As indicated above, Williams amended his § 2255 motion to add claims that (1) his lawyer during his change of plea hearing rendered ineffective assistance of counsel by establishing the factual basis for his guilty plea instead of demanding that the government do so and (2) his counsel was ineffective for allowing him to plead guilty to a violation of 18 U.S.C. § 924(c)(1) when he did not actively employ a firearm in the commission of his drug trafficking offense.  *See Motion to Amend § 2255 Motion* (Doc. No. 10) at 3 and 5-7.

First, this court agrees with the government's contention that Williams's newly asserted claims fail to relate back sufficiently to the claims in his original § 2255 motion and are, as a consequence, untimely under the one-year period of limitation provided for by 28 U.S.C. § 2255.  Fed.R.Civ.P. 15(c) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  *See* Fed.R.Civ.P. 15(c)(2).  "'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed."  *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000).  Williams's conviction became final on September 4, 2006, the first business day

11

following September 2, 2006.[5]  Accordingly, Williams had until September 4, 2007, to file a § 2255 motion that was timely under § 2255's one-year period of limitation.  He filed his original § 2255 motion on August 10, 2007.  Therefore, the claims in his original § 2255 motion were timely raised.  However, he filed his amended motion, containing his new claims, on October 10, 2007 – after § 2255's one-year deadline.[6]  Thus, his new claims in that amendment are untimely under the one-year limitation period and are barred unless they "relate back" under Fed.R.Civ.P. 15(c).

New claims asserted in an amended motion do not relate back to timely asserted claims where they arise from conduct and occurrences separate from the conduct and occurrences forming the basis of the timely asserted claims.  *See Davenport*, 217 F.3d at 1346.  Williams's new claims in his October 10, 2007, amendment arise from conduct and occurrences separate from the conduct and occurrences forming the basis of the claims contained in his original § 2255 motion and bear no legal or factual relationship to those earlier claims.  "Congress did not intend Rule 15(c) to be so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts."  *Pruitt v. United*

---

[5]*See* Fed.R.App.P. 4(b)(1) (defendant's notice of appeal in a criminal case must be filed in the district court within 10 days after entry of the district court's judgment); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for defendant who does not file a direct appeal, the conviction becomes final ten days after the district court's judgment is entered); *see also Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005).

[6]Although Williams's amended motion was date-stamped "received" in this court on October 16, 2007, the motion was signed by Williams on October 10, 2007.  Under the "mailbox rule," a *pro se* inmate's pleading is deemed filed the date it is delivered to prison officials for mailing, presumptively the date is was signed by the inmate.  *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

*States*, 274 F.3d 1315, 1317 (11th Cir. 2001).  Thus, Williams's new claims do not "relate back" under Rule 15(c) and are barred because they are untimely under § 2255's one-year limitation period.  *See Farris v. United States*, 333 F.3d 1211, 1215-16 (11th Cir. 2003); *Pruitt*, 274 F.3d at 1319.

In addition to being time-barred, Williams's new claims lack merit.  Christine A. Freeman, Williams's lawyer at the change of plea hearing, testified at the evidentiary hearing that when laying a factual basis for a client's guilty plea, particularly when questions are being asked of her client, she prefers to ask those questions herself, in order to make certain that such questions are limited to the specifically relevant requirements for a factual basis, so that there is no attempt by others, either inadvertently or directly, to get her client to stray into matters that are not relevant and that may have a negative impact at the time of sentencing.  Williams fails to show that Freeman acted in a professionally unreasonable manner by questioning him herself in order to establish the factual basis for his guilty plea rather than demanding that the government do so. Moreover, Williams establishes absolutely no prejudice in this regard.  Therefore, he is not entitled to any relief based on this claim of ineffective assistance of counsel.  *See Strickland*, 466 U.S. at 687-89.

The court now turns to Williams's claim that his counsel was ineffective for allowing him to plead guilty to a violation of 18 U.S.C. § 924(c)(1) when he did not actively employ a firearm in the commission of his drug trafficking offense, which Williams says is a requirement for conviction under the statute.  There are two different ways to violate

13

§ 924(c)(1):  the statute makes it an offense **either** to (1) use or carry a firearm during and in relation to a crime of violence or drug trafficking crime **or** (2) possess a firearm in furtherance of such crime.[7]  *See, e.g., United States v. Timmons*, 283 F.3d 1246, 1250-53 (11th Cir. 2002); *United States v. Daniel*, 173 Fed.Appx. 766, 770 (11th Cir. Mar. 23, 2006) ("Thus, there are two separate ways to violate the statute: to use or carry a firearm during and in relation to a drug trafficking crime or to possess a firearm in furtherance of a drug trafficking crime.").  Count 2 of the indictment in this case charged, in pertinent part, that Williams "did knowingly use and carry, during and in relation to, and *did knowingly possess in furtherance of a drug trafficking crime*, ... a firearm, namely [four firearms listed by serial numbers].  All in violation of Title 18, United States Code, Section 924(c)(1)(A)."  *See Indictment* (Doc No. 8, Gov. Exh. A) at 1 (emphasis added).  Accordingly, the government was required to prove *either* that Williams used or carried a firearm during and in relation to his drug trafficking crime *or* that Williams possessed a firearm in furtherance of his drug trafficking crime.  *Timmons*, 283 F.3d at 1250-53. In his amended § 2255 motion, Williams addresses his argument solely to whether the facts showed that he *used or carried* a firearm

_____

[7]18 U.S.C. § 924(c)(1) provides, in pertinent part:

(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime – (i) be sentenced to a term of imprisonment of not less than 5 years[.]

14

*during and in relation* to his drug trafficking crime.  However, Williams fails to address the question of whether the facts showed that he *possessed* a firearm *in furtherance of* his drug trafficking crime; this is the prong of § 924(c)(1) under which he entered his guilty plea and for which he was convicted.

The elements of Williams's § 924(c)(1) offense, as stated in the written plea agreement, were that he possessed a firearm in furtherance of his drug trafficking crime.  *See Plea Agreement* (Doc. No. 8, Gov. Exh. B) at 2.  This was also the factual basis for his offense as stated in the written plea agreement.  *Id.* at 7.  At the change of plea hearing, Williams acknowledged in open court that he possessed four firearms in furtherance of his drug trafficking crime.  *See Change of Plea Hearing* (Doc. No. 8, Gov. Exh. C) at 13. Finally, the presentence investigation report prepared in Williams's case reflects that, during his presentence interview, Williams acknowledged that the firearms discovered in his house at the time of his arrest were for protection of himself and his drug trade.[8]  *See Presentence Investigation Report* at 5, ¶ 13.  Thus, Williams's argument in his amended § 2255 motion

---

[8]To establish that a firearm was possessed "in furtherance" of a drug trafficking crime, the government must show "'some nexus between the firearm and the drug selling operation.'"  *United States v. Timmons*, 283 F.3d 1246, 1253 (11th Cir.2002) (quoting *United States v. Finley*, 245 F.3d 199, 203 (2nd Cir. 2001)).  "The nexus between the gun and the drug operation can be established by '... accessibility of the firearm, ... proximity to the drugs or drug profits, and the time and circumstances under which the gun is found.'"  *Id.* (quoting *United States v. Ceballos-Torres*, 218 F.3d 409, 414-15 (5th Cir. 2000)).  The presentence investigation report reflects that Williams was arrested in his residence following a controlled delivery of a package containing approximately 30 pounds of marijuana.  An additional seven pounds of marijuana were also recovered during a search of Williams's residence.  Also recovered were four firearms, three of which were loaded, and over $30,000 in U.S. currency.  *See Presentence Investigation Report* at 4, ¶¶ 8-9.  As noted above, Williams acknowledged during his presentence interview that the firearms discovered in his house were for protection of himself and his drug trade.  *Id.* at 5, ¶ 13.

– addressed as it is to the "use or carry" prong of § 924(c)(1) – is beside the point.

Williams contends that he did not actively employ a firearm in the commission of his drug trafficking crime and that, therefore, under *Bailey v. United States*, 516 U.S. 137 (1995), his conduct did not establish criminal liability under § 924(c)(1) and he is actually innocent of the offense charged in Count 2.  In *Bailey*, the Supreme Court held that a conviction under the "use" prong of § 924(c)(1) requires the government to demonstrate "active employment" of the firearm, not its mere possession, during and in relation to the predicate crime.[9]  516 U.S. at 143-44.  However, as noted above, any argument by Williams addressed to the "use or carry" prong of § 924(c)(1) is beside the point because Williams pled guilty and was convicted under the "possession in furtherance of" prong of the statute.

Thus, there is no merit to Williams's claim that his criminal liability was not established under § 924(c)(1) or that he was actually innocent of the charged offense.[10]  Consequently, his counsel did not render ineffective assistance by failing to raise this issue. *Chandler*, 240 F.3d at 917; *Winfield*, 960 F.2d at 974.  Williams is not entitled to any relief based on this claim.

_____

[9]The pre-1998 version of § 924(c)(1) made it an offense only to *use or carry* a firearm *during and in relation to* the predicate crime.  The *Bailey* decision's narrow interpretation of "use" under § 924(c)(1) prompted Congress to amend the statute in 1998 to add language directed to *possessing* a firearm "in furtherance of" the predicate crime.  *See United States v. Timmons*, 283 F.3d 1246, 1252 (11th Cir. 2002).  Williams's offense and indictment occurred well after the 1998 revision of the statute.

[10]This court recognizes that if Williams were able to establish his actual innocence of the offense charged in Count 2 of the indictment, his claim would not be subject to the time bar in 28 U.S.C. § 2255.  However, the court finds that his actual innocence claim is without merit.

16

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Williams be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before September 1, 2009.**   A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 18th day of September, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE